IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN CUNNINGHAM, JOSEPH SOBCZAK, ZACHARY MILBOURN, JANEL LARSON, MARIA QAZI, MARY DICICCO (GEHRIG), ARICA ROSA, CARRIE R. WEAVER, THOMAS IGNOFFO, JULIANA FUHRMANN, RUBA AL AYED, SEVCAN COSTNER, SHARITA JACKSON (POWERS), MELINDA KEARNEY, NIHRIEN PRGAM, PATRICK JAMES ELLIS JR, HOPE R. FRY, URUJA RAZZAK, SERGIO MEDINA, ALEJANDRO DIAZ, EDDIE CHAPARRO, JONATHAN BATTISTELLI, DOLORES GARCIA, <br><br>Plaintiffs, <br><br>v. <br><br>ROUNDY'S ILLINOIS, LLC D/B/A MARIANO'S <br><br>Defendant. | No. 1:21-cv- <br><br>Hon. <br>District Court Judge <br><br>Hon. <br>Magistrate Judge <br><br>*JURY DEMAND* |

## COMPLAINT

NOW COMES PLAINTIFFS, KEVIN CUNNINGHAM, JOSEPH SOBACZAK, ZACHARY MILBOURN, JANEL LARSON, MARIA QAZI, MARY DICICCO (GEHRIG), ARICA ROSA, CARRIE R. WEAVER, THOMAS IGNOFFO, JULIANA FUHRMANN, RUBA AL AYED, SEVCAN COSTNER, SHARITA JACKSON (POWERS), MELINDA KEARNEY, NIHRIEN PRGAM, PATRICK JAMES ELLIS JR, HOPE R. FRY, URUJA RAZZAK, SERGIO MEDINA, ALEJANDRO DIAZ, EDDIE CHAPARRO, JONATHAN BATTISTELLI, DOLORES GARCIA, by and through their attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON OF BILLHORN LAW FIRM, and for their Complaint against Defendant, ROUNDY'S ILLINOIS, LLC D/B/A MARIANO'S, state as follows:

1

**I.  NATURE OF ACTION**

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago.

**II.  JURISDICTION AND VENUE**

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois statutory claim and Chicago municipal claim, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationships, Plaintiffs performed work in this district and are residents of this district and Defendant is engaged in business in this district.

**III.  THE PARTIES AND RELEVANT FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

3. Defendant, **ROUNDY'S ILLINOIS, LLC D/B/A MARIANO'S** (herein referred to as "Defendant"), operates a chain of grocery stores within Illinois and throughout the greater Chicagoland area, that sells food, prepared food, beverages, including alcoholic beverages and other consumer products to the general public. Defendant is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii). During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4. All named Plaintiffs worked at one or more of Defendant's Chicagoland grocery store locations in a position styled by Defendant as "Personal Services Manager", or "PSM", as follows:

a) Plaintiff, **Kevin Cunningham**, worked for Defendant as a PSM from approximately August, 2015 to August 2019, at the following location(s): Frankfort and Orland Park.

b) Plaintiff, **Joseph Sobczak**, worked for Defendant as a PSM from approximately August 2016 to December 2018, at the following location(s): Western Springs and Palatine.

c) Plaintiff, **Zachary Milbourn**, worked for Defendant as a PSM from approximately February 2017 to August 2018, at the following location(s): Ukrainian Village (Chicago) and Bannockburn.

d) Plaintiff, **Janel Larson**, worked for Defendant as a PSM from approximately January 2017 to September 2017, at the following location(s): Aurora.

e) Plaintiff, **Maria Qazi**, worked for Defendant as a PSM from approximately November 2016 to August 2017, at the following location(s): Elmhurst.

f) Plaintiff, **Mary DiCicco (Gehrig)**, worked for Defendant as a PSM from approximately October 2017 to May 2019, at the following location(s): Gurnee, Lake Zurich, and Crystal Lake.

g) Plaintiff, **Arica Rosa**, worked for Defendant as a PSM from approximately November 2017 to January 2019, at the following location(s): Western Springs, Westchester, and Wheaton.

h) Plaintiff, **Carrie R. Weaver**, worked for Defendant as a PSM from approximately May 2015 to current day, at the following location(s): Evergreen and Bridgeport.

i) Plaintiff, **Thomas Ignoffo**, worked for Defendant as a PSM from approximately September 2015 to March 2018, at the following location(s): Lake Zurich.

j) Plaintiff, **Juliana Fuhrmann**, worked for Defendant as a PSM from approximately October 2017 to April 2018, at the following location(s): Wheaton.

k) Plaintiff, **Ruba Al Ayed**, worked for Defendant as a PSM from approximately May 2016 to current day, at the following location(s): Edgewater (Chicago), Bannockburn, and Northbrook.

l) Plaintiff, **Sevcan Costner**, worked for Defendant as a PSM from approximately January 2016 to June 2017, at the following location(s): Glenview West.

m) Plaintiff, **Sharita Jackson (Powers)**, worked for Defendant as a PSM from approximately May 2016 to October 2018, at the following location(s): Bronzeville (Chicago).

n) Plaintiff, **Melinda Kearney**, worked for Defendant as a PSM from approximately July 2017 to December 2019, at the following location(s): Northbrook and Hardwood Heights.

o) Plaintiff, **Nihrien Prgam**, worked for Defendant as a PSM from approximately October 2018 to January 2019, at the following location(s): Buffalo Grove.

p) Plaintiff, **Patrick James Ellis Jr**, worked for Defendant as a PSM from approximately May 2017 to November 2017, at the following location(s): Orland Park.

q) Plaintiff, **Hope R. Fry**, worked for Defendant as a PSM from approximately July 2019 to December 2019, at the following location(s): Northbrook.

r)  Plaintiff, **Uruja Razzak**, worked for Defendant as a PSM from approximately September 2015 to September 2018, at the following location(s): Elmhurst, New City, Lakeview East (Chicago) and Vernon Hills.

s)  Plaintiff, **Sergio Medina**, worked for Defendant as a PSM from approximately May 2018 to July 2018, at the following location(s): Hardwood Heights.

t)  Plaintiff, **Alejandro Diaz**, worked for Defendant as a PSM from approximately December 2016 to August 2017, at the following locations(s): Ukrainian Village (Chicago), Westchester, and Park Ridge.

u)  Plaintiff, **Eddie Chaparro**, worked for Defendant as a PSM from approximately September 2018 to July 2019, at the following location(s): Vernon Hills.

v)  Plaintiff, **Jonathan Battistelli**, worked for Defendant as a PSM from approximately October 2016 to October 2018, at the following location(s): Ravenswood (Chicago).

w)  Plaintiff, **Dolores Garcia**, worked for Defendant as a PSM from approximately September 2014 to current day, at the following location(s): DesPlaines.

5.  Throughout all times pertinent to Plaintiffs' claims herein, Defendant applied a common policy to each Plaintiff herein, at each location identified above, in that Defendant classified all PSMs as "salary exempt" and has asserted and defended that classification, in other litigation in this district, on the premise of the "administrative exemption" found at 29 U.S.C. §§ 207 (a)(1), 213. See also C.F.R. § 541.200(a).

6.  Additionally, throughout all times pertinent to Plaintiffs' claims herein, at all locations identified above, Defendant applied a common policy, developed by Defendant's corporate management and based upon Defendant's long history of operating successful and

5

profitable grocery stores, that was embedded in its management policies and procedures relative to PSMs. This common policy promoted, encouraged, and resulted in PSMs, including the Plaintiffs herein, to participate and engage in substantially similar and comparable, essential job duties and tasks on a daily or weekly basis that:

    a) were not primarily office or non-manual;

    b) were not directly related to its management or general business operations;

    c) did not include the primary duty of discretion and independent judgment on matters of significance, and;

    d) required Plaintiffs to work in excess of 40 hours per week without receiving time and one-half compensation for those hours in excess of 40 in a workweek.

7. Additionally, all Plaintiffs' claims herein arise out of the same transaction or series of transactions in that regardless of which store location any Plaintiff herein worked, or under what Store Manager any Plaintiff herein worked, Defendant hired, recruited, enrolled and offered employment as a PSM to all Plaintiffs premised on an a single, identical job description, including identical job duties, job objectives, job responsibilities, job qualifications (including experience and education), language skills, manual labor capabilities and general working conditions. The PSM job description, which was used and implemented at all of Defendant's stores within the Northern District of Illinois, was drafted, approved and disseminated by Defendant's corporate offices in line with Defendant's corporate directives and policies that were common to all of Defendant's Chicagoland stores. See, e.g., "Roundy's Supermarkets, Inc. Position Description" for People Services Manager, for Plaintiff Kevin Cunningham, attached as **Exhibit A.**

6

8. Common questions of law exist among all Plaintiffs' claims herein in that each Plaintiffs' claims rest upon a challenge of Defendant's claimed administrative exemption.

9. The Plaintiffs were each an opt-in Plaintiff to the *Haugen v. Roundy's Illinois, LLC d/b/a Marino's* (No. 18 CV 7297) matter. Pursuant to Hon. Elaine E. Bucklo's December 13, 2019, Order, the Plaintiffs in this matter filed opt-in consent forms to join the claims asserted by the named Plaintiffs in the *Haugen* matter (Dkt. 50). On August 5, 2021, the opt-in class in the *Haugen* matter, which contained Plaintiffs herein, was decertified (Dkt. 124-125). On September 13, 2021, Hon. Elaine E. Bucklo formally dismissed the claims of *Haugen* opt-in Plaintiffs, without prejudice with leave to refile (Dkt. 131). The *Haugen* matter remains pending as to the two named Plaintiffs in that case.

10. To the extent joinder of any Plaintiff's claim is found not to arise out of the same transaction or series of transactions or is found not to involve common questions of law, this Court may issue orders pursuant to the Federal Rules of Civil Procedure, including an order for separate trials, to protect a party against embarrassment, delay, expense, or other prejudice.

11. As a result of the common policies described above, all Plaintiffs herein were improperly classified as salary exempt and denied overtime for work in excess of 40 hours in a work week.

## IV. STATUTORY VIOLATIONS

**The Fair Labor Standards Act**

12. In Count I, Plaintiffs bring their individual claims under the provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a

willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

### The Illinois Minimum Wage Law

13.     In Count IV, Plaintiffs bring their individual claims under the provisions of the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*.

### The Chicago Minimum Wage Ordinance

14.     In Count V, Plaintiffs who worked for Defendant at locations within the City of Chicago (see paragraph 4 (a) – (x) above) bring their individual claims under the provisions of the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago.

## V.     ADDITIONAL FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

15.     Each Plaintiff herein asserts his/her individual claim in each of the Counts I through V herein.

16.     All applicable statute of limitations under the statutes described above are tolled, subject to each Plaintiffs' participation in the case of *Haugen v. Roundy's Illinois, LLC d/b/a Marino's*, No. 18 CV 7297 and the ruling entered by the Honorable Elaine E. Bucklo on September 13, 2021 (Dkt. 131).

17.     Plaintiffs, at all times pertinent to the cause of action, were employed by Defendant, said employment being integral and indispensable to Defendant's business.

18.     During Plaintiffs' employment, Defendant applied the common policy of paying all PSMs, including all Plaintiffs herein, on an exempt salary compensation plan, all as alleged above and throughout.

19. As identified in paragraph 4 (a) – (x) above, some Plaintiffs worked and work at Defendant's grocery store locations physically located within the City of Chicago. On a regular basis, these Plaintiffs worked at least two hours while physically present in the City of Chicago during two-week periods and were at all times "Covered Employees" as defined by the CMWO.

20. Defendant maintained numerous grocery stores that were and are physically located within the City of Chicago. Through these locations, Defendant employed and employs "Covered Employees" as set forth above, and as such was and is an "Employer" as defined by the CMWO. Additionally, because Defendant was operating and engaging in retail sales within the City of Chicago, Defendant was and is subject to the license requirements set forth by the Municipal Code of Chicago. Upon information and belief, Defendant possessed proper license(s) to operate retail stores, sell perishable food products and alcoholic beverages and otherwise conduct business within the City of Chicago.

21. Upon information and belief, Defendant was subject to City of Chicago licensing requirements and thus possessed the required and proper license(s) to operate retail stores, sell perishable food products and alcoholic beverages and otherwise conduct business within the City of Chicago. As such, Plaintiffs who worked in the City of Chicago at Defendant's grocery stores duly located within the City of Chicago were covered employees working for a covered employer under the CMWO and subject to the CMWO's overtime requirements.

22. All Plaintiffs were employed as PSMs as outlined and under the terms of Roundy's Supermarkets, Inc. Position Description (referred to herein as the "Position Description"), as contained in **Exhibit A**.

9

23. The Position Description was and is a product of Defendant's myriad of common policies and uniform procedures developed and implemented by Defendant's corporate offices. All Plaintiffs were employed under the terms of the Position Description and at the start of their employment, were each provided identical copies of said Position Description.

24. The common Position Description and terms of employment for PSMs, including salary compensation for all hours worked, were intentionally and purposefully made identical by Defendant in each store location within the Northern District so that Defendant could establish uniformity and common practice among its various grocery stores.

25. The uniform and common practices and policies implemented by Defendant, including the job duties and compensation structure applied to all PSMs, were vital for Defendant to successfully replicate its consistent and proven model for profitable grocery stores.

26. Due to the uniform store model and related common policies and practices implemented by Defendant's corporate offices, most, if not all, of the PSM job duties as described in the Position Description were pre-determined by Defendant's corporate policies, directives, forms, etc.

27. Defendant, through its corporate office, executive employees and other upper management employees, exercised extensive control over the PSM job duties and day-to-day assignments, duties and tasks undertaken by all Plaintiffs.

28. Plaintiffs' job duties and tasks were highly regulated and controlled, sometimes on a step-by-step and incremental level, by Defendant's common corporate policies, structures, manuals and forms (i.e., orientation packets/training materials, certification programs, intake/interview documents, scripts, flow charts, questionnaires,

etc.) such that Plaintiffs were prohibited from exercising discretion and independent judgment as to matters of significance within Defendant's store operations.

29. As PSMs, Plaintiffs were directed by Defendant (including its store managers, corporate executives, directors, etc.) to strictly adhere to Defendant's corporate policies and manuals, template forms, scripts, letters and documents, computer programs, and related items that were implemented at all grocery stores in the Northern District of Illinois. Because Plaintiffs were required to adhere to Defendant's uniform policies and guidelines, they were unable to exercise discretion and independent judgment as to the PSM duties outlined in the Position Description.

30. Defendant directly controlled most, if not all, aspects of the day-to-day PSM duties of Plaintiffs, through both common and uniform corporate policies and other verbal or written instructions by Defendant's management employees based on said policies. This level of control exerted by Defendant afforded no opportunity for Plaintiffs to exercise the degree of discretion and independent judgment necessary to satisfy the administrative exemption.

31. Additionally, Defendants provided step-by-step instructions to Plaintiffs regarding certain metrics used to track staffing levels, applicant volume, hiring, etc., which were of importance to Defendant in maintaining its uniform, profitable business model and which resulted in Plaintiff PSMs exercising no discretion as to what metrics to track or the strategies used to track them.

32. Most tasks performed by Plaintiffs required the review and approval of Defendant's store managers or other management-level employees, who would review Plaintiffs' work, suggestions or recommendations in conjunction with Defendant's uniform corporate procedures and guidelines, such that Plaintiffs were not permitted to

independently make decisions regarding the majority of the aspects of their day-to-day job duties.

33. All Plaintiffs were evaluated by Defendant's management employees on a regular basis. All Plaintiffs were evaluated using identical, universal and common job performance evaluation reports developed by Defendant's corporate office that were used by all grocery stores in the Northern District of Illinois. Plaintiffs were evaluated based on how well they satisfied certain metrics and policies implemented by Defendant and whether they followed Defendant's instructions on how to track or achieve these metrics and standards.

34. Over the course of their employments, Plaintiffs were reprimanded by Defendant's upper management employees, including during regular employment evaluations, for failure to adhere to the strict corporate guidelines, protocols, standards, policies and practices that determined most, if not all, aspects of Plaintiffs' job duties and how said duties were to be performed.

35. As a result of Defendant's overbearing, extensive and minute involvement and control over the day-to-day duties of Plaintiffs, Plaintiffs did not qualify for the administrative exemption and should have been paid by the hour, including overtime premiums for hours worked in excess of 40 in individual work weeks.

36. As stated in the Position Description, all Plaintiffs were required to, and did, work a minimum schedule of fifty (50) hours per week. Typically, this took the form of five (5), ten (10) hour shifts across five (5) workdays. At times, all Plaintiffs worked in excess of their minimum schedules because Defendant's store managers required Plaintiffs to arrive early or stay late before or after scheduled shifts, because Defendant's business demands required it, or for other reasons required by Defendant.

37. All Plaintiffs worked or work in excess of forty (40) hours in a workweek without pay for hours worked over forty (40) at a rate of time and one-half their regular hourly rate of pay, pursuant to the requirements of the federal and state statutes herein relied upon.

38. Defendant has, both in the past and presently, willfully employed all Plaintiffs without pay at a rate of one and one-half times their rates of pay for hours worked in excess of 40 in a workweek.

39. The total number of hours worked by all Plaintiffs and members of the Plaintiff Class, and therefore the total number of overtime hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendant, in that Defendant recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516. To the extent Defendant lacks the records required by 29 CFR Part 516, Plaintiffs will be capable of providing reasonable estimates of that time, as permitted by law.

40. The non-compliant practices as alleged herein are common to all Plaintiffs named herein.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-40. Paragraphs 1 through 40 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 40 of this Count I.

41. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, Plaintiffs, are entitled to compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours, in any week during each Plaintiffs' applicable statute of limitations as described in paragraph No. 15 above.

WHEREFORE, Plaintiffs respectfully requests this Court to enter an order awarding Plaintiffs:

(a) back pay equal to the amount of all unpaid overtime compensation according to each Plaintiffs' applicable statute of limitations;

(b) Plaintiffs' reasonable attorneys' fees and costs incurred as a result of Defendant's violations of the Fair Labor Standards Act; and,

(c) such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-41. Paragraphs 1 through 41 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 41 of Count II.

42. Defendant's common policies as applied and alleged herein were done with Defendant's knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions relating to salary classification under the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

43. Pursuant to the Fair Labor Standards Act, Plaintiffs are entitled to compensation at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of forty (40), for the period of time consistent with the applicable statute of limitations as provided as described in paragraph No. 15 above.

WHEREFORE, Plaintiffs respectfully request this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid compensation according to each Plaintiffs' applicable statute of limitations;

(b) Plaintiffs' reasonable attorneys' fees and Court costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(c) for such additional relief the Court deems appropriate under the circumstances.

## COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-43. Paragraphs 1 through 43 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 43 of Count III.

44. In denying Plaintiffs' compensation as described above, Defendant's acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions relating to salary classification under the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

45. All Plaintiffs are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiffs respectfully requests this Court to enter an order awarding:

(a) liquidated damages equal to the amount of all unpaid compensation;

(b) Plaintiff's reasonable attorney's fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(c) such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-45.    Paragraphs 1 through 45 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 45 of this Count IV.

46.    As described in the foregoing paragraphs, Defendant's compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

47. The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for (a) an additional statutory interest penalty of 2% amount of the amount of such underpayments for each month following the date such underpayments that remain unpaid through February 18, 2019 and (b) treble the amount of the underpayments and a statutory interest penalty in the amount of 5% of the underpayments each month for damages incurred thereafter. Pursuant to the IMWL, Plaintiffs are entitled to compensation at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of forty (40), for the period of time consistent with the applicable statute of limitations as provided as described in paragraph No. 15 above.

48.    Defendant's failure to pay compensation as described above, has been willful and/or in bad faith.

WHEREFORE, Plaintiffs respectfully request this Court to enter an order:

(a)    declaring and decreeing Defendant's compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b)    awarding an amount of damages, to be shown by the evidence, to which Plaintiffs are entitled;

(c)    directing Defendant to pay to Plaintiffs' reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e) for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT V

### SUPPLEMENTAL MUNICIPAL CLAIM
### VIOLATION OF THE CHICAGO MINIMUM WAGE ORDINANCE

1-48. Paragraphs 1 through 48 of Count V are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 48 of this Count V.

49. Plaintiffs were each an "employee" under the CMWO §1-24-10 of the Municipal Code of Chicago and were not exempt from the overtime wage provisions of the CMWO § 1-24-050.

50. Defendant was an "employer" as defined in the CMWO §1-24-10.

51. Under §1-24-040, for all weeks during which Plaintiffs worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

52. Defendant's failure and refusal to pay Plaintiffs' overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the §1-24-040.

53. Pursuant to the CMWO, Plaintiffs are entitled to compensation at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of forty (40), for the period of time consistent with the applicable statute of limitations as provided as described in paragraph No. 15 above.

WHEREFORE, Plaintiffs respectfully request this Court to enter an order awarding:

(a) Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rate of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

  (b) Statutory interest damages in the amount of three times the amount of unpaid overtime;

  (c). Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

  (d) Such other and further relief as this Court deems appropriate and just.

           Respectfully submitted,

           *Electronically Filed 10/08/2021*

           /s/ John W. Billhorn
           _____

           John W. Billhorn
           Attorney for Plaintiffs

           BILLHORN LAW FIRM
           53 West Jackson Blvd., Suite 401
           Chicago, IL 60604
           (312) 853-1450