UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN CUNNINGHAM, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 1:21-cv-05368 |
| v. ) | |
| ) | |
| ROUNDY'S ILLINOIS, LLC, ) | |
| d/b/a MARIANO'S, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION FOR**
**EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD**

Defendant, Roundy's Illinois LLC d/b/a Mariano's ("Mariano's" or the "Company"), by and through its undersigned counsel, and pursuant to FED. R. CIV. P. 6(b), respectfully requests that the Court grant it an extension of time to file its answer or other responsive pleading to the Complaint. In support of this Motion, Mariano's states as follows:

1. On October 8, 2021, twenty-three (23) plaintiffs filed their Complaint against Mariano's. (Dkt. No. 1). Each plaintiff in this lawsuit is a current or former Mariano's employee who alleges that Mariano's misclassified them as an "exempt" worker and, thus, improperly failed to pay overtime wages under the Fair Labor Standards Act ("FLSA") and similar State law and Municipal ordinances.

2. Mariano's agreed to waive service, and executed a formal Waiver of Service. (Dkt. No. 9). The Company's current deadline to answer or otherwise plead to the Complaint is December 7, 2021. (*Id.*). In this case, there exists good cause for the Court to extend Mariano's response deadline.

1

3. First, this action essentially presents twenty-three individual lawsuits (improperly) rolled into one. Mariano's requires additional time to investigate which defenses should be asserted in response to each of the twenty-three plaintiffs' separate claims, including which claims – from which plaintiffs – should be dismissed.

4. Second, Mariano's contends that plaintiffs are improperly joined in this lawsuit, and the Court should resolve the threshold issue of "misjoinder" under Rule 21 – raised by Mariano's pending Motion to Sever (*See,* Dkt. Nos. 11, 12) – before requiring the parties to proceed any further.

5. Each plaintiff was, until recently, an "opt-in" plaintiff in a conditionally-certified FLSA action against Mariano's in this Court, pending before Hon. Elaine E. Bucklo: *Haugen v. Roundy's Illinois, LLC*, 18-CV-7297 (N.D. Ill.). After nearly three years of litigation, Judge Bucklo ruled that plaintiffs' claims in *Haugen* – the very same claims they raise here – were inappropriate to litigate together in the same action because the plaintiffs are not "similarly situated," and individualized questions of law and fact predominate over their respective claims. *Haugen v. Roundy's Illinois, LLC*, 2021 WL 3418848, at *4 (N.D. Ill. Aug. 5, 2021). Accordingly, Judge Bucklo decertified the *Haugen* collective action, dismissed all the opt-in plaintiffs, and instructed them that they could re-file their claims "on an individual basis." (*Id.*; *see also, Haugen*, Dkt. No. 131).

6. Instead of re-filing their claims individually, plaintiffs' counsel simply re-filed the same collective action (minus three former *Haugen* plaintiffs) by joining all their claims together here as a *de facto* collective action. This is a blatant attempt to circumvent Judge Bucklo's adverse de-certification ruling in *Haugen.*

2

7. Mariano's contends that severance of plaintiffs is warranted under Judge Bucklo's earlier Orders, the Court's inherent authority, Rule 20 (for misjoinder), and under Rule 21.

8. It would be inefficient for Mariano's to respond to the Complaint on a collective basis, when the Court may order this action split into twenty-three separate lawsuits. Accordingly, Mariano's respectfully requests that the Court extend its deadline to answer or otherwise plead to a date set by the Court after its resolution of the pending Motion to Sever.

9. Pursuant to this Court's Standing Order regarding Motion Practice, the undersigned contacted opposing counsel on December 6, 2021, to ascertain whether the plaintiffs object to this requested extension. As of the filing of the instant Motion, Mariano's has received no response to this inquiry, and Plaintiffs' counsel has voiced no objection to (nor concurrence with) the relief requested in this Motion.

10. This is Mariano's first request for an extension of time. Mariano's does not make this request for purposes of undue delay or any improper purpose.

WHEREFORE, for all the reasons set forth above, Defendant Roundy's Illinois, LLC d/b/a Mariano's respectfully requests that this Court enter an Order:

A. Extending Defendant's deadline to respond to the Complaint until a date set by the Court following adjudication of Defendant's pending Motion to Sever (Dkt. No. 11);

B. Granting to Defendant any other relief that the Court deems just and reasonable.

Dated: December 7, 2021

Respectfully submitted,

**ROUNDY'S ILLINOIS, LLC d/b/a MARIANO'S, Defendant**

By: /s/ Christopher S. Griesmeyer
One of Its Attorneys

Christopher S. Griesmeyer (# 6269851)
Zachary Mulcrone (# 6300387)
GREIMAN, ROME & GRIESMEYER, LLC
205 West Randolph Street, Suite 2300
Chicago, Illinois 60606
(312) 428-2750
cgriesmeyer@grglegal.com
zmulcrone@grglegal.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 7, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court via the CM/ECF System which will send notification of such filing to those registered to receive electronic notices via email transmission at the email addresses provided by them, including counsel of record for plaintiffs:

John W. Billhorn
Samuel D. Engelson
BILLHORN LAW FIRM
53 W. Jackson Blvd., Suite 401
Chicago, Illinois 60604
jbillhorn@billhornlaw.com
sengelson@billhornlaw.com

      */s/ Christopher S. Griesmeyer*
Christopher S. Griesmeyer (# 6269851*)*
GREIMAN, ROME & GRIESMEYER, LLC
205 West Randolph Street, Suite 2300
Chicago, Illinois 60602
(312) 428-2750
cgriesmeyer@grglegal.com

*One of the Attorneys for Defendant,
Roundy's Illinois, LLC d/b/a Mariano's*