UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN CUNNINGHAM, JOSEPH SOBCZAK, ZACHARY MILBOURN, JANEL LARSON, MARIA QAZI, MARY DICICCO (GEHRIG), ARICA ROSA, CARRIE R. WEAVER, THOMAS IGNOFFO, JULIANA FUHRMANN, RUBA AL AYED, SEVCAN COSTNER, SHARITA JACKSON (POWERS), MELINDA KEARNEY, NIHRIEN PRGAM, PATRICK JAMES ELLIS JR, HOPE R. FRY, URUJA RAZZAK, SERGIO MEDINA, ALEJANDRO DIAZ, EDDIE CHAPARRO, JONATHAN BATTISTELLI, and DOLORES GARCIA, <br><br>        Plaintiffs, <br><br>    v. <br><br>ROUNDY'S ILLINOIS, LLC, d/b/a MARIANO'S, <br><br>        Defendant. | Case No. 1:21-cv-05368 |

**PARTIES' JOINT INITIAL STATUS REPORT**

Plaintiffs and Defendant, by and through their respective counsel, and pursuant to FED. R. CIV. P. 26(f) and this Court's Order (Dkt. No. 7), respectfully submit this Joint Status Report.

**1.** The attorneys of record for each party including the attorney(s) expected to try the case:

    Trial Counsel for Plaintiffs:    John W. Billhorn (ARDC No. 6196946)
                                                      BILLHORN LAW FIRM
                                                      55 West Jackson Blvd., Suite 401
                                                      Chicago, Illinois 60604
                                                      (312) 853-1450
                                                      jbillhorn@billhornlaw.com

1

| | |
|---|---|
| Trial Counsel for Defendant: | Christopher S. Griesmeyer (ARDC No. 6269851) |
| | GREIMAN, ROME & GRIESMEYER, LLC |
| | 205 West Randolph Street, Suite 2300 |
| | Chicago, Illinois 60606 |
| | (312) 428-2750 |
| | cgriesmeyer@grglegal.com |

**2. The basis for federal jurisdiction** is "federal question" jurisdiction under 28 U.S.C. § 1331. Specifically, Plaintiffs' claims are asserted under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Plaintiffs also allege supplemental jurisdiction under 28 U.S.C. § 1367 for claims asserted under the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*, and the Chicago Minimum Wage Ordinance, § 1-24-10 of the Municipal Code of Chicago.

**3. The nature of the claims asserted in the Complaint and any expected counterclaim:** Plaintiffs allege they were improperly classified as "salary exempt" under the FLSA and did not receive overtime compensation for work in excess of 40 hours in a work week. (Compl., ¶¶ 4-5, 11). At this time, Defendant does not expect to assert any counterclaims.

**4. The name of any party not yet served and the circumstances regarding non-service:** Not applicable; Defendant waived service of process. (*See*, Dkt. No. 9).

**5. The principal legal issues:** The parties disagree as to whether there are common questions of law applicable to each Plaintiff. (*See, e.g.,* Def.'s Mo. to Sever, Dkt. Nos. 11-12).

- **Plaintiffs' Position:** Plaintiffs believe, as will be more thoroughly set forth in their Reply to Defendant's Motion to Sever (due January 20, 2022), that there are common questions of law applicable to each Plaintiff. The common question of law is the application of the administrative exemption relied upon by Defendant in classifying the position of "People Services Manager" (the position held by each Plaintiff herein) as "salary exempt".

- **Defendant's Position:** The principal legal issue in each case is whether Defendant misclassified a particular plaintiff as "exempt" based upon the individual, day-to-day duties actually performed by that particular employee at a particular location, for a particular manager.

6. **The principal factual issues:** The parties disagree as to whether there are common questions of fact applicable to each Plaintiff. (*See, e.g.,* Def.'s Mo. to Sever, Dkt. Nos. 11-12).

- **Plaintiffs' Position:** Plaintiffs believe, as will be more thoroughly set forth in their Reply to Defendant's Motion to Sever (due January 20, 2022), that the "individualized inquiry" asserted by Defendant is premature and unestablished at this time, and the extent of necessary individualized inquiry will only be confirmed via discovery. Further, Plaintiffs believe that should such individualized discovery be established such that separate trials are necessary, Defendant's Motion to Severe for purposes of trial will be more appropriately considered at that time.

- **Defendant's Position:** Plaintiffs allege they were employed as "Personal Service Managers," or "PSMs," at various of Defendant's Chicagoland grocery store locations; thus, the principal factual issues in each case will involve the actual day-to-day duties performed by a particular PSM at a particular store location for a particular manager, the tasks actually performed by that particular PSM, and (if applicable) the amount of overtime hours (if any) that the PSM actually worked. This is an "individualized inquiry," because "there is no uniform, common policy governing the extent to which PSMs" performed non-exempt tasks. *Haugen v. Roundy's Illinois, LLC*, 2021 WL 3418848, at *3 (N.D. Ill. Aug. 5, 2021).

7. **Whether a jury trial is expected by either party:** Each Plaintiff has requested a jury trial.

8. **A short description of any discovery undertaken to date and any anticipated in the future:** No discovery has occurred in this case. Both Phase I and Phase II discovery were completed in the prior-filed collective action, *Haugen v. Roundy's Illinois, LLC d/b/a Mariano's*, Case No. 18 CV 7297 (N.D. Ill.) (J. Bucklo), which involved five (5) depositions of individual Plaintiffs involved in this case. Defendant anticipates written and oral discovery will be needed for each Plaintiff, based on the particularized facts and circumstances surrounding each Plaintiff's employment. Plaintiff agrees.

9. **An agreed discovery proposal including whether expert discovery will be required:** The parties agree to discuss and present a discovery proposal following the Court's ruling on Defendant's pending *Motion to Sever* (Dkt. No. 11).

10. **The earliest date the parties will be ready for trial and the length of the trial:** The parties agree to discuss the scheduling and duration of trial(s) following the Court's ruling on Defendant's pending *Motion to Sever* (Dkt. No. 11).

11. **Whether the parties unanimously consent to proceed before the Magistrate Judge:** The parties do not unanimously consent to proceed before the Magistrate Judge.

12. **The status of any settlement discussions and whether the parties request a settlement conference:** There have been no settlement discussions in this case, and the parties do not request a settlement conference at this time.

Dated: January 14, 2022　　　　　　　　　　　Respectfully submitted,

**KEVIN CUNNINGHAM, JOSEPH SOBCZAK, ZACHARY MILBOURN, JANEL LARSON, MARIA QAZI, MARY DICICCO (GEHRIG), ARICA ROSA, CARRIE R. WEAVER, THOMAS IGNOFFO, JULIANA FUHRMANN, RUBA AL AYED, SEVCAN COSTNER, SHARITA JACKSON (POWERS), MELINDA KEARNEY, NIHRIEN PRGAM, PATRICK JAMES ELLIS JR, HOPE R. FRY, URUJA RAZZAK, SERGIO MEDINA, ALEJANDRO DIAZ, EDDIE CHAPARRO, JONATHAN BATTISTELLI, and DOLORES GARCIA, Plaintiffs**

**ROUNDY'S ILLINOIS, LLC, d/b/a MARIANO'S, Defendant**

By: /s/ *Christopher S. Griesmeyer*
　　　One of Its Attorneys
　　　Christopher S. Griesmeyer (No. 6269851)
　　　GREIMAN, ROME & GRIESMEYER, LLC
　　　205 West Randolph Street, Suite 2300
　　　Chicago, Illinois 60606
　　　(312) 428-2750
　　　cgriesmeyer@grglegal.com

By: /s/ *John W. Billhorn*
　　　One of Their Attorneys
　　　John W. Billhorn (No. 6196946)
　　　BILLHORN LAW FIRM
　　　55 West Jackson Blvd., Suite 401
　　　Chicago, Illinois 60604
　　　(312) 853-1450
　　　jbillhorn@billhornlaw.com

5

**CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2022, I electronically filed the foregoing *Parties' Joint Initial Status Report,* with the Clerk of the Court via the CM/ECF System, which will send notification of such filing to those registered to receive electronic notices via email transmission, including Plaintiff's counsel listed below:

John W. Billhorn
Samuel D. Engelson
BILLHORN LAW FIRM
55 West Jackson Blvd., Suite 401
Chicago, Illinois 60604
jbillhorn@billhornlaw.com
sengelson@billhornlaw.com

*/s/ Christopher S. Griesmeyer*
Christopher S. Griesmeyer (# 6269851)
GREIMAN, ROME & GRIESMEYER, LLC
205 West Randolph Street, Suite 2300
Chicago, Illinois 60606
Bus: (312) 428-2750
Fax: (312) 332-2781
cgriesmeyer@grglegal.com