**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

KEVIN CUNNINGHAM, JOSEPH SOBCZAK, ZACHARY
MILBOURN, JANEL LARSON, MARIA QAZI, MARY
DICICCO (GEHRIG), ARICA ROSA, CARRIE R.
WEAVER, THOMAS IGNOFFO, JULIANA FUHRMANN,
RUBA AL AYED, SEVCAN COSTNER, SHARITA
JACKSON (POWERS), MELINDA KEARNEY, NIHRIEN
PRGAM, PATRICK JAMES ELLIS JR, HOPE R. FRY,
URUJA RAZZAK, SERGIO MEDINA, ALEJANDRO
DIAZ, EDDIE CHAPARRO, JONATHAN BATTISTELLI,
DOLORES GARCIA,

          Plaintiffs,

          v.

ROUNDY'S ILLINOIS, LLC D/B/A
MARIANO'S

          Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

N<u>o</u>: 1:21-cv-5368

**Hon. Virginia M. Kendall
District Court Judge**

Hon. Sheila M. Finnegan
Magistrate Judge

**PLAINTIFFS' MEMORANDUM OF LAW IN
<u>OPPOSITION TO DEFENDANT'S MOTION TO SEVER</u>**

      Plaintiffs oppose Defendant Roundy's Illinois, LLC's Motion to Sever. Defendant has

failed to present sufficient argument to sever the claims of related claims. Defendant relies on a

collective action decertification ruling by Judge Elaine E. Bucklo in another related matter,[1]

decided under a different standard, to support their argument to severe the otherwise adequately

related claims of the Plaintiffs in this case.

      However, Defendant's argument is flawed, primarily because there has been no finding by

this Court at this early juncture, nor Judge Bucklo in *Haugen*, that the claims of the Plaintiffs in

this case are not sufficiently related so as to satisfy Fed.R.Civ.P. 20. The ruling of Judge Bucklo

found only that the claims of putative class members in *Haugen* were not sufficiently similar to

---

[1] *Haugen, et al. v. Roundy's Illinois, LLC*, 18-cv-7297.

**those of the Named Plaintiffs Haugen and Goldston** under the "similarly situated" standards of the Fair Labor Standards Act, 29 U.S.C. §216(b). One searches in vain to find a sliver of discussion in Judge Bucklo's decertification decision wherein any mention of the Rule 20 standard is made, and it is clear that throughout her analysis, Judge Bucklo was considering only the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") collective action elements. As such, at this juncture, there is no evidence that the claims of the Plaintiffs herein are anything other than related claims under Fed.R.Civ.P. 20 and proper to bring in a single Complaint.

At this early juncture, severance would provide no commonsense efficiency to these proceedings, the resources of the Parties or, most importantly, the resources of this Court. As will be shown *infra*, Defendant created and implemented a position in their highly replicated mega-chain grocery store model (the salaried PSM position at issue) that is so remarkably consistent throughout its corporate operation that the identical job description is presented upon the hire of each Plaintiff herein. See Dkt. 1-1, reattached hereto as **Exhibit A**. See also Dkt. 121-1. Master Declaration, reattached hereto as **Exhibit B**. Despite the extremely homogonous and indistinguishable attributes of the PSM position throughout Defendant's chain of stores, Defendant has elected to defend Plaintiffs' claims of salary misclassification with a disingenuous "divide and conquer" approach. Instead of defending the claims on the merits, Defendant has utilized the time-honored corporate approach of just modestly cheating the employees out of wages and put up expensive and complicated roadblocks to resolution, and many of the cheated individuals will elect not to pursue their rights. Defendant's approach herein should be rejected, especially when there is an appropriate platform, for now, to adjudicate these claims through discovery with one consistent process and under the guidance of one judicial officer, i.e., the authority of this Court.[2]

---

[2] Despite procedural gyrations with which Defendant continues to saddle the Northern District of Illinois regarding these claims, including this severance motion, all 23 of the claims in this action will likely

## TABLE OF CONTENTS

I.  **Introduction**…………………………………………………………………………...1

II.  **Legal Standard**………………………………………………………………………...2

    A.  Rule 20 Completely and Wholly Accommodates Plaintiffs Overtime Claims…….2

    B.  Defendant's Motion to Sever is Unsupported by the Rules and
         Existing Case Law……………………………………………………………………5

III.  **Argument**………………………………………………………………………………7

    A.  Plaintiffs' Claims Are Properly Joinder Under Fed.R.Civ.P. 20…………………...7

         i.  Allegations That Common Questions of Law and Fact Exist are to be Taken
               as True at this Stage, and Defendant's Assertions to the Contrary are Merit
               Issues to be Decided After Discovery…..…………………………………7

         ii.  Plaintiffs' Claims Arise Out of the Same Transaction or Occurrence……...9

    B.  Plaintiffs' Claims, Though Joined Here in a Single Proceeding Pursuant to
         Fed.R.Civ.P.20, Remain Individual Claims to be Decided on Their Respective
         Merits and Therefore Comply with Judge Bucklo's Order in *Haugen*……………10

    C.  The Decision to Decertify the Collective Action in *Haugen* Based on Discovery
         Conducted on Just Seven PSMs is Insufficient to Conclude that the *Cunningham*
         Plaintiffs are Not Properly Joined Here Under Fed.R.Civ.P.20………….........11

    D.  Cases Cited by Defendant Are Clearly Distinguishable from This Matter………14

    E.  Severance of Claims Would Create Prejudice to Plaintiffs as Well as Startling
         Inefficiency for the Court …………………...............................................16

    F.  Ultimately, Consolidation of These Claims Before This Court Under F.R.C.P.
         42 and local Rule 40.4 is Inevitable…………………………………………17

IV.  **Conclusion**………………………………………………………………............20

---

nevertheless be adjudicated by this Court even if Defendant prevails on this motion and requires that 23 individual cases be filed. Consolidation of these claims, back before this Court, under Fed.R.Civ.P. 42 and Local Rule 40.4, is likely. See Section III(f), *infra*.

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Abraham v. Group O, Inc.*, No. 16 C 11642, 2018 WL 620034, at *5 (N.D. Ill. Jan. 30, 2018) 13, 14, 15

*Adkins v. Illinois Bell Tel. Co.*, No. 14 C 1456, 2015 WL 1508496, at *10 (N.D. Ill. Mar. 24, 2015).................................................................................................................. 13, 14, 15

*Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, Nos. 91 C 6103, 91 C 7362, 1992 WL 159334, at *6 (N.D. Ill. June 30, 1992)........................................................................... 17

*Bailey v. N. Tr. Co.*, 196 F.R.D. 513, 515 (N.D. Ill. 2000)............................................................ 5

*Boles v. Eli Lilly & Co.*, No. 1:15-CV-00351-JMS, 2015 WL 6132478, at *7 (S.D. Ind. Oct. 19, 2015)........................................................................................................................ 11

*Brunner v. Jimmy John's, LLC*, No. 14 C 5509, 2016 WL 7232560, at *2 (N.D. Ill. Jan. 14, 2016) .......................................................................................................................... 18

*Byers v. Illinois State Police*, No. 99 C 8105, 2000 WL 1808558, at *5 (N.D. Ill. Dec. 6, 2000). 9

*Coughlin v. Rogers,* 130 F.3d 1348, 1350 (9th Cir.1997) ............................................................ 5

*Cross v. Prompt Med. Transp., Inc.*, No. 215-CV-58-PRC, 2015 WL 6674836, at *1 (N.D. Ind. Nov. 2, 2015)................................................................................................................ 5, 15

*Eclipse Mfg. Co. v. M & M Rental Ctr., Inc.,* 521 F.Supp.2d 739, 745 (N.D.Ill.2007)................. 5

*Fairbanks Capital Corp. v. Jenkins*, 02–C–3930, 2002 WL 31655277, at *2 (N.D.Ill. Nov.25, 2002)............................................................................................................................ 19

*Gorence v. Eagle Food Centers, Inc.,* No. 93 C 4862, 1996 WL 734955, at *3 (N.D.Ill. Dec. 19, 1996)............................................................................................................................. 5

*Haugen, et al. v. Roundy's Illinois, LLC*, 18-cv-7297 ...................................................... passim

*Jones v. Culver Franchising Sys., Inc.*, 12 F. Supp. 3d 1079, 1081 (N.D. Ill. 2013) ............ 6, 7, 8

*KPASA, LLC v. United States*, No. 04 C 109, 2004 WL 1144053, at *2 (N.D. Ill. May 17, 2004) .......................................................................................................................... 18

*Lawrence E. Jaffe Pension Plan v. Household Int'l., Inc*., 02–C–5893, 2003 WL 21011757, at *3 (N.D.Ill. May 5, 2003).................................................................................................... 19

*Rice v. Sunrise Express, Inc.,* 209 F.3d 1008, 1016 (7th Cir. 2000)........................................... 19

*Smith v. Ne. Illinois Univ.*, No. 98 C 3555, 2002 WL 377725, at *6 (N.D. Ill. Feb. 28, 2002) ... 17

*Sylvester v. Wintrust Fin. Corp.*, No. 12-C-01899, 2013 WL 5433593, at 2-3 (N.D. Ill. Sept. 30, 2013)............................................................................................................................ 12

*Williams v. Walsh Const*., No. 05 C 6807, 2007 WL 178309, at *1 (N.D. Ill. Jan. 16, 2007) ..... 18

**Statutes**

§1-24-10 of the Municipal Code of Chicago ................................................................................ 9

29 U.S.C. §201................................................................................................................................ ii

29 U.S.C. §216(b) ........................................................................................................................... ii

820 ILCS 105/1 ............................................................................................................................... 9

**Rules**

Fed.R.Civ.P. 20 ............................................................................................... passim
Fed.R.Civ.P. 20(a)(3) .............................................................................................. 4
Fed.R.Civ.P. 20(b) ................................................................................................ 17
Fed.R.Civ.P. 42 ................................................................................... iii, 4, 17, 18
Fed.R.Civ.P. 8 ...................................................................................................... 2, 6
Fed.R.Civ.P. 8(a)(2) ................................................................................................ 7
Local Rule 40.4 .................................................................................. iii, 4, 17, 18

## I.     <u>INTRODUCTION</u>

The Plaintiffs in this case are former or current employees of Defendant (which operates the Illinois Mariano's chain of grocery stores at issue) who alleges they were denied overtime premiums as a result of Defendant's misclassification of them as exempt employees. Specifically, each of the Plaintiffs were or are People Services Managers ("PSMs"). Defendant's Memorandum of Law in Support of Defendant's Motion to Sever ("Def. Memo"), pg. 1. Additionally, each of the Plaintiffs did opt-in to an FLSA collective action matter conditionally certified in *Haugen*. *Id*. at 2. See also Footnote 1. Lastly, the *Haugen* collective class was decertified. *Id*.

However, the similarities between *Haugen* and the instant case stop there, as the remainder of Defendant's presentation in support of severing the claims improperly conflates the standard for decertification of collective and class action claims with severing of related claims under Rules 20 and 21. Defendant incorrectly states that "plaintiffs simply re-filed the same collective action", which is demonstrably false. *Id*.  Most notably, in this action Plaintiffs *do not* allege anywhere in their Complaint ("Compl.", Dkt. 1) that their claims are proper for collective certification under 29 U.S.C. §216(b) Plaintiffs assert no invocation of the concept of the claims being "similarly situated", the standard that Judge Bucklo decided was not satisfied under the mandates of 29 U.S.C. §216(b) A cursory reading of Plaintiffs' Complaint reveals this. Here, Plaintiffs merely allege that their claims are "related", which they undeniably are, and as is proper under Fed.R.Civ.P.20. Importantly, predicably absent from its motion presentation is the fact that Defendant conducted discovery as to *only five (5) opt-in Plaintiffs* in the *Haugen* matter. Defendant now takes a *gigantic* leap in reasoning and asserts that certain findings as to just those five (5) individuals in relation to the named *Haugen* plaintiffs are findings that also support a much different standard under the provisions of Rule 20. While Defendant seeks to create the notion that

the current filing of these related claims is wholly inconsistent with Judge Bucklo's ruling, Defendant points in that regard fails under pertinent law. The claims of the PSM Plaintiffs herein are not disparate and unrelated. It is not inconsistent for a finding that collective action standards under §216(b) were not met, against a finding that those same *individual* claims of share common questions of law and/or fact such that joinder under Rule 20 is permissible. This Court should reach that conclusion.

Here, Plaintiffs have satisfied their burden at the pleading stage to show that their claims present common questions of fact and law under Rule 20 and may be litigated in a single proceeding. As such, Plaintiffs' Complaint, as drafted, is proper under Rule 20 and the Plaintiffs should be permitted to litigate their joint and several claims in a single proceeding.

## II.     LEGAL STANDARD

Defendant desires to have this Court determine the propriety of the joinder of Plaintiffs' claims by repackaging standards and evidence related to, obtained and argued for the purpose of FLSA collective action decertification. However, the generalizations and findings associated with Judge Bucklo's findings in *Haugen* are not applicable to Plaintiffs such that Defendant can recycle the same arguments. The appropriate standard governing Plaintiffs' claims at this stage are those of Fed.R.Civ.P. 20, as well as Fed.R.Civ.P. 8.

### A. Rule 20 Completely and Wholly Accommodates Plaintiffs' Overtime Claims

First, is it important to review the plain text of Rule 20. The entire text of Rule 20 evidences the series of evaluations a court must make when considering joinder of parties, and those considerations are clearly, on the face of the Rule, **not** what Judge Bucklo considered in her decertification analysis in *Haugen*. As will be highlighted *infra*, case law throughout federal jurisdiction has recognized that Rule 20 evaluates a series of factors in allowing or denying joinder

2

that are highly permissive and flexible and which Defendant cannot disapprove at this juncture, as to the majority of the Plaintiffs herein, to support severing these claims. Most importantly, after discovery and development of the facts and circumstances favoring or disfavoring joinder, the Rule provides (in subsection (b)) a "protective" feature such that the Court can make adjustments in the structure of the trial if a party is able to present evidence of a variety of issues, including a catch all "other prejudice" factor. Rule 20, in pertinent part, states:

**Rule 20. Permissive Joinder of Parties**

(a) Persons Who May Join or Be Joined.

(1) **Plaintiffs**. Persons may join in one action as plaintiffs if:

(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all plaintiffs will arise in the action.

.  .  .  .  .  .  .

(3) **Extent of Relief**. Neither a plaintiff nor a defendant need be interested in obtaining or defending against all the relief demanded. The court may grant judgment to one or more plaintiffs according to their rights, and against one or more defendants according to their liabilities.

(b) **Protective Measures**. The court may issue orders—including an order for separate trials—to protect a party against embarrassment, delay, expense, or other prejudice that arises from including a person against whom the party asserts no claim and who asserts no claim against the party.

The individual, separate claims of multiple plaintiffs may be joined together in a single suit under Rule 20, which permits permissive joinder of claims when plaintiffs "assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action." As highlighted on the face of the Rule, the standard for the

joinder of multiple claims in one complaint against one defendant is not complicated and is, in fact, encouraged under the kind of circumstances faced here where there exists just one very similar, if not perfectly identical, employment position (PSM), just one defendant (Roundy's) with a structured chain grocery store model and who possesses a single defense to all claims (the administrative exemption) and which at best, *might* (we do not know yet at this early juncture) involve subtle nuances relative to how many times a PSM bagged groceries or ran a cash register.[3]

Moreover, subsection (a)(3)[4] provides crystal clear confirmation of how encouraging Rule 20 is to joinder, indicating that "[n]either a plaintiff nor a defendant need be interested in obtaining or defending against all the relief demanded" and that a court "may grant judgment to one or more plaintiffs according to their rights, and against one or more defendants according to their liabilities".

Broken down, the claims plead by Plaintiffs herein fit quite easily within Rule 20's very low bar for joinder:

**The Rule**: Persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences.

**Plaintiffs' Claims**:  Plaintiffs assert their rights to overtime wages jointly and severally with respect to the same position (PSM) and the same series of transactions (Defendant's treatment of the PSM position within a single region of grocery stores)

**The Rule**: Any question of law or fact common to all plaintiffs will arise in the action.

---

[3] It is critical to recognize that in this case, with the individual claims plead ***absent*** a statutory structure like the collective provisions of the FLSA, Plaintiffs do not ask (and Defendant is not faced with) these claims being litigated on any representative basis. During this case, Defendant will have at its disposal discovery tools as to each Plaintiff from whom discovery has not yet taken, so as to elicit facts necessary to support the salary classification of any one individual. Those are the exact same tools available to Defendant if they were to defend 23 different cases in this courthouse, in front of dozens of different judges, or if the claims were ultimately consolidated under Fed.R.Civ.P. 42 and Local Rule 40.4.

[4] See Fed.R.Civ.P. 20(a)(3)

4

**Plaintiffs' Claims**: Question of law:  there is only one – Defendant's reliance on the administrative classification.  Questions of fact: questions regarding all PSM job duties will arise, with most job duties being identical, with only varying subtleties.

**The Rule**: Neither a plaintiff nor a defendant need be interested in obtaining or defending against all the relief demanded. The court may grant judgment to one or more plaintiffs according to their rights, and against one or more defendants according to their liabilities.

**Plaintiffs' Claims**:  Plaintiffs' exact job duties may have certain subtle differences but are likely to be highly uniform, and even with slight nuances in job duties from store to store, Defendant need not be interested in defending against all of the facts asserted by any individual Plaintiff and the Court may grant judgment to one or more Plaintiff according to his/her particular nuances, if any, and according to their rights/liabilities.

Rule 20 is certainly accommodating of Plaintiffs' complaint and the pleading of the pertinent causes of action therein.

**B. Defendant's Motion to Sever is Unsupported by the Rules and Existing Case Law**

A motion to sever should only be granted if the parties "…fail to satisfy either of the preconditions for permissive joinder set forth in Rule 20(a)." *See Gorence v. Eagle Food Centers, Inc.,* No. 93 C 4862, 1996 WL 734955, at *3 (N.D.Ill. Dec. 19, 1996). The decision as to whether the prongs of permissive joinder are satisfied and whether severance of claims is warranted is left to the sole discretion of the District Court. See *Bailey v. N. Tr. Co.*, 196 F.R.D. 513, 515 (N.D. Ill. 2000) ("Granting or denying severance lies within the trial court's sound discretion and is subject to appellate review only for clear abuse." *Coughlin v. Rogers,* 130 F.3d 1348, 1350 (9th Cir.1997)). Furthermore, "[t]he standard for permissive joinder under Rule 20 is liberal." *Eclipse Mfg. Co. v. M & M Rental Ctr., Inc.,* 521 F.Supp.2d 739, 745 (N.D.Ill.2007). See also *Cross v. Prompt Med. Transp., Inc.*, No. 215-CV-58-PRC, 2015 WL 6674836, at *1 (N.D. Ind. Nov. 2, 2015) ("Rule 20 should be construed in light of its purpose, which is 'to promote trial convenience

and expedite the final determination of disputes, thereby preventing multiple lawsuits.'" (internal citations omitted).

Additionally, the pleading standards of Fed.R.Civ.P. 8 are pertinent to this Court's analysis of Defendant's Motion to Sever. Throughout their Memo, Defendant argues that common questions do not and cannot exist because the Plaintiffs may have worked at different Mariano's store locations within Chicagoland, were purportedly managed by different Store Directors and otherwise did not perform duties in a manner to substantiate proper joinder of claims. Def. Memo, pgs. 1-3, 11-13. But the grounds for which Defendant asserts as a basis to sever claims now is a question that can only be answered after proper discovery of all Plaintiffs as to their individual claims. Judge Bucklo considered testimony from only a handful of PSMs, and two (2) of those PSMs (the named Plaintiffs in *Haugen*) are left to have their claims be adjudicated in her courtroom. Plaintiffs have properly and sufficiently plead that common questions of law and fact exist.

The principles of Fed.R.Civ.P. 8, including the concept that the plaintiffs' allegations as plead are to be taken as true and viewed in the light most favorable to them, are applicable in the Court's analysis here. See *Jones v. Culver Franchising Sys., Inc.*, 12 F. Supp. 3d 1079, 1081 (N.D. Ill. 2013) ("relevant and well-pleaded facts, drawn from plaintiffs' complaint, are accepted as true, and are set forth in the light most favorable to them.").

### III. ARGUMENT

#### A. Plaintiffs' Claims Are Properly Joined Under Fed.R.Civ.P.20

##### i. Allegations That Common Questions of Law and Fact Exist are to be Taken as True at this Stage, and Defendant's Assertions to the Contrary are Merit Issues to be Decided After Discovery

Defendant argues that joinder of claims is inappropriate because there is no common question of law or fact between Plaintiffs. Defendant believes findings as a result of discovery in *Haugen* (which did not involve most of the individual Plaintiffs herein) give this Court authority to assume the same in this case, even at the pleadings stage, and separate the claims into more than twenty different proceedings.

It is well-known to all that practice in federal courts across the country that Plaintiffs need only assert "…short and plain statement[s] of the claim showing that the pleader is entitled to relief…" Fed.R.Civ.P. 8(a)(2). As such, generally the facts pleaded by plaintiffs are accepted as true and are set forth in the light most favorable to them. See again *Jones* at 1081. Here, Defendant asks this Court to ignore this widely adopted concept and instead accept Defendant's assumptions about the common questions of law and fact about these Plaintiffs based on certain, limited dissimilarities of the Named Plaintiffs and five (5) former class members of the *Haugen* matter. Plaintiffs have properly pleaded facts that undoubtedly and unquestionably show common questions of law and fact amongst each of the individual claims such that it is proper and efficient to manage them under a single proceeding.

Plaintiffs have alleged the following common questions of fact: a) all Plaintiffs worked as Personal Services Managers for Defendant; b) were classified as "salary exempt" and were not paid overtime wages, c) were provided identical job descriptions, d) and that regardless of any potential differences or nuances, were hired, recruited, enrolled and offered employment as a PSM

to all Plaintiffs premised on a single, identical job description, including identical job duties, job objectives, job responsibilities, job qualifications, none of which satisfied the requirements of the "administrative exemption". See Compl., ¶¶4-8. Plaintiffs plead with great specificity and detail as to the common questions of fact and law that exist and support joinder under Rule 20. *Id*. At this juncture, Defendant's dismissal of these pleadings is inconsistent with the standard by which these pleadings are to be scrutinized at this stage and represent improper and premature attacks on the merits of said claims.

The adoption of these assumptions laid out by Defendant (that the Plaintiffs herein definitively and inarguably require individualized inquiries based on limited testimony of seven PSMs in *Haugen*, inclusive of the Named Plaintiffs in *Haugen*) would require this Court to cast aside the well-pleaded allegations of the Plaintiffs, which at this point, are to be accepted as true. There has been no investigation into the merits whether common questions of fact or law is present among Plaintiffs, and this can only occur after appropriate discovery. Defendant even concedes that "plaintiffs have summarily ***alleged*** some common facts" but then ignore those pleaded common facts and leap to assume that "individualized attention" is required. Def. Memo, pg.13 (emphasis original). Defendant instead draws sweeping conclusions that differences between Haugen and a non-joined PSM cherry-picked for testimony by Defendant[5], for instance, require that the same differences that existed between non-parties to this case and automatically apply to Plaintiffs Milbourn, Diaz, Sobczak, Qazi, etc. all the same.

In order to find any support for the severance of the properly pleaded, individual claims of Plaintiffs, Defendant must conduct discovery as to *all* Plaintiffs and cannot be permitted to arbitrarily decide which areas of fact and law are common and which are not without first obtaining

---

[5] Deposition of Evette Nieves

some evidence of the same via discovery. Courts in this District have previously prohibited parties from severing claims prior to conducting obviously necessary discovery as to the merits of whether common facts and law exist. See *Jones v. Culver Franchising Sys., Inc.*, 12 F. Supp. 3d 1079, 1092 (N.D. Ill. 2013) ("[t]he Court declines to sever plaintiffs' claims and denies Culver's motion to sever without prejudice … Culver may renew its motion to sever at the close of discovery when it can be more readily determined whether there is a sound factual basis for plaintiffs' claims…".

### ii.    Plaintiffs' Claims Arise Out of the Same Transaction or Occurrence

Likewise, Plaintiffs' claims arise out of the same transaction or occurrence, as required by Rule 20. Defendant claims that Plaintiffs' claims under the Fair Labor Standards Act, Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL") and the Chicago Minimum Wage Ordinance, §1-24-10 of the Municipal Code of Chicago ("CMWO"), do not arise out of the same transaction or occurrence because Plaintiffs worked there otherwise identically described PSM jobs at Defendant's chain grocery stores. Def. Memo, pgs. 11-12. But Defendant's view is much too narrow. Defendant cites to *Byers v. Illinois State Police*, No. 99 C 8105, 2000 WL 1808558, at *5 (N.D. Ill. Dec. 6, 2000), which found joinder under Rule 20 inappropriate because the plaintiffs "live[d] in different geographical regions … asserted [claims] for different time periods … [and] implicate different individual decision-makers." See Def. Memo, pg. 12. The claims of these Plaintiffs are by no means that disparate. All Plaintiffs worked for a single decision-maker (Defendant Roundy's Illinois, LLC – the sole defendant), worked in a single region (within the Northern District of Illinois) and all fall within the three-year statute of limitations permitted under the FLSA, IMWL and CMWO. Each Plaintiff's claim arises from the single occurrence of having been misclassified as salary exempt and denied overtime by the lone entity which implemented

the decision to pay Plaintiffs in such a manner (Roundy's). Defendant attempts to argue that the decision to implement the compensation policy at issue (paying PSMs by salary) amounted to dozens of individual decisions made by dozens of individual supervisors ("Store Directors") each with the specific authority to classify PSMs as exempt or non-exempt based on their own criteria and evaluations of the PSM role at a particular Chicagoland location of Defendant's stores. This is not the case, nor what is pleaded by Plaintiffs. Rather, Plaintiffs assert they were each classified as salary-exempt by a single, unincumbered decision maker – the corporate entity named in this suit. See Compl., ¶7. The identical job description utilized by Defendant in hiring and onboarding each PSM supports that conclusion.  See Job Description, Exhibit A and Master Declaration, Exhibit B.

> **B.      Plaintiffs' Claims, Though Joined Here in a Single Proceeding Pursuant to Fed.R.Civ.P.20, Remain Individual Claims to be Decided on Their Respective Merits and Therefore Comply with Judge Bucklo's Order in *Haugen***

The claims of the Plaintiffs alleged herein, although joined to be managed in a single proceeding, are each individual claims the merits of which will be separately determined by the trier of fact. Defendant asserts that Plaintiffs "re-filed the same collective action" (Def. Memo, pg. 2) – which is, of course, an intentional distortion of the facts. Defendant's assertions that these claims are not filed individually in violation of Judge Bucklo's order in *Haugen* are merely semantics, as the joinder of claims under Rule 20 does not constitute combinations of claims (or combination of like evidence, outcomes, or relief) like those of a collective or class action.  Rather, the concept of joining substantially similar claims in one action simply represents an avenue for similar claims to be managed under the same judicial guidance and efficiencies. As such, the merits of each claim alleged herein will be adjudicated individually, not on any combined or class basis and without any one claim seeking to serve as "representative" of another. The trier of fact's

decision regarding the claims of, for example, Plaintiff Cunningham, is not binding upon Plaintiff Costner or Plaintiff Diaz, or any other Plaintiff who it is established via discovery, performed job duties that tip the scales towards exempt or non-exempt. This Court could, depending on the record developed though discovery, reasonably find Defendant liable to some Plaintiffs on their claims but not liable to others, all while maintaining the individual claims under one "umbrella" for purposes of case management and discovery, motion practice and potentially trial. The fact that the claims are contained in the same Complaint do not create, either actual or *de facto* class claims. For this reason, the claims filed by Plaintiffs herein are in fact individual claims and in compliance with the order of Judge Bucklo.

These joined claims are still capable of discrete, individual outcomes which are not dependent upon one another, such that the claims can be properly joined under Rule 20 and capable of outcomes which are based on the evidence that arises in each Plaintiff's claim. The progression of all of these individual claims before this Court does not create a class claim like those that may have been at issue in *Haugen*. See *Boles v. Eli Lilly & Co.*, No. 1:15-CV-00351-JMS, 2015 WL 6132478, at *7 (S.D. Ind. Oct. 19, 2015) (Claims joined under Rule 20 in a single proceeding remain "'[d]iscrete and separate' … such that 'one claim must be capable of resolution despite the outcome of the other claim.'" (internal citations omitted). This is certainly the case as it relates to the wage claims of Plaintiffs based on the premise that Defendant's application of the administrative exemption to each of them was (and is) improper.

### C. The Decision to Decertify the Collective Action in *Haugen* Based on Discovery Conducted on Just Seven PSMs is Insufficient to Conclude that the *Cunningham* Plaintiffs are Not Properly Joined Here Under Fed.R.Civ.P.20

There is no evidence to support severance for any of the PSMs that have not been deposed or otherwise subject to discovery in *Haugen* relative to their respective job duties. In their Memo,

Defendants only **speculate** that all PSM's job duties were different based largely on testimony of others not at issue in this case. Defendant attempts to expand and attenuate Judge Bucklo's finding that the opt-in class members were not sufficiently similar to the two Named Plaintiffs in the *Haugen* matter that under no circumstance could any PSM have common questions of fact or law. This was not the result of the decertification in *Haugen*, which concluded only that the Named Plaintiffs in *Haugen* were unable to satisfy the "more stringent" second-stage inquiry as to whether a named plaintiff can demonstrate "there are other similarly situated employees who are potential claimants." *Sylvester v. Wintrust Fin. Corp.*, No. 12-C-01899, 2013 WL 5433593, at 2-3 (N.D. Ill. Sept. 30, 2013).

At the second stage of collective action certification, which occurred in *Haugen*, the Court must "reevaluate the conditional certification to determine whether there is sufficient similarity **between the named and opt-in plaintiffs** to allow the matter to proceed to trial on a collective basis." *Id.* at 3 (emphasis added). Plaintiffs do not dispute that Judge Bucklo found Haugen and Goldston sufficiently different from certain opt-in plaintiffs to maintain a collective action on behalf of opt-ins through trial. But what Judge Bucklo's ruling did not state is that non-Named Plaintiff PSMs are categorically, forever and for all purposes dissimilar from other non-Named Plaintiff PSMs, which is precisely what Defendant would have this Court believe. This represents an improper extension of the holding in *Haugen*.

As noted above, the bulk of Defendant's argument in support of severance is based on numerous assumptions and speculations that all PSM's job duties and experiences were different. These conclusions are drawn upon testimony of others' experiences who are not at issue in this case. But even if the Court were to adopt some of Defendant's arguments for severance, perhaps on some sliding scale, many of the Plaintiffs **would still withstand severance**, as many of the

Plaintiffs herein share the factual issues which Defendant criticize. For instance, there is substantial crossover between these Plaintiffs as to locations and supervisors. Plaintiffs Al-Ayed, Kearney and Fry all worked at the Defendant's Northbrook location, while Plaintiffs Cunningham and Ellis worked at Defendant's Orland Park store and Plaintiffs DiCicco and Ignoffo share a common location of Lake Zurich.

Likewise, there is substantial crossover and factual similarities as to the Plaintiffs' supervisors. Plaintiffs Al-Ayed and Milbourn both worked under Store Director Nick Postillian, Plaintiffs Rosa and Fuhrmann shared a common Store Director in Sean Hannon, and each of Plaintiffs Ignoffo and Larsen were managed by store Director Matt Martino. Not only do these common factual matters (which Defendant argues do not exist and support severance of claims) support proper joinder of Plaintiffs' claims at this juncture (the pleadings stage), but through discovery will show that the claims should not be severed. Even if after proper discovery this Court found that not all claims should advance to trial under a single proceeding, many of the Plaintiffs' claims would survive motions to sever at that time and would not be subject to 23 individual suits. Furthermore, even if this Court agreed with Defendant, to some extent, now or following discovery, these common factual nexuses would strongly support consolidation of claims under Fed.R.Civ.P.42 and Local Rule 40 such that any severed claims would be reassigned back to this Court's calendar for additional joint (but separate) proceedings.

For these reasons, the premise of Defendant's Motion to Sever remains flawed and the decertification ruling and related findings in *Haugen* are misplaced in Defendant's application of them to the case at bar.

**D.     Cases Cited by Defendant Are Clearly Distinguishable from This Matter**

In support of their argument that the decertification in *Haugen* prevents the joinder of Plaintiffs' claims under Rule 20 herein, Defendant relies primarily on two cases – *Adkins v. Illinois Bell Tel. Co.*, No. 14 C 1456, 2015 WL 1508496, at *10 (N.D. Ill. Mar. 24, 2015) and *Abraham v. Group O, Inc.*, No. 16 C 11642, 2018 WL 620034, at *5 (N.D. Ill. Jan. 30, 2018). However, these two cases are clearly distinguishable from the case at bar, primarily due to the significant differences in the composition of the joined plaintiffs in both *Adkins* and *Abraham* and the ones herein. Both the proposed joinder claims in both *Adkins* and *Abraham* included grouped individual claims of plaintiffs that spanned numerous job titles, numerous job duties, included proposed joined claims of more than 4x the number of plaintiffs and in the case of *Adkins*, dealt with completely different circumstances which brought about the alleged violations.

The plaintiffs in *Adkins*, for instance, sought to join their claims under Rule 20 following decertification of a collective action. Importantly, and independent of the previous collective action decertified in *Blakes*, the Court found the *Adkins* plaintiffs mis-joined because the size of the class did not promote efficiency (the *Adkins* action sought to join 82 individual claims) the *Adkins* plaintiffs worked across three different, distinct job titles (each with their own distinct job duties), worked in different locations simultaneously, and alleged multiple causes of unpaid off the clock work. See *Adkins* at 1, 6. Even more substantively, the tasks for which the plaintiffs alleged the worked off the clock arose from "[varied] greatly." *Id*. Other substantially differing factual circumstances were alleged by plaintiffs, such that "not all Plaintiffs were subject to the same systems". See *Id*. ¶3. Similarly, in *Abraham*, the seventy-six plaintiffs joined together "filled at least twenty-seven different positions at the plant" including some plaintiffs that "worked in two or three different positions" and otherwise "had different job duties" over the course of the relevant

period. *Abraham v. Grp. O, Inc.*, No. 16 C 11642, 2018 WL 620034, at 1, 4 (N.D. Ill. Jan. 30, 2018).

As noted, *supra*, the circumstances surrounding the joinder of the Plaintiffs in this case lend themselves to proper joinder under Rule 20 and are substantially different from the unique factors leading the *Adkins* and *Abraham* courts to sever those claims. The Plaintiffs in this case are far less numerous (23) and capable of being managed in a single proceeding compared to the groups of eighty-two and seventy-six in *Adkins* and *Abraham*, respectively. The Plaintiffs herein all worked under a single job title (PSM), with a single job written job description utilized in Defendant's hiring process (See Job Description, Exhibit A and Master declaration, Exhibit B) rather than the numerous and distinct job titles in both *Adkins* and *Abraham* (which specifically involved more than two dozen particular job titles). Moreover, PSM Plaintiffs were expected to perform the same job duties as assigned under the PSM job description (which Plaintiffs allege did not satisfy the administrative exemption). See again Exhibit A. As a result, Plaintiffs were not subject to "different systems" as the plaintiffs in *Abraham*. Lastly, the Plaintiffs herein allege that the wage violations suffered by each of them (failure to receive overtime wages) resulted from the same cause (misclassification as salary-exempt), as opposed to the groups at issue in both *Adkins* and *Abraham* which alleged that the wage violations arose from several different and distinct causes. See *Adkins* at 6 ("Plaintiffs 'assert a hodgepodge of allegedly unpaid tasks occurring at different times throughout a given day.'"). Courts within the Seventh Circuit have recognized how the uniquely large scope (including total plaintiffs, job titles at issue, etc.) puts particular strain on joinder through Rule 20, and that absent a similarly large scope and more targeted circumstances, joinder in the situation at bar can be permitted. The Court in *Cross v. Prompt Med. Transp., Inc.* drew this very distinction regarding *Adkins* and noted

> "In *Adkins,* the 82 employee-plaintiffs, who worked at various times during a 30–year period, sought joinder for their claims of unpaid pre-shift work and shortened meal breaks. However, unlike the case at bar, there was no single timekeeping policy common to all of the *Adkins* plaintiffs, and that court's inquiry into job duties and supervisors in search of similarities between the plaintiffs is not necessary here. The Court finds that, because of the similarities in timing and conduct and because of the common policy implicated, joinder of Cross's and Farmer's claims do not violate Rule 20."

No. 215-CV-58-PRC, 2015 WL 6674836, at *2 (N.D. Ind. Nov. 2, 2015).

For these reasons, Defendant's reliance on *Adkins* and *Abraham* are incongruent to this matter and do not support severance of Plaintiffs' claims.

### E.      Severance of Claims Would Create Prejudice to Plaintiffs as Well as Startling Inefficiency for the Court

Defendant claims that severance of these claims would promote efficiency and eliminate prejudice. Def. Memo, pgs. 14-15. This could not be further from the truth. Defendant is asking this Court to create twenty-three separate cases, to be adjudicated by numerous judges, attended to and administered by the efforts of dozens of valuable staff members and clerks, and otherwise bog down one of the busiest Districts in the nation with piece-meal litigation regarding a single job title employed by a single defendant and a singular decision to classify the relevant job title as "salary-exempt". Incredibly, Defendant argues that if Plaintiffs tried their individual claims before a single jury that "it would result in prejudice and mass confusion." Def. Memo, pg. 14. Not only does Defendant underestimate the abilities of the honorable jurors who fulfill their civil duties in this Courthouse each day, but any possible "confusion" can easily be remedied by proper case management and instruction by this esteemed Court and the able counsel on both sides. Further, any possible "confusion" referenced by Defendant would pale in comparison to the madness caused by twenty-three nearly identical matters pending before multiple judges, with perhaps multiple severed cases landing among the same District and Magistrate Judges. Such a

circumstance, buoyed here by Defendant, would be a waste of the valuable time and resources of the judges and staff when alternatively, the adjudication of these individual claims can be properly served and managed neatly by this Court.

Further defeating Defendant's red herring argument in this regard is Fed.R.Civ.P. 20(b), which specifically provides the Court with the ability to order separate trials if, after discovery and evidence (instead of speculation and inuendo), the Court concludes that such a "protective measure" should be taken.

### F. Ultimately, Consolidation of These Claims Before This Court Under F.R.C.P. 42 and local Rule 40.4 is Inevitable

Finally, while not an issue before the Court at this juncture, it is worth noting for efficiency considerations that another very similar tool is available for these largely related claims to remain together and be adjudicated through discovery by one court (including trial, if indicated) and that is the consolidation features of Fed.R.Civ.P. 42 and Local Rule 40.4. Rule 42 states:

**Rule 42. Consolidation; Separate Trials**

(a) Consolidation. If actions before the court involve a common question of law or fact, the court may:

(1) join for hearing or trial any or all matters at issue in the actions;

(2) consolidate the actions; or

(3) issue any other orders to avoid unnecessary cost or delay.

Courts in this District routinely consolidate cases that are found to involve similar questions of law and fact, either at the request of a party or *sua sponte*. The decision whether to consolidate similar cases is "within the court's discretionary power to order consolidation, even if all parties object, if a joint trial would avoid unnecessary costs and delay." *Smith v. Ne. Illinois Univ.*, No. 98 C 3555, 2002 WL 377725, at *6 (N.D. Ill. Feb. 28, 2002) (citing *Allendale Mut. Ins. Co. v. Bull*

*Data Sys., Inc.*, Nos. 91 C 6103, 91 C 7362, 1992 WL 159334, at *6 (N.D. Ill. June 30, 1992) (Judge Gottschall denied Defendant's motion to sever each plaintiff's claims or, alternatively, to order separate trials, finding that plaintiffs' claims arose out of common questions of law and fact and that a joint trial via consolidation under Rule 42 would avoid unnecessary costs without prejudicing the defendants). Other courts in this District have, pursuant to Rule 42, granted requests by parties to consolidate cases that involve the same legal principles. See *KPASA, LLC v. United States*, No. 04 C 109, 2004 WL 1144053, at *2 (N.D. Ill. May 17, 2004), wherein Judge Coar also commented on the interest of judicial economy and found that "consolidation and reassignment of the actions is consistent with Local Rule 40.4(a), in that the actions "involve some of the same issues of fact or law" and "grow out of the same transaction or occurrence." L.R. 40.4(a). See also *Brunner v. Jimmy John's, LLC,* wherein Judge Kocoras granted a combined Rule 42(a) and Local Rule 40.4 motion to consolidate and reassign two separate collective action matters involving both corporate and franchise locations owned by Jimmy John's restaurants. Judge Korocas noted that:

> "While there are some differences between Brunner and Watson, the substantial similarity between the two cases is undeniable, as evidenced by the Ohio district court's transfer of Watson to this district due to its overlap with Brunner. At a minimum, Brunner and Watson both involve FLSA claims for unpaid overtime based on highly similar allegations asserted on behalf of nationwide FLSA collectives of Jimmy John's assistant store managers. Thus, there can be little debate that the requirements of Fed. R. Civ. P. 42 and L.R. 40.4 are met.

*Brunner v. Jimmy John's, LLC,* No. 14 C 5509, 2016 WL 7232560, at *2 (N.D. Ill. Jan. 14, 2016).

These claims, if forced to individual flings, are matters sufficiently related under the criterion set forth by L.R. 40.4(a). Pursuant to 40.4(a), civil cases may be sufficiently related to warrant reassignment if (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class-action suits, one or more of the classes involved in the cases is or are of the same." LR 40.4.

18

Only one of the above conditions must be met to satisfy LR 40.4(a). *Williams v. Walsh Const*., No. 05 C 6807, 2007 WL 178309, at \*1 (N.D. Ill. Jan. 16, 2007). Additionally, Rule 40.4(a) "does not require complete identity of issues in order for cases to be considered related," *Fairbanks Capital Corp. v. Jenkins*, 02–C–3930, 2002 WL 31655277, at \*2 (N.D.Ill. Nov.25, 2002), rather it is enough that the [consolidated] cases "involve some of the same issues of fact or law." *Lawrence E. Jaffe Pension Plan v. Household Int'l., Inc*., 02–C–5893, 2003 WL 21011757, at \*3 (N.D.Ill. May 5, 2003) (internal citation omitted).

Joinder of these claims properly promotes judicial efficiency just as consolidation will, and it should not be lost on this Court that the resources unnecessarily utilized by way of severance of these claims, the filing of 23 or more individual claims sprayed out over the docket of the Northern District and its judiciary and staff, and then the subsequent motion practice in order to round up those claims back before one platform for consistent adjudication, is simply not necessary. This Court possesses the tools of equity and broad discretion to apply equity features to its rulings so as to avoid the gross inefficiency Defendants seeks and, at least for now, deny Defendant's motion and require discovery on these claims to move forward under its guidance and under one schedule. See *Rice v. Sunrise Express, Inc.,* 209 F.3d 1008, 1016 (7th Cir. 2000).

## IV.     CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court DENY Defendant's Motion to Sever, require Defendant to file a responsive pleading and set a discovery schedule for the claims.

Respectfully submitted,

***Electronically Filed 01/20/2022***

s/ John W. Billhorn
John W. Billhorn
Samuel D. Engelson
*Attorneys for Plaintiffs*

BILLHORN LAW FIRM
53 W. Jackson Blvd., Suite 401
Chicago, IL 60604
(312) 853-1450