THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN CUNNINGHAM, et al., ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | No. 21 C 5368 |
| v. ) | |
| ) | Judge Virginia M. Kendall |
| ROUNDY'S ILLINOIS, LLC, ) | |
| d/b/a/ MARIANO'S, ) | |
| ) | |
| *Defendant*. ) | |

## MEMORANDUM OPINION & ORDER

Twenty-three Plaintiffs join in this action against Defendant Roundy's Illinois, LLC d/b/a Mariano's ("Mariano's") alleging claims for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and supplemental state law claims. (Dkt. 1 ¶¶ 12–14). Mariano's now moves to sever each Plaintiff's claims into separate actions. (*See* Dkt. 11). For the following reasons, Defendant's motion [11] is granted.

## BACKGROUND

All named Plaintiffs are current or former People Service Managers ("PSMs") at Mariano's grocery stores throughout the greater Chicagoland area. (Dkt. 1 ¶¶ 3–4, 22). Mariano's classifies its PSMs as "salary exempt," (*id.* ¶¶ 5 (citing 29 U.S.C. §§ 207(a)(1), 213), 18), thereby eliminating the need to compensate PSMs at an overtime rate required by the FLSA, (*id.* ¶¶ 6, 37–38). Plaintiffs challenge Mariano's for improperly classifying them as salary exempt under this exemption and argue that they should have been paid the applicable overtime premium. (*Id.* ¶¶ 8, 11, 35, 41).

Plaintiffs' counsel initially filed a similar lawsuit in November 2018. (*See Haugen v. Roundy's Ill., LLC*, No. 18-cv-7297). On August 26, 2019, the *Haugen* Plaintiffs moved for

1

conditional class certification under 29 U.S.C. § 216(b) to allow them to bring their FLSA claims on behalf of similarly situated employees who opted to join the collective action. (No. 18-cv-7297 at Dkt. 39). Judge Elaine E. Bucklo conditionally granted the *Haugen* Plaintiffs' request for class certification on December 13, 2019. (No. 18-cv-7297 at Dkt. 51). However, Judge Bucklo subsequently decertified the FLSA class, (No. 18-cv-7297 at Dkt. 125) and granted the dismissed Plaintiffs leave to "re-file their claims . . . **on an individual basis**," (No. 18-cv-7297 at Dkt. 131 (emphasis added)). The *Haugen* matter remains pending as to the two named Plaintiffs in that case. (Dkt. 1 ¶ 9). Plaintiffs dismissed from the *Haugen* case subsequently filed the present Complaint – purporting to litigate their separate FLSA claims in a single suit under Federal Rule of Civil Procedure Rule 20. (*Id.* ¶¶ 9–10; *see also* Dkt. 22 at 2 ("Plaintiffs' Complaint, as drafted, is proper under Rule 20 and the Plaintiffs should be permitted to litigate their joint and several claims in a single proceeding.")). Mariano's now seeks to sever all Plaintiffs (aside from the first-named Plaintiff, Kevin Cunningham) from this action and requests the Court to open a new matter for each severed Plaintiff. (*See generally* Dkt. 11).

## **LEGAL STANDARD**

Multiple plaintiffs may join in an action if they assert both (1) a "right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) a "question of law or fact common to all plaintiffs will arise in the action." FED. R. CIV. P. 20(a)(1); *see also UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018) ("The judge may deny joinder under Rule 20 if the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense or delay.") (internal quotation marks omitted); *United States v. Carter*, 695 F.3d 690, 700 (7th Cir. 2012) (noting that one purpose of permissive joinder is to promote judicial efficiency). In addition,

under Federal Rule of Civil Procedure 21, the court "may at any time, on just terms, add or drop a party" and "may also sever any claim against a party." *See, e.g.*, *Conner v. Schwenn*, 821 F. App'x 633, 636 (7th Cir. 2020) (affirming severance of claims involving distinct sets of facts). "[W]hen a district judge determines that a plaintiff has misjoined parties, the judge should sever the complaint into multiple suits." *Winston v. Scott*, 718 F. App'x 438, 440 (7th Cir. 2018); *see also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims . . . belong in different suits.").

## DISCUSSION

Plaintiffs seek to litigate their claims together under Rule 20, which permits joinder of claims that arise "out of the same transaction, occurrence, or series of transactions or occurrences." FED. R. CIV. P. 20(a)(1)(A). However, Judge Bucklo previously determined in *Haugen* that Plaintiffs were not "similarly situated" such that they could proceed collectively under Section 216(b) of the FLSA. *Haugen v. Roundy's Ill., LLC*, 552 F. Supp. 3d 806, 808–10 (N.D. Ill. 2021) (Judge Bucklo's decertification order describing "significant differences" between Plaintiffs' "factual and employment settings"). Mariano's argues that Judge Bucklo's *Haugen* ruling estops Plaintiffs from proceeding together as currently pleaded. (Dkt. 12 at 2, 9–11). Plaintiffs do not squarely address Defendant's collateral estoppel argument. (*See generally* Dkt. 22; Dkt. 26 at 2 ("Plaintiffs do not bother to mention 'collateral estoppel' in their opposition, much less refute Mariano's argument that it applies here.")). Among other things, however, Plaintiffs maintain that their claims are simply "joined to be managed in a single proceeding" under Rule 20 yet remain "<u>individual</u> claims" that will be "separately determined by the trier of fact." (Dkt. 22 at 10 (emphasis added)).

Issue preclusion, or collateral estoppel, "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, **even if the issue recurs in the context of a different claim**.' " *Coleman v. Donahoe*, 667 F.3d 835, 853 (7th Cir. 2012) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)) (emphasis added); *see also Waagner v. United States*, 971 F.3d 647, 657 (7th Cir. 2020) (quoting *Bravo-Fernandez v. United States*, 137 S. Ct. 352, 358 (2016)); *Park v. Bd. of Trs. of Univ. of Ill.*, 754 F. App'x 437, 439 (7th Cir. 2018) (quoting *Dexia Credit Loc. v. Rogan*, 629 F.3d 612, 628 (7th Cir. 2010)). Collateral estoppel "fosters reliance on judicial action by minimizing the possibility of inconsistent decisions" and minimizes the unnecessary waste of litigants' and judicial resources. *Montana v. United States*, 440 U.S. 147, 153–54 (1979); *see also, e.g.*, *Patrick v. Fuelling*, No. 14-cv-5414, 2021 WL 843426, at *4 (N.D. Ill. Mar. 5, 2021) (quoting *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 140 (2015)) (adding that estoppel "discourage[s] parties who lose before one decisionmaker from shopping around for another"). The doctrine is rooted in "an underlying confidence that the result achieved in the initial litigation was substantially correct." *Bravo-Fernandez*, 137 S. Ct. at 358 (quoting *Standefer v. United States*, 447 U.S. 10, 23, n.18 (1980)).

Courts apply collateral estoppel where "(1) the issue sought to be precluded is the same as that involved in the prior action; (2) the issue was actually litigated; (3) the determination of the issue was essential to the final judgment; and (4) the party against whom estoppel is invoked was fully represented in the prior action." *United States* ex rel. *Conner v. Mahajan*, 877 F.3d 264, 270 (7th Cir. 2017) (quoting *Dexia Credit Loc.*, 629 F.3d at 628; *see also Waagner*, 971 F.3d at 657; *In re Calvert*, 913 F.3d 697, 701 (7th Cir. 2019). Each factor in this inquiry will be addressed in turn.

4

To begin, the issue that Mariano's seeks to preclude – namely, whether each "plaintiff['s] right to relief 'arise[s] out of the same transaction, occurrence, or series of occurrences,' " (Dkt. 12 at 9) – is properly considered "the same as that involved in the prior action." *Mahajan*, 877 F.3d at 270. Numerous courts have observed that Section 216(b)'s "similarly situated" inquiry is analogous to, yet "more elastic and less stringent" than the standard applied for joinder under Rule 20. *E.g.*, *Adkins v. Ill. Bell Tel. Co.*, No. 14-cv-1456, 2015 WL 1508496, at *5 (N.D. Ill. Mar. 24, 2015) (citing *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1095 (11th Cir. 1996)) (emphasis added); *see also, e.g.*, *Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 520 (2d Cir. 2020) (explaining same); *Campbell v. City of L.A.*, 903 F.3d 1090, 1112 (9th Cir. 2018) ("Whereas Rule[] 20 . . . allow[s] district courts discretion in granting joinder or consolidation . . . the FLSA, which declares a right to proceed collectively on satisfaction of certain conditions, does not."); *Halle v. W. Penn Allegheny Health Sys. Inc.*, 842 F.3d 215, 225 n.9 (3d Cir. 2016) ("[O]pt-in plaintiffs [in FLSA collective actions] are held to a less stringent standard than under Rule 20 of the Federal Rules of Civil Procedure."); *Foster v. City of N.Y., N.Y.*, No. 14-cv-4142 (PGG), 2021 WL 1191810, at *5 (S.D.N.Y. Mar. 30, 2021) (quoting *Scott*, 954 F.3d at 517) ("[T]he [FLSA's] 'similarly situated' standard . . . imposes a bar lower in some sense even than Rule[] 20.") (internal quotation marks omitted); *Abraham v. Grp. O, Inc.*, No. 16-cv-11642, 2018 WL 620034, at *5 (N.D. Ill. Jan. 30, 2018) ("[The Court's determination that Plaintiffs cannot satisfy the requirements of Rule 20] should hardly be surprising, given that [another judge previously] deemed Plaintiffs' claims too individualized for the Plaintiffs to be 'similarly situated' under § 216(b)."); *Molina v. First Line Sols., LLC*, 566 F. Supp. 2d 770, 786–87 (N.D. Ill. 2007) (explaining that Section 216(b)'s "similarly situated" requirement "has been held to be less stringent than that required for joinder of parties under [Rule 20]"). Accordingly, plaintiffs who fail the FLSA's "similarly situated"

standard "**necessarily** cannot meet Rule 20(a)'s joinder requirement."[1]  *E.g.*, *Adkins*, 2015 WL 1508496, at *5 (finding plaintiffs collaterally estopped from pursuing Rule 20 joinder following decertification of their FLSA collective action) (emphasis added); *see also, e.g.*, *Schwartz v. Maxim Healthcare Servs., Inc.*, No. JFM–15–1508, 2015 WL 4920299, at *1 (D. Md. Aug. 14, 2015) (explaining that "defendant's motion to sever should be granted" on the sole basis that plaintiffs previously failed Section 216(b)'s "similarly situated" requirement); *Faust v. Comcast Cable Commc'ns Mgmt., LLC*, No. WMN–10–2336, 2015 WL 628968, at *4 (D. Md. Feb. 11, 2015) ("As several courts have observed, the same considerations and logic that would lead a court to deny a motion for class certification would also support the conclusion that the plaintiffs' claims are misjoined."); *Yerger v. Liberty Mut. Grp.*, No. 5:11–cv–238–D, 2012 WL 4423499, at *3 (E.D.N.C. Sept. 24, 2012) ("[I]f a plaintiff fails to meet [S]ection 216(b)'s flexible, elastic standard as to a class of individuals, the plaintiff necessarily fails to satisfy Rule 20's stricter standard as to any individual in that class.") (internal citations omitted); *Faison v. Tex. EXPawn, L.P.*, No. G-07-067, 2007 WL 1428639, at *1 (S.D. Tex. May 11, 2007) (applying estoppel to Rule 20 joinder where a previous Section 216(b) decertification order "undeniably considered and ruled on the same factors considered under Rule 20").

In *Haugen*, Judge Bucklo thoroughly analyzed Plaintiffs' arguments that they are similarly situated and eligible to bring a collective action under Section 216(b).  *Haugen*, 552 F. Supp. 3d at 808–10.  However, Judge Bucklo identified several "significant differences between stores" – and thus individual Plaintiffs' claims – with respect to PSMs' job duties.  For example, based on her review of evidence garnered through discovery, Judge Bucklo concluded that "**there is no**

---

[1] Plaintiffs cursorily argue that "[i]t is not inconsistent for a finding that collective action standards under § 216(b) were not met, against a finding that those same individual claims of share common questions of law and/or fact such that joinder under Rule 20 is permissible."  (Dkt. 22 at 2).  That said, Plaintiffs adduce cite no case law for this proposition, nor do they otherwise meaningfully distinguish the persuasive precedents set forth herein.

6

**uniform, common policy** governing the extent to which PSMs are called away from their normal duties to perform front-end functions." *Id.* at 809 (adding that "the practice seems to **vary greatly** by store **and** by supervisor") (emphasis added). She further highlighted material differences regarding the extent to which certain Plaintiffs exercised "discretion and independent judgment when performing key job duties such as recruiting and interviewing." *Id.*; *see also id.* at 811 ("[T]he question of discretion and independent judgment is . . . not easily judged on a collective basis."). Judge Bucklo concluded that "plaintiffs' disparate factual and employment settings weigh in favor of decertification," *id.* at 810, and that "the interests of judicial economy would not be served by allowing the claims to proceed on a collective basis" given the "individualized factual issues that would predominate" at trial, *id.* at 811 (emphasis added). Ultimately, while the issue before Judge Bucklo was whether Plaintiffs were "similarly situated" for collective treatment under the FLSA, her ruling spoke directly to a prerequisite for Rule 20 joinder: namely, whether Plaintiffs' claims arise out of the same series of transactions or occurrence. *See, e.g., Abraham*, 2018 WL 620034, at *5; *Adkins*, 2015 WL 1508496, at *5; *Schwartz*, 2015 WL 4920299, at *1; *Faust*, 2015 WL 628968, at *4. Thus, the first element of collateral estoppel is satisfied.

Each of the remaining factors for collateral estoppel are satisfied. There is no doubt that the relevant issue – whether the Plaintiffs' claims arise out of the same factual circumstances – was "actually litigated" in the *Haugen* suit. *Mahajan*, 877 F.3d at 270. For example, Mariano's reports that the parties took "more than a dozen" depositions, exchanged and answered document requests and interrogatories, and "submitted extensive briefing on the issue of whether Plaintiffs are 'similarly situated.'" (Dkt. 12 at 10; *see also Haugen*, No. 18-7297, at Dkts. 109, 121, 123 (documenting a full briefing of the pertinent issue)). Moreover, the First Amended Complaint filed in *Haugen* raised the same causes of action based on fundamentally the same factual

allegations as set forth in the Complaint now before the Court. (*Compare, e.g.*, Dkt. 1 ¶¶ 11, 38 ("[A]ll Plaintiffs herein were improperly classified as salary exempt and denied overtime for work in excess of 40 hours in a work week. . . . Defendant has . . . willfully employed all Plaintiffs without pay at a rate of one and one-half times their rates of pay for hours worked in excess of 40 in a workweek."), *with Haugen*, No. 18-7297, at Dkt. 38 ¶¶ 6, 17 ("All other [members of the Plaintiff Class] . . . were improperly classified as salary exempt and denied overtime for work in excess of 40 hours in a work week. . . . Defendant has . . . willfully employed members of the Plaintiff Class . . . . . . without pay at a rate of one and one-half times their rates of pay for hours worked in excess of 40 in a workweek."). Because there are seemingly no material factual distinctions between this suit and the *Haugen* action, the relevant issue was "actually litigated" therein. *Contra, e.g.*, *Archer v. Schlumberger Tech. Corp.*, No. MO:20-CV-00057-DC-RCG, 2020 WL 9814150 (W.D. Tex. Dec. 2, 2020) (permitting joinder because "[t]he [FLSA] decertification decision addressed a much different factual background than the instant case"). Next, Judge Bucklo's determination of the relevant issue was "essential to the final judgment." *Mahajan*, 877 F.3d at 270. Finally, Plaintiffs concede that they were each party to the *Haugen* action, (Dkt. 1 ¶ 9), and the record shows that the *Haugen* plaintiffs were fully represented by counsel, (*see generally Haugen*, No. 18-7297). Because all four elements of collateral estoppel are satisfied, Plaintiffs are precluded from joining their claims into one action under Rule 20. *See Adkins*, 2015 WL 1508496, at *6 (applying collateral estoppel to Rule 20 joinder following FLSA decertification); *Faison*, 2007 WL 1428639, at *1–2 (same). As such, Mariano's Motion to Sever [11] is granted.

Separate from the foregoing analysis, permitting Rule 20 joinder under the circumstances of this case would fundamentally "disserve the systemic interest in promoting judicial economy."

8

*E.g.*, *Abraham*, 2018 WL 620034, at *5. Facing essentially the same procedural posture as is presently before the Court, *Abraham* offered the following rationale in granting the defendant's motion to sever:

> [J]oinder would be unduly prejudicial and inefficient in light of the prior proceedings . . . . As previously noted, all seventy-six Plaintiffs in this case were also opt-in plaintiffs in the [FLSA] collective action that was decertified . . . . [T]his case seeks to bring precisely those claims that were not certified to proceed collectively . . . . **Permitting Plaintiffs to join their claims in this suit after losing at the [FLSA] decertification stage . . . would unfairly prejudice [Defendant] by giving Plaintiffs a second bite of the proverbial apple—that is, a second chance to litigate their claims together in a single action by doing an end-run around [the prior] decertification ruling**. . . . It makes little sense for a judge to spend years presiding over a collective action . . . if a myriad of opt-in plaintiffs, disappointed by the judge's ultimate ruling at the decertification stage, could then simply refile the same claims against the same defendant together in a new action under Rule 20. . . . [A]llowing plaintiffs to join FLSA claims in such a manner would, in effect, render the collective action procedures in § 216(b) a mere nullity.

*Abraham*, 2018 WL 620034, at *5 (citations omitted); *see also Weaver v. Cnty. of Orange*, No. SACV10-00101-CJC(ANx), 2010 WL 11595858, at *2 (C.D. Cal. Apr. 29, 2010) ("Plaintiffs are doing an end-run and circumventing the Court's prior [FLSA] decertification order by filing their claims in a single lawsuit."). The same logic is applicable here. Just as the claims asserted in *Haugen* were unsuitable for collective treatment, it is improper for this case to proceed with twenty-three individual Plaintiffs with such disparate claims – not only by reason of collateral estoppel, but because to permit otherwise would render years of litigation and Judge Bucklo's decertification order futile.[2]

---

[2] This Order does not foreclose certain Plaintiffs from seeking to join their claims in "**much smaller**" and more factually analogous groups in the future. *E.g.*, *Faison*, 2007 WL 1428639, at *2 n.4 (emphasis in original); *cf. Archer*, 2020 WL 9814150, at *2 (permitting joinder of ten plaintiffs following decertification of a collective action involving thirty-nine plaintiffs, where each plaintiff "possessed the same job title, performed similar[, rather than a wide range of] job duties, were paid on a day rate basis, and performed a substantial part of their work in the [same geographic location]").

**CONCLUSION**

For the reasons set forth above, Defendant's Motion to Sever [11] is granted. The Clerk of Court is directed to sever the claims of all Plaintiffs aside from Kevin Cunningham and to assign separate docket numbers to each of those actions. Plaintiffs must individually file amended complaints and pay the applicable filing fee within thirty days.

_____
Virginia M. Kendall
United States District Judge

Date: July 6, 2022