**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KEVIN CUNNINGHAM, JOSEPH SOBCZAK, ZACHARY MILBOURN, JANEL LARSON, MARIA QAZI, MARY DiCICCO (GEHRIG), ARICA ROSA, CARRIE R. WEAVER, THOMAS IGNOFFO, JULIANA FUHRMANN, RUBA AL AYED, SEVCAN COSTNER, SHARITA JACKSON (POWERS), MELINDA KEARNEY, NIHRIEN PRGAM, PATRICK JAMES ELLIS JR, HOPE R. FRY, URUJA RAZZAK, SERGIO MEDINA, ALEJANDRO DIAZ, EDDIE CHAPARRO, JONATHAN BATTISTELLI, DOLORES GARCIA, <br><br> Plaintiffs, <br><br> v. <br><br> ROUNDY'S ILLINOIS, LLC D/B/A MARIANO'S <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) **N͟o͟.** 1:21-cv- 5368 <br><br> **Hon. Virginia M. Kendall U.S. District Court Judge** <br><br> Hon. Sheila M. Finnegan Magistrate Jude |

**PLAINTIFFS' MOTION TO CLARIFY ISSUE REGARDING
TOLLING OF SEVERED PLAINTIFFS' STATUTES OF LIMITATIONS**

NOW COME Plaintiffs, by their attorneys of record, and for their Motion to Clarify Issue

Regarding Tolling of Severed Plaintiffs' Statutes of Limitations, state as follows:

1.      On October 8, 2021, Plaintiffs filed their Complaint alleging Defendant violated

the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., the Illinois Minimum Wage Law, 820

ILCS §105/1 *et seq.*, and the Chicago Minimum Wage Ordinance ("CMWO"), § 6-105-040 of

the Municipal Code of Chicago. Dkt. 1.

2.      On December 6, 2021, Defendant moved to sever the claims of the Plaintiffs into

individual matters. Dkt. 11, 12.

3.      The Parties fully briefed the issue of severance of claims. Dkt. 22, 26.

4.    Ultimately, this Court ruled via Memorandum Opinion and Order that the claims must be severed into individual cases and directed the Clerk to assign separate case numbers to each individual action. Dkt. 29.  Plaintiffs here seek clarification of one of the significant elements of the Court's ruling, namely, the impact of the Court's ruling on certain severed Plaintiffs' statute of limitations.  Plaintiffs do not here seek to raise any new issues regarding the severing of the claims, but merely seek clarification as follows.

5.    In its Memorandum Opinion and Order, this Court ordered that refiled, individual complaints be filed on the docket and the filing fee paid by August 5, 2022. Dkt. 29.

6.    After the Court's ruling, in order to assure compliance with the intent of the Court's ruling, the undersigned counsel for the 22 severed Plaintiffs inquired with the office of the Clerk for the Northern District of Illinois with respect to the portion of the Court's order that said:

> *For the reasons set forth above, Defendant's Motion to Sever [11] is granted. The Clerk of Court is directed to sever the claims of all Plaintiffs aside from Kevin Cunningham and to assign separate docket numbers to each of those actions. Plaintiffs must individually file amended complaints and pay the applicable filing fee within thirty days.*

See Memorandum Opinion & Order, Dkt. No. 29.

7.    Thereafter, the Court amended its Order to require the refilings by August 5, 2022.  Dkt. No. 29.

8.    Shortly thereafter, Plaintiffs' counsel and defense counsel communicated regarding the impending procedural steps and could not reach an agreement.  After dialogue between Plaintiffs' counsel's office, the Clerk's office, and this Court's Courtroom Deputy, it was clarified that only *after* the payment of the filing fee and the "normal" filing of an individual complaint, would the Clerk assign a separate docket number. Plaintiffs are prepared to do so and

will begin filing those individual complaints on behalf of the severed Plaintiffs who decide, or have decided, to move forward with an individual claim.

9.     However, in order to thoroughly and completely advise the severed Plaintiffs/clients with regard to the August 5, 2022 filing deadline as established by this Court, and the ramifications of meeting or not meeting that deadline, Plaintiffs' counsel is uncertain whether the Court's August 5 filing deadline is a prejudicial and final date relative to pursuing claims against Defendant, and whether a severed Plaintiff's failure to meet that deadline is tantamount to a surrender of his/her claim.  The Court's opinion does not specifically expound on the significance of the August 5, 2022 deadline to submit new complaints and the intended consequence(s) of that deadline.

10.     Plaintiffs' counsel's view of the Court's August 5 refiling deadline is that the Court could have intended to make that date a final date with the consequence of not filing by August 5, 2022 being surrender of all claims against Defendant. Conversely, the establishment of the August 5 deadline could have been intended to provide each individual severed Plaintiff a certain amount of time (to August 5, 2022) to decide whether to re-file their claims under the previous protection of his/her statute of limitations as Judge Bucklo ruled as part of her Honor's decertification ruling in *Haugen, et al. v. Roundy's Illinois, LLC d/b/a Mariano's*, Case No. 18-cv-07297).

11.     In the *Haugen* matter, Judge Bucklo granted Plaintiffs' Motion to Clarify Dismissal of Opt-In Plaintiffs and Motion to Toll Statute of Limitations for Decertified Claims. *Haugen* Dkt. 126. In that pleading, the plaintiffs sought a period of time, without experiencing a relinquishment of the statute of limitations (many of whom were individual plaintiffs in the original, multi-plaintiff *Cunningham* complaint), to assess and refile their wage claims during

3

which individual statutes of limitations would be tolled to the date each plaintiff's consents were filed. Judge Bucklo, over opposition from Defendant, granted the plaintiffs' motion to toll statute of limitations, finding "[d]ismissed opt-in plaintiffs may re-file their claims dismissed by this court on an individual basis on or before October 4, 2021". Dkt. 131. In the similar issue presented in *Haugen*, the Court's deadline was intended to reflect the date by which any plaintiffs must refile their claims without any expiration of their statute of limitations, rather than a deadline by which claims must be filed in order to avoid dismissal of claims with prejudice.

12.  Judge Bucklo's ruling relative to the tolling of the statute of limitations for the Plaintiffs who had opted into the *Haugen* case was in recognition of the well-established rule in this District that upon decertification of an FLSA collective action previously conditionally certified under 29 U.S.C. 216(b), the statute of limitations for the former opt-in plaintiffs are tolled from the date their consent form to join the FLSA collective action was filed, thereby relating back those claims to the initial filing (or in that case, the date the opt-in Plaintiffs' Consent form was filed in that *Haugen* case. See *Hodges v. Illinois Bell Tel. Co.*, No. 15 C 2711, 2015 WL 6407757, at *4 (N.D. Ill. Oct. 21, 2015) (Judge St. Eve found that Hodges' claims related back to the *Blakes* complaint, pursuant to Fed. R. Civ. P. 15(c)(1)(B), in that "Hodges' present FLSA claim [arises] out of the same conduct, transaction, or occurrence set out—or attempted to be set out—in the *Blakes* lawsuit" and that "Illinois Bell [had] notice of Hodges' claims … [the] present Amended Complaint relates back to the *Blakes* lawsuit in which Hodges filed.").

13.  It is unclear to Plaintiffs and counsel if, alternatively, any Plaintiff who does not refile their claim by August 5, 2022 would be forever barred from refiling their individual claim,

and that this Court would dismiss those claims with prejudice or if the original limitations period, as preserved by Judge Bucklo, would merely then begin to expire anew as of August 5.

14.     Courts in this District have found that claims in similar circumstances, where a decertified plaintiff, whose claims were later refiled as individual claims joined under Rule 20 were severed, the statute of limitations should again be tolled for a period of time until the Court's deadline to refile claims come to fruition.

> "Here, Ballard filed his opt-in consent on July 27, 2011, and although Judge Kim's decertification decision is dated December 17, 2013, it took effect on February 28, 2014 based on Judge Kim's order granting plaintiffs' motion to toll the statute of limitations. (11 C 0336, R. 239.) On February 28, 2014, the opt-in plaintiffs timely filed their action before Chief Judge Castillo. (14 C 1456, R. 1.) In his order granting Illinois Bell's misjoinder motion, Chief Judge Castillo afforded the severed plaintiffs 120 days to file separate amended complaints as to their claims. (R. 147, at 23.) Ballard filed the present lawsuit on July 29, 2015. Because this is the same lawsuit stemming from the *Blakes* Action, the Court turns to the relation back doctrine under Rule 15(c)(1)(B)."

*Ballard v. Illinois Bell Tel. Co.*, No. 15 C 2687, 2015 WL 6407574, at *3 (N.D. Ill. Oct. 21, 2015).

15.     Plaintiffs' counsel remains in contact with the severed Plaintiffs and are working toward refiling of the claims, but requests clarification of the impact of the August 5, 2022 deadline.

16.     Under the circumstances of the delay in sorting out the process and procedure relative to these severed claims and the need to bring this motion, Plaintiffs' counsel requests this Court grant an additional 14 days for Plaintiffs to consider all information, including the Court's ruling from this Motion, and if they elect to do so, refile their claims in separate, individual actions.

17.     Plaintiffs' counsel consulted with defense counsel prior to filing this Motion and provided a copy of the substance of said motion. Defense counsel indicated that Defendant objects to Plaintiffs' request for clarification as contained herein. No specific reason was stated.

**WHEREFORE**, Plaintiffs respectfully request that this Court grant their Motion to Clarify Issue Regarding Tolling of Severed Plaintiffs' Statutes of Limitations and enter an order:

a)      clarifying the Court's intent behind the August 5, 2022 deadline and the impact of said deadline;

b)      grant an additional 14 days for Plaintiffs to consider this information and make their choices relative to refiling their claim;

b)      and for all such other relief the Court deems appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 07/27/2022*

*s/John W. Billhorn*

John W. Billhorn
Samuel D. Engelson
Attorneys for Plaintiffs

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 1137
Chicago, IL 60604