UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN CUNNINGHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:21-cv-05368 |
| v. | ) | |
| | ) | Hon. Virginia M. Kendall |
| ROUNDY'S ILLINOIS, LLC, | ) | |
| d/b/a MARIANO'S, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S RESPONSE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO CLARIFY POTENTIAL TOLLING ISSUE

Defendant, Roundy's Illinois LLC d/b/a Mariano's ("Mariano's" or the "Company"), by its undersigned counsel, respectfully submits this Response Brief in opposition to the *Motion to Clarify Issue Regarding Tolling of Severed Plaintiffs' Statutes of Limitations* (Dkt. 31, or the "Motion"), filed by Plaintiff, Kevin Cunningham.

#### I. PRELIMINARY STATEMENT

On July 6, 2022, the Court granted Mariano's motion to sever, and ordered each plaintiff to file an amended complaint (and pay the applicable filing fee) in a separate lawsuit, unique to each individual plaintiff. (Dkt. 29). Consequently, Mr. Cunningham is the lone plaintiff in this lawsuit, and the only claims – and potential defenses [1] – at issue are those that pertain specifically to him. Despite the clear directive in the Court's severance order, Mr. Cunningham now uses the guise of "clarification" to request extraordinary relief; specifically, he asks the Court for:

---

[1] Mariano's has not yet asserted affirmative defenses (nor answered the original complaint) in this action, as the Company understands Mr. Cunningham is in the process of filing an amended complaint, as directed by the Court. (*See,* Dkt. Nos. 29-30).

1

… an improper advisory opinion …

… about potential defenses not yet asserted …

… against plaintiffs who are no longer parties …

… involving claims that are not before this Court.

On August 5, 2021, Judge Bucklo decertified the collective action in *Haugen*, on the ground that the various plaintiffs in that case were not "similarly situated" to each other under Section 216(b) of the FLSA. *Haugen v. Roundy's Illinois, LLC*, 552 F. Supp. 3d 806, 808-10 (N.D. Ill. 2021). In response to that adverse ruling, Plaintiff's counsel asked Judge Bucklo for substantive relief – specifically, to equitably toll the statute of limitations – under the guise of a "motion to clarify." (*Haugen*, Dkt. 126). Judge Bucklo granted that request, allowed the dismissed opt-in plaintiffs to re-file their claims on an "individual basis" by October 4, 2021, and equitably tolled the limitations period until that date. (*Haugen*, Dkt. 131) ("The motion to toll the statute of limitations for dismissed opt-in plaintiffs is granted. Dismissed opt-in plaintiffs may re-file their claims dismissed by this court on an individual basis on or before October 4, 2021.").

Instead of following Judge Bucklo's order, however, Plaintiff's counsel waited until ***October 8, 2021*** – four (4) days after the equitable tolling period had already expired – to file this lawsuit on behalf of the 23 dismissed opt-in plaintiffs. (*See*, Dkt. 1). Plaintiff's counsel now hopes to correct that mistake by asking the Court to issue an advisory opinion (again under the pretext of a "motion to clarify") based on the false presumption that: (a) the equitable tolling period had not expired, and the severed plaintiffs' claims were still "under the previous protection of his/her statute of limitations as Judge Bucklo ruled;" and (b) therefore, the severed plaintiffs' claims will automatically relate-back to *Haugen*, so long as they file their amended complaints by this Court's August 5, 2022, deadline. (Dkt. 31, at ¶¶ 4, 10-14).

2

Mr. Cunningham offers no legitimate reason for this Court to render an advisory opinion regarding the statute of limitations to claims that have not yet been filed, by plaintiffs who are not parties to this action. Nor can he. The "statute of limitations" is an affirmative defense, which requires an individualized inquiry into the unique facts and circumstances surrounding each plaintiff's case. It is precisely this type of "individualized factual issue" that led Judge Bucklo to decertify the plaintiffs' collective action (*Haugen*, 552 F. Supp. 3d at 811) which, in turn, prompted this Court to sever the plaintiffs' claims into 23 separate lawsuits. (Dkt. 29).

## II. RESPONSE ARGUMENTS

### A. Plaintiff Improperly Seeks an Advisory Opinion.

It is well settled that Article III requires the existence of "a genuine case or controversy" before a federal court may issue an opinion. *See, e.g. Continental Casualty Co. v. Southern Co.,* 284 F.Supp.2d 1118, 1121 (N.D. Ill. 2003). For that reason, federal courts are prohibited from issuing "advisory opinions." (*Id.*) (genuine case or controversy "must be definite and concrete, touching the legal relations of parties having adverse interests…as distinguished from an opinion advising what the law would be upon a hypothetical set of facts."), citing *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 240-41 (1937). An advisory opinion results if the court resolves a question of law that is not presented by the facts of the case before it. *See, e.g., In re Chicago, Rock Island & Pacific R.R. Co.,* 772 F.2d 299, 303 (7th Cir. 1985) (finding that a court can decide "only the case before it, and cannot render advisory opinions disposing of other issues not presented for decision"). *See, also, In re Shondel,* 950 F.2d 1301, 1309 (7th Cir. 1991) (a decision that cannot affect the legal rights of the parties is an impermissible advisory opinion); *United States v. Peters,* 754 F.2d 753, 757 (7th Cir. 1985) (opinions on abstract legal questions are advisory and not permitted).

3

In this case, Mr. Cunningham is asking the Court to opine about how its ruling on Mariano's motion to sever *might* impact potential affirmative defenses (which have not yet been pled) to amended complaints (that have not yet been filed) by plaintiffs who are not parties to this action. The "clarification" Mr. Cunningham seeks deals with purely hypothetical pleadings that *might* (or might never) occur, in hypothetical lawsuits that *might* (or might never) be filed, by 22 plaintiffs who are no longer parties to this case. In other words, he is asking the Court to render an advisory opinion about "what the law would be upon a hypothetical set of facts" – precisely the type of speculation that Article III forbids.

### B. The "Statute of Limitations" is an Affirmative Defense, Requiring an Individualized Inquiry of Each Unique Plaintiff.

The "statute of limitations" is an affirmative defense, enumerated in FED. R. CIV. P. 8(c)(1). That defense, and the question of whether the limitations period has been tolled, involves an individual assessment of the particular facts for each unique plaintiff. For that reason, courts in this Circuit and across the country have found that a statute of limitations defense precludes the collective treatment of a class of plaintiffs. *See, e.g., Haley v. Kolbe & Kolbe Millwork Co.,* 2015 WL 9255571, at *12 (W.D. Wis. Dec. 18, 2015), *aff'd sub nom.,* 863 F.3d 600 (7th Cir. 2017) (finding that issues of accrual and tolling of the limitations period required analysis of each potential class member's individual experiences and interactions with defendant, precluding class certification); *Crissen v. Gupta*, 2014 WL 4129586, at *18 (S.D. Ind. Aug. 19, 2014) ("Because determining whether each class member's claims were timely brought will involve highly individualized factual inquires, the Court finds that this issue predominates any common ones," precluding class certification); *but see, Sparano v. Southland Corp.,* 1996 WL 681273, at *4 (N.D. Ill. Nov. 21, 1996) (different states' statute of limitations and punitive damage laws can be handled by creating subclasses). *See also, In re Pharmaceutical Industry Average Wholesale Price*

*Litigation*, 252 F.R.D. 83, 102 (D.Mass. 2008) (finding common issues did not predominate where "separate trials would be necessary" to determine when statute of limitations began to run for each class member under the discovery rule); *Builders Bank v. First Bank & Tr. Co. of Illinois*, 2004 WL 626827, at *5 (N.D. Ill. Mar. 25, 2004) (assessment of statute of limitations defense requires individualized discovery). [2]

In this case, Judge Bucklo expressly considered Mariano's "various affirmative defenses," and found that the individualized nature of those defenses precluded collective treatment of these plaintiffs:

> The second factor courts consider when evaluating a motion for decertification is "whether the various affirmative defenses available to the defendant would have to be individually applied to each plaintiff." I conclude that they would.

*Haugen*, 552 F. Supp. 3d at 811, citing *Camilotes v. Resurrection Health Care Corp.*, 286 F.R.D. 339, 345 (N.D. Ill. 2012). Moreover, it was precisely these types of "individualized factual issues," which led this Court to sever the plaintiffs' claims into 23 separate lawsuits. (Dkt. 29, at p. 7). This issue has already been decided against Plaintiff – twice; there is no good-faith basis for him to ask the Court in *this* case to enter a blanket "comfort order" covering the *other* 22 cases.

It is certainly plausible that Mariano's will invoke the statute of limitations as an affirmative defense in some of these 23 lawsuits. Whether the Company prevails on that defense

---

[2] Similarly, the issues of tolling and relation-back are also individualized inquiries, unique to the particular circumstances of each plaintiff's case. *See, e.g., Broussard v. Meineke Discount Muffler Shops, Inc.,* 155 F.3d 331, 342 (4th Cir. 1998) (tolling depends on individualized factual showings unique to each class member); *Miller v. Illinois Bell Tel. Co.*, 157 F.Supp.3d 749,755-56 (N.D. Ill. 2016) (issue of whether decertified opt-in plaintiff's new lawsuit relates back to original *Blakes* collective action for statute of limitations purposes depends on whether defendant was sufficiently on notice of the claims against it); *Scott v. Illinois Bell Tel. Co.,* 169 F. Supp. 3d 845, 851 (N.D. Ill. 2016) (decertified opt-in plaintiff's new lawsuit *did not* relate back to original *Blakes* collective action); *Ballard v. Illinois Bell Tel. Co.,* 2015 WL 6407574, at *3 (N.D. Ill. Oct. 21, 2015) (decertified opt-in plaintiff's new lawsuit *did* relate back to original *Blakes* collective action).

will depend entirely on the facts of a particular case. This will require 23 separate, individualized inquiries, the findings of which will be entirely unique to each specific case. (Thus, for example, whether Mr. Cunningham's claims are time-barred will have no bearing whatsoever on whether the claims of Sevcan Costner – or Janel Larson, or Zachary Milbourn, or any other plaintiff – are time-barred). Simply put, the issues of "statute of limitations," "tolling," and "relation-back" are not matters that *this* Court should – or even can – decide for any plaintiff other than Mr. Cunningham.

### C. Plaintiff's Counsel's Rationale is Inconsistent with his Prior Representations to the Court(s).

As a practical matter, Mariano's has no objection to a fourteen-day extension of the Court's August 5, 2022, filing deadline (Dkt. 30), to August 19, 2022. However, Plaintiff's counsel's proffered rationale for the extension is disconcerting, and entirely inconsistent with his prior representations to this Court, and to Judge Bucklo. According to his Motion, Plaintiff's counsel requires this extension of time so that his various clients can decide whether they wish to pursue their claims against Mariano's on an individual basis:

- Plaintiff's counsel "remains in contact with the severed Plaintiffs and are working toward refiling of the claims…" (Dkt. 31, at ¶ 15); and

- He "will begin filing those individual complaints on behalf of the severed ***Plaintiffs who decide,*** or have decided, ***to move forward with an individual claim***." (*Id.*, at ¶ 8) (emphasis added); however,

- Plaintiff's counsel "requests this Court grant an additional 14 days for Plaintiffs to consider all information, including the Court's ruling from this Motion, ***and if they elect to do so***, refile their claims in separate, individual actions." (*Id.*, at ¶ 16) (emphasis added).

But Plaintiff's counsel does not explain why any of his clients would need to "decide" whether to move forward with their individual claims. To the contrary, Plaintiff's counsel has

previously represented to this Court and Judge Bucklo that *this decision has already been made*, and each of his 23 clients have *directed him* to file their individual claims in this lawsuit.

Less than a month after the decertification order, Plaintiff's counsel filed a status report in the *Haugen* case, and represented to Judge Bucklo that he would be re-filing individual claims "as directed by" his clients:

> 4. It is Defendant's position that the opt-in Plaintiffs' claims were dismissed upon the Court's issuance of its order granting decertification. It is Plaintiffs' position that, upon official dismissal of the opt-in Plaintiffs, Plaintiffs' counsel will initiate the refiling of those individual claims as directed by those Plaintiffs.

(*Haugen* Dkt. 129, at p. 1) (emphasis added).

Four months later, when opposing Mariano's motion to sever (Dkt. 11), Plaintiff's counsel similarly represented to the Court that he filed this lawsuit in order to assert "individual claims" on behalf of his 23 clients:

- "The claims of the Plaintiffs alleged herein, although joined to be managed in a single proceeding, are each individual claims the merits of which will be separately determined by the trier of fact." (Dkt. 22, at p. 10, PageID #95);

- "[T]he claims filed by Plaintiffs herein are in fact individual claims and in compliance with the order of Judge Bucklo [*i.e., Haugen* Dkt. 131, permitting dismissed opt-in plaintiffs to "re-file their claims dismissed by this court on an individual basis]." (*Id.*, at p. 11, PageID #96).

Thus, according to Plaintiff's counsel, he filed this lawsuit on October 8, 2021, because he was directed to do so by his 23 clients, each of whom made the decision to pursue an individual claim against Mariano's. Having already made that decision and directed Plaintiff's counsel to proceed, it is unclear why he would require additional time to file the amended complaints (and pay the associated filing fees) on behalf of his clients. Indeed, when Plaintiff's counsel inquired

7

about Mariano's position vis-à-vis the relief requested in this Motion, the undersigned: (a) posed this exact question, and (b) noted that compliance with the Court's August 5, 2022, filing deadline would obviate the need for any "clarification":

> John,
>
> **Is there any reason why you can't get these amended complaints on file by August 5th?** I presume your office has been working on preparing amended complaints for the past month (even if the Clerk had opened up new matters and assigned new case numbers to each plaintiff, you still would have been required to file an amended complaint in each such action by the August 5th deadline – so, presumably, these complaints should be almost ready to file, correct?) And I presume each individual plaintiff engaged you to pursue their claims on an individual basis prior to filing the complaint in Cunningham, so each client would have already decided and directed you to file his/her claim on an individual basis, correct?
>
> **I don't think any clarification will be necessary if you get your amended complaints on file by August 5th.** I also think that "statute of limitations" is an affirmative defense based on the unique facts and circumstances of each individual plaintiff, and should therefore be addressed on a case-by-case basis by each particular judge.
>
> <div align="right">(<i>See</i>, 07/22/2022 C. Griesmeyer email,<br>attached as <u>Exhibit A</u>) (emphasis added).</div>

Three days later, Plaintiff's counsel responded by ignoring the inquiry, and flatly rejecting any further discussion about this issue:

> Chris, attached is not yet final but in substantive form the Motion for Clarification of which I have alerted you.
>
> **Just let me know if I can style the Motion as opposed or unopposed. I don't need any guidance from you, thanks.** Just your position on contesting the motion or not.
>
> <div align="right">(<i>See</i>, 07/25/2022 J. Billhorn email,<br>attached as <u>Exhibit B</u>) (emphasis added).</div>

Two days later, Plaintiff's counsel filed his Motion. (Dkt. 31).


### III. CONCLUSION

For all of the reasons set forth above, Plaintiff's Motion to Clarify fails on substantive and procedural grounds. Accordingly, Defendant Roundy's Illinois, LLC d/b/a Mariano's respectfully requests that this Court enter an Order: (a) Denying Plaintiff's Motion (Dkt. 31), with prejudice; and (b) Awarding to Defendant any such other and further relief as the Court deems just.

Dated: July 29, 2022                    Respectfully submitted,

**ROUNDY'S ILLINOIS, LLC d/b/a MARIANO'S, Defendant**

By: /s/ *Christopher S. Griesmeyer*
      One of Its Attorneys

Christopher S. Griesmeyer (# 6269851)
Zachary Mulcrone (# 6300387)
GREIMAN, ROME & GRIESMEYER, LLC
205 West Randolph Street, Suite 2300
Chicago, Illinois 60606
(312) 428-2750
cgriesmeyer@grglegal.com
zmulcrone@grglegal.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court via the CM/ECF System which will send notification of such filing to those registered to receive electronic notices via email transmission at the email addresses provided by them, including counsel of record for Plaintiffs:

<div style="text-align:center">

John W. Billhorn
Samuel D. Engelson
BILLHORN LAW FIRM
53 W. Jackson Blvd., Suite 401
Chicago, Illinois 60604
jbillhorn@billhornlaw.com
sengelson@billhornlaw.com

</div>

    */s/ Christopher S. Griesmeyer*
Christopher S. Griesmeyer (# 6269851)
GREIMAN, ROME & GRIESMEYER, LLC
205 West Randolph Street, Suite 2300
Chicago, Illinois 60602
(312) 428-2750
cgriesmeyer@grglegal.com

*One of the Attorneys for Defendant,
Roundy's Illinois, LLC d/b/a Mariano's*

# EXHIBIT A

# Chris Griesmeyer

| | |
|---|---|
| **From:** | Chris Griesmeyer |
| **Sent:** | Friday, July 22, 2022 9:52 AM |
| **To:** | John Billhorn |
| **Cc:** | Samuel Engelson; Zachary Mulcrone; Jodi Hoare |
| **Subject:** | RE: Cunningham et al v. Roundy's Illinois, LLC - 1:21-cv-05368 |

John,

Is there any reason why you can't get these amended complaints on file by August 5th? I presume your office has been working on preparing amended complaints for the past month (even if the Clerk had opened up new matters and assigned new case numbers to each plaintiff, you still would have been required to file an amended complaint in each such action by the August 5th deadline – so, presumably, these complaints should be almost ready to file, correct?) And I presume each individual plaintiff engaged you to pursue their claims on an individual basis prior to filing the complaint in Cunningham, so each client would have already decided and directed you to file his/her claim on an individual basis, correct?

I don't think any clarification will be necessary if you get your amended complaints on file by August 5th. I also think that "statute of limitations" is an affirmative defense based on the unique facts and circumstances of each individual plaintiff, and should therefore be addressed on a case-by-case basis by each particular judge.

But, I'll be happy to look at a draft of your proposed Motion, to see if it affects our thinking. When do you anticipate sending a draft for our review?

Regards,


**Christopher S. Griesmeyer**
**GREIMAN, ROME & GRIESMEYER, LLC**
205 W. Randolph Street | Suite 2300
Chicago, Illinois 60606
(312) 428-2741 (Direct)
(312) 339-7439 (Mobile)



---

**From:** John Billhorn <jbillhorn@billhornlaw.com>
**Sent:** Friday, July 22, 2022 8:52 AM
**To:** Chris Griesmeyer <cgriesmeyer@grglegal.com>
**Cc:** Samuel Engelson <sengelson@billhornlaw.com>; Zachary Mulcrone <zmulcrone@grglegal.com>; Jodi Hoare <jodi@billhornlaw.com>
**Subject:** RE: Cunningham et al v. Roundy's Illinois, LLC - 1:21-cv-05368

Chris, will you have an objection to the relief we will be seeking? Obviously, we will get you a draft version of our Motion and then you can make a definitive decision, but I am just curious of your position as described so far.

**Sincerely,**
**John W. Billhorn** | Sr. Attorney | jbillhorn@billhornlaw.com

1

**Billhorn Law Firm** | www.billhornlaw.com
**Chicago Office**: 53 W. Jackson Blvd., St. 1137, Chicago, IL 60604 | 312-853-1450
**Denver Office**:  7900 E. Union Av., Suite 1100, Denver, CO 80237 | 720-386-9006

---

**From:** Lynn Kandziora <Lynn_Kandziora@ilnd.uscourts.gov>
**Sent:** Friday, July 22, 2022 8:41 AM
**To:** John Billhorn <jbillhorn@billhornlaw.com>
**Cc:** Samuel Engelson <sengelson@billhornlaw.com>; Zachary Mulcrone <zmulcrone@grglegal.com>; Jodi Hoare <jodi@billhornlaw.com>; Chris Griesmeyer <cgriesmeyer@grglegal.com>
**Subject:** Re: Cunningham et al v. Roundy's Illinois, LLC - 1:21-cv-05368

I think it would be best to file a motion to clarify the issue. Thanks

Sent from my iPhone

> On Jul 22, 2022, at 8:32 AM, John Billhorn <jbillhorn@billhornlaw.com> wrote:
>
> CAUTION - EXTERNAL:
>
> Lynn thanks so much for the quick response.  It seemed, from what Jodi of my office told me about her communications with Mr. Walker of the Clerk's office, that we would need to file these fresh cases as a regular filing and it would be such a filing and the paying of the fee that would create a case number and judge assignment.  Both sides had been anticipating the triggering event of the Clerk creating new case numbers on the docket.  So your clarification is appreciated.  We will simply begin filing the new (severed) cases just as we would any new filing, without any preliminary action by the Clerk.
>
> The issue regarding the August 5 "deadline" set by the Court's Order might be better addressed by Motion.  As I outlined in my email yesterday, the uncertainty of the impact of that date as intended by the Court is the issue and it would seem that Judge Kendall is best equipped to tell us what she intended with referencing that date, rather than another judge somewhere down the road trying to figure that out.
>
> It is actually just a "relating back" issue.  Some of these severed Plaintiffs will have statute of limitations that survive the refiling date of August 5 as set by the Court.  In the case wherein these claims originated (*Haugen v. Roundy's Illinois, LLC d/b/a Mariano's*, 1:18-cv-07297), when Judge Bucklo decertified the original FLSA 216(b) action, upon Plaintiffs' Motion for Clarification (Haugen Dkt. # 127), her Honor Order included verbiage that established a tolling of the Plaintiffs' claims up to a certain date (Haugen Dkt. # 131).  It appears that the August 5 refiling date set by Judge Kendall might be the same kind of "marker" for purposes of tolling (for a short period of time) individual Plaintiffs' statute of limitations, and then as of the August 5 date the limitations could again begin to tick away.  But if her Honor meant something different (such as any claim not refiled by August 5 becomes dismissed with prejudice), then Plaintiffs would for sure need to file a Motion to explain their position regarding the statute of limitations/relating back issue.
>
> If the Court believes there needs to be a Motion filed in this regard to preserve the issue on the record, Plaintiffs will do so promptly.  Or, if the defense does not have an objection and the Court feels it can enter an order clarifying the statute of limitations issue without briefs, perhaps another Motion is unnecessary.

Sincerely,
**John W. Billhorn** | Sr. Attorney | jbillhorn@billhornlaw.com
**Billhorn Law Firm** | www.billhornlaw.com
**Chicago Office**: 53 W. Jackson Blvd., St. 1137, Chicago, IL 60604 | 312-853-1450
**Denver Office**: 7900 E. Union Av., Suite 1100, Denver, CO 80237 | 720-386-9006

---

**From:** Lynn Kandziora <Lynn_Kandziora@ilnd.uscourts.gov>
**Sent:** Friday, July 22, 2022 7:33 AM
**To:** John Billhorn <jbillhorn@billhornlaw.com>
**Cc:** Samuel Engelson <sengelson@billhornlaw.com>; Zachary Mulcrone <zmulcrone@grglegal.com>; Jodi Hoare <jodi@billhornlaw.com>; Zachary Mulcrone <zmulcrone@grglegal.com>; Chris Griesmeyer <cgriesmeyer@grglegal.com>
**Subject:** RE: Cunningham et al v. Roundy's Illinois, LLC - 1:21-cv-05368

The language in the does not specify the Clerk's office procedures, that may be the misunderstanding. The parties shall file the new cases as separate cases on ECF. That is the only way the cases can be severed. My understanding is that the new cases shall be filed by 8/5. If there is further misunderstanding, a status can be set for Judge Kendall to clarify her ruling. Thanks.

Lynn Kandziora
Courtroom Deputy to the Honorable Virginia M. Kendall
U.S. District Court for the Northern District of Illinois
219 S. Dearborn Street, Room 2506A
Chicago, Illinois 60604
(312) 408-5153

**From:** John Billhorn <jbillhorn@billhornlaw.com>
**Sent:** Thursday, July 21, 2022 10:29 PM
**To:** Lynn Kandziora <Lynn_Kandziora@ilnd.uscourts.gov>
**Cc:** Samuel Engelson <sengelson@billhornlaw.com>; Zachary Mulcrone <zmulcrone@grglegal.com>; Jodi Hoare <jodi@billhornlaw.com>; Zachary Mulcrone <zmulcrone@grglegal.com>; Chris Griesmeyer <cgriesmeyer@grglegal.com>
**Subject:** Cunningham et al v. Roundy's Illinois, LLC - 1:21-cv-05368

**CAUTION - EXTERNAL:**

Good evening Ms. Kandziora,

As you may know from communications with Mr. Walker from the Clerk's office, on behalf of the Plaintiffs severed from the above captioned case by way of Judge Kendall's July 6, 2022 decision granting Defendant's Motion To Severe, my office has been seeking clarification regarding the manner in which the new filings should proceed. The dialogue my office first had with a representative of the Clerk's office changed after, as we understand it, Mr. Walker and you spoke today. Our understanding of Mr. Walker's opinion now is that the new filings should proceed in a manner slightly inconsistent with the plain language contained in Her Honor's Memorandum Opinion and Order. Defense counsel, Mr. Griesmeyer (copied here), and I have also had several email exchanges expressing our respective views of the procedural requirements and despite those best efforts, he and I have not been able to reach a mutually consistent understanding in this regard.

3

Plaintiffs also seek clarification of the import of the Court's selection of the date that the new filings must be accomplished (i.e., August 5). In advising the 22 or so severed Plaintiffs of their options with respect to refiling, we are uncertain if the August 5 mandated date represents the Court's view that any filing not accomplished by that date would then be legally foreclosed (despite some Plaintiffs still having an active limitations period remaining, or if the August 5 date is merely the date by which individual limitations period would again begin to toll.

I believe these issues are capable of clarification with a simple status call with Her Honor, but of course if the Court would prefer the filing of a Motion, Plaintiffs stand prepared to do so. We will await further directive from you and the Court. Thanks as always for your assistance and, of course, Judge Kendall's time.

**Sincerely,**
**John W. Billhorn** | Sr. Attorney | jbillhorn@billhornlaw.com
**Billhorn Law Firm** | www.billhornlaw.com
**Chicago Office**: 53 W. Jackson Blvd., St. 1137, Chicago, IL 60604 | 312-853-1450
**Denver Office**: 7900 E. Union Av., Suite 1100, Denver, CO 80237 | 720-386-9006

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.**

# EXHIBIT B

# Chris Griesmeyer

| | |
|---|---|
| **From:** | John Billhorn <jbillhorn@billhornlaw.com> |
| **Sent:** | Monday, July 25, 2022 2:40 PM |
| **To:** | Chris Griesmeyer |
| **Cc:** | Jodi Hoare; Samuel Engelson |
| **Subject:** | Cunningham Severed Claims |
| **Attachments:** | Cunningham v Roundy's Mtn to Clarify Issue Regarding Tolling of Severed Plaintiffs Statutes of Limitations Final from JWB 7.25.22.docx |

Chris, attached is not yet final but in substantive form the Motion for Clarification of which I have alerted you.

Just let me know if I can style the Motion as opposed or unopposed. I don't need any guidance from you, thanks. Just your position on contesting the motion or not.

**Sincerely,**
**John W. Billhorn** | Sr. Attorney | jbillhorn@billhornlaw.com
**Billhorn Law Firm** | www.billhornlaw.com
**Chicago Office**: 53 W. Jackson Blvd., St. 1137, Chicago, IL 60604 | 312-853-1450
**Denver Office**:  7900 E. Union Av., Suite 1100, Denver, CO 80237 | 720-386-9006