IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN CUNNINGHAM, | ) |
| | ) No. 1:21-cv- 5368 |
| Plaintiff, | ) |
| | ) |
| v. | ) **Hon. Virginia M. Kendall** |
| | ) **District Court Judge** |
| ROUNDY'S ILLINOIS, LLC D/B/A MARIANO'S | ) |
| | ) Hon. Sheila M. Finnegan |
| | ) Magistrate Judge |
| Defendant. | ) |
| | ) ***JURY DEMAND*** |
| | ) |

**PLAINTIFF'S MOTION TO STAY BRIEFING SCHEDULE
ON DEFENDANT'S MOTION TO DISMISS, PENDING RULING BY THE
HONORABLE VIRGINIA M. KENDALL ON MOTION TO CONSOLIDATE
THIS CASE WITH *CUNNINGHAM V. ROUNDY'S ILLINOIS, LLC*, CASE 21-CV-05368**

**NOW COMES** Plaintiff, and in support of this Motion to Stay Briefing Schedule on Defendant's Motion to Dismiss, Pending Ruling by the Honorable Virginia M. Kendall on Motion To Consolidate This Case With *Cunningham v. Roundy's, LLC*., Case 21-05368, states as follows:

1. On July 6, 2022, pursuant to Fed. R. Civ. P. 20, in the case of *Cunningham v. Roundy's, LLC*., Case 21-05368, this Court issued a ruling severing from that case 23 Plaintiff claims which had filed together in that Fair Labor Standards Act (FLSA) action. See Cunningham, Dkt #29.

2. As a result, Plaintiff Cunningham's claims now stand solo in this action. The 13 other claims severed from *Cunningham* were also refiled in this district, and were assigned to 11 different judges. As a result, 15 different cases against Roundy's by 15 current and former employees, all working in the same designated position in the same corporate grocery store chain model, now have overtime claims pending throughout the Northern District.

1

3. As its responsive pleading to all 15 claims, Defendant Roundy's has moved to dismiss the claims based upon an identical legal theory as well as an identical set of facts. In this case, see Dkt. #38.

4. By order of this Court (Dkt. #39), a briefing schedule has been set requiring Plaintiff's response to be filed on or before October 6, 2022.

5. On September 29, 2022, Plaintiff Cunningham filed before this Court his Motion For Leave to File Brief in Support in Excess of 15-Page Limitation regarding his Motion for reassignment and consolidation of this case (and the 12 refiled cases) under the provisions of F.R.C.P. 42(a) and Local Rule 40.4. See *Cunningham* Dkt #40. Upon this Court's ruling on that Motion to File in Excess, Plaintiff Cunningham will file either his 20-page brief in support or a trimmed-down 15-page version of the same. In the abundance of caution, should this Court's ruling on Cunningham's motion for leave to file in excess not be issued prior to the deadline set by this Court for Plaintiff's response to Roundy's dismissal motion, Plaintiff reasoned this Motion to Stay should be filed now pending action by this Court on the consolidation motion.

6. The very essence of Plaintiff's Motion To Consolidate before this Court is that Roundy's 15 motions to dismiss, filed before 11 different judges in this district, are all premised upon virtually identical issues of law and fact. And, ultimately (assuming survival on those motions to dismiss), issues of law on the underlying administrative exemption claimed by Roundy's are identical, and the facts to be considered in all 15 cases relative to that claimed exemption are substantially similar. Plaintiff Cunningham asserts in his motion for consolidation before this Court that the 15 cases are prime and proper candidates for reassignment to this Court, so as to achieve consistent outcomes in the application of identical law and identical facts on the dismissal issue, and consistent outcomes in the application of identical law and largely similar facts on underlying affirmative defenses. The law in this district soundly supports consolidation and reassignment.

7. Given the strength of the consolidation motion pending before this Court, Plaintiff herein asserts that the briefing schedule on Roundy's Motion to dismiss in this case should be stayed for a short period of time pending this Court's decision on the consolidation and reassignment issue. Proceeding on the briefing of Roundy's dismissal motion here, prior to this Court's ruling on the consolidation and reassignment motion, would frustrate the very purpose of Rules 42(a) and 40.4 in that the resources of the Parties, and most importantly the valuable resources of the 11 judges in this district, would likely be wasted. The same relief (to stay the briefing on Roundy's 15 dismissal motions), has been requested before each of the other judges involved (Judge Johnson Coleman (two (2) cases), Judge Guzman (also two (2) cases), Judge Feinerman, Judge Ellis, Judge Alonso, Judge Valderrama, Judge Rowland, Judge Kness, Judge Norgle, Judge Gottschall, and Judge Shah).

8. Staying the briefing schedule on Roundy's Motion to Dismiss herein until such time Judge Kendall rules upon the consolidation and reassignment motion in *Cunningham* would be the more efficient and prudent procedural course, and would be consistent with the purpose and intent of Rules 42(a) and 40.4.

WHEREFORE, Plaintiff requests this Court to enter an Order granting this Motion to Stay Briefing Schedule on Defendant's Motion to Dismiss pending Judge Kendall's consolidation ruling, and for such other relief the Court deems appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 09/30/2022*

/s/ John W. Billhorn
_____

John W. Billhorn
Samuel D. Engelson

Attorneys for Plaintiff

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 1137
Chicago, IL 60604
(312) 853-1450