**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KEVIN CUNNINGHAM,<br><br>Plaintiff,<br><br>v.<br><br>ROUNDY'S ILLINOIS, LLC,<br>d/b/a MARIANO'S,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:21-cv-5368<br><br>Hon. Virginia M. Kendall |

**DEFENDANT'S RESPONSE BRIEF IN OPPOSITION TO**
**PLAINTIFF'S MOTION TO STAY BRIEFING**

Defendant, Roundy's Illinois, LLC d/b/a Mariano's ("Defendant," or "Mariano's"), by and through its undersigned counsel, respectfully submits this response brief in opposition to Plaintiff's Motion to Stay Briefing Schedule (Dkt. 43) on Mariano's pending Motion to Dismiss. (Dkt. 38).

**PRELIMINARY STATEMENT**

Plaintiff has no legitimate basis to request a stay in this case. There is no reason for the Court to stay briefing on Mariano's pending dispositive Motion to Dismiss simply because Plaintiff's counsel intends to request the extraordinary relief of "re-consolidating" fourteen (14) separate lawsuits, which the Court ***severed*** from this action less than three months ago.[1] As the Court recognized when it granted Mariano's motion to sever on July 6, 2022, the facts and circumstances surrounding each plaintiff's claims are independent and entirely unique to that particular employee. Consequently, Mariano's pending Motion to Dismiss is based on a specific set of unique facts and circumstances that pertain only to this particular Plaintiff.

[1] Technically, plaintiff's counsel in *Cunningham* has not yet filed a motion to consolidate under FED. R. CIV. P. 42, or to reassign under Local Rule 40.4; rather, he merely sought leave to file an enlarged brief in support of his supposedly forthcoming motion. *See Cunningham*, Dkt. 40. In any event, Your Honor has already decided that Ms. Fuhrmann's claims should not be litigated together with Mr. Cunningham's claims (or the claims of the other PSM plaintiffs). *Cunningham*, Dkt. 29.

There are several reasons why the Court should deny Plaintiff's request for a stay, pending the Court's resolution of a forthcoming motion to consolidate. *First*, Plaintiff's claims were already dismissed with prejudice, so Mariano's should not be forced to endure any further delay or expense. *Second*, the parties seeking consolidation have already sought to have their claims adjudicated together in this action, and have received several rulings prohibiting them from adjudicating their claims together. *Third*, even if the cases were re-consolidated, each plaintiff would still need to respond to each of Mariano's pending motions to dismiss, so there is no reason to delay briefing on the Motion to Dismiss in this action. *Finally*, Judge Coleman has already denied plaintiff-counsel's request to stay briefing in two (2) of the other cases he is seeking to re-consolidate: *Razzak v. Mariano's*, Case No. 22-cv-3990, and *Prgam v. Mariano's*, Case No. 22-cv-4034.

**PROCEDURAL HISTORY**

On November 1, 2018, James Haugen sued Mariano's for alleged violations of the Fair Labor Standards Act (and ancillary state laws and local wage ordinances), on his own behalf and on behalf of other similarly situated People Service Managers ("PSMs," which are store-level human resources managers employed at each Mariano's store location). *See Haugen, et al. v. Roundy's Illinois, LLC d/b/a Mariano's*, Case No. 18-cv-7297 (N.D. Ill.), Dkt. 1. Mr. Haugen alleged that Mariano's misclassified him and other PSMs as "exempt," and consequently violated the FLSA by failing to pay "time-and-a-half" for overtime hours worked. *Id.* at ¶ 5. Mr. Haugen framed his lawsuit as a putative collective FLSA action under 29 U.S.C. § 216(b) and sought to serve as the lead plaintiff.[2]

[2] By way of background, courts typically employ a two-part test to determine whether employees are "similarly situated" such that an FLSA action may proceed on a collective basis. "At the first stage, a named plaintiff 'can show that the potential claimants are similarly situated by making a modest factual

*– Footnote Cont'd Next Page…*

After "Phase I" discovery, Judge Bucklo granted conditional certification of *Haugen* as a collective action. *Haugen*, Dkt. 51. Twenty-eight (28) plaintiffs eventually opted in, including Plaintiff. The parties began conducting "Phase II" discovery to determine whether there was sufficient similarity among the plaintiffs to allow the matter to proceed collectively on the merits. During Phase II, the parties took extensive discovery that included document requests, interrogatories, more than a dozen (12) depositions. At the conclusion of Phase II discovery, Mariano's moved to decertify the conditionally-certified collective action on the basis that the plaintiffs were not "similarly situated" to one another. *Haugen*, Dkt. 109.

After examining the parties' extensive briefing and the evidence gathered in discovery, Judge Bucklo ruled that the plaintiffs were not similarly situated to each other under Section 216(b) of the FLSA. On that basis, she granted Mariano's motion to decertify the putative collective action and dismissed the opt-in plaintiffs, including Plaintiff. *Haugen v. Roundy's Illinois, LLC*, 552 F. Supp. 3d 806, 811 (N.D. Ill. 2021). Judge Bucklo noted, "in light of the individualized factual issues that would predominate, the interests of judicial economy would not be served by allowing the claims to proceed on a collective basis." *Id*. This was the ***first*** of several rulings prohibiting the plaintiffs from litigating their claims against Mariano's together.

The dismissed plaintiffs later sought clarification regarding Judge Bucklo's decertification/dismissal order. In response, Judge Bucklo entered an order allowing the dismissed plaintiffs to refile their actions only "on an individual basis" by October 4, 2021, thereby marking the ***second*** ruling prohibiting the plaintiffs from litigating their claims together. *Haugen*, Dkt. 131.

showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law.'" *Camilotes v. Resurrection Health Care Corp.*, 286 F.R.D. 339, 345 (N.D. Ill. 2012) (quoting *Franks v. MKM Oil, Inc.*, No. 10 CV 00013, 2012 WL 3903782, at *9 (N.D. Ill. Sept. 7, 2012)). "At the second stage, however, the court's inquiry becomes more stringent." *Id*.

On October 8, 2021, Plaintiff and twenty-two (22) of the other dismissed plaintiffs jointly (and untimely) refiled their claims in a single lawsuit, *Cunningham, et al. v. Roundy's Illinois, LLC d/b/a Mariano's*, Case No. 1:21-cv-05368 (N.D. Ill.), hoping that Your Honor would allow their cases to proceed as a *de facto* collective action. *Cunningham*, Dkt. 1. By refiling their disparate claims in a single action, plaintiffs violated both the letter and the spirit of Judge Bucklo's rulings. Thus, Mariano's moved, under FED. R. CIV. P. 20 and 21, to sever the disparate claims of each *Cunningham* plaintiff into separate actions. *See*, Dkt. 11 & Dkt. 12. On July 6, 2022, Your Honor granted Mariano's motion and severed each plaintiff, explaining, "[j]ust as the claims asserted in *Haugen* were unsuitable for collective treatment, it is improper for this case to proceed with twenty-three individual Plaintiffs with such disparate claims…." *See*, Dkt. 29 at 9. Your Honor required each plaintiff to refile his or her severed claims in a separate action by August 5, 2022. *See*, Dkt. 30. This was the ***third*** ruling prohibiting plaintiffs from litigating their claims together.

In early August 2022, fourteen of the PSM plaintiffs re-filed their claims as individual lawsuits. However, the plaintiffs yet again attempted to get the Court to litigate their claims together, this time by way of a *de facto* consolidation. Each of the fourteen PSM plaintiffs falsely stated on their civil cover sheets in the new actions that Your Honor had dismissed (as opposed to severed) them from *Cunningham*.[3] Accordingly, under Local Rule 40.3(b)(2), the Clerk assigned all the cases back to Your Honor. The plaintiffs' scheme worked (at least temporarily); by improperly marking the severed claims as "previously dismissed" by the *Cunningham* court, the plaintiffs managed to circumvent the Local Rules and get their severed claims and disparate lawsuits back before Your Honor without moving for consolidation or reassignment. After several

[3] This distinction is important. "When a federal civil action is severed, it is not dismissed. Instead, the clerk of court creates multiple docket numbers for the action already on file, and the severed claims proceed as if suits had been filed separately." *Lee v. Cook County, Ill.*, 635 F.3d 969 (7th Cir. 2011).

days of discussion with the Clerk's Office (which resulted in, according to Plaintiff's counsel, a meeting with Chief Clerk Thomas Burton and a consultation with the Executive Committee), Your Honor entered a clarification order, directing the Clerk's Office "to randomly assign each severed case by lot to an active Judge." *See*, Dkt. 37. This marked the ***fourth*** time the PSM plaintiffs had been prohibited from litigating their claims together before the same judge.

On August 18, 2022, Plaintiff filed his Amended Complaint in this action, removing all references to the other PSM plaintiffs. *See*, Dkt. 36. On September 16, 2022, Mariano's timely moved to dismiss Plaintiff's Amended Complaint under Rule 12(b)(6), on the grounds that: (a) Plaintiff's claims were dismissed with prejudice from *Haugen*, such that Plaintiff is barred from bringing those claims again here; and (b) even if the claims had not been dismissed with prejudice, the statute of limitations bars Plaintiff's claims. Although Mariano's has moved to dismiss in other "PSM cases," the motions are not "identical." Not only do various plaintiffs assert different claims (depending, in part, on the Mariano's location at which a particular plaintiff worked), but each of their claims accrued on different dates, requiring a unique statute of limitations analysis for each particular plaintiff.

On September 29, 2022, Plaintiff filed his motion seeking leave to file an enlarged brief in support of his proposed "Motion to Consolidate," a draft copy of which he included as an exhibit thereto. *See*, Dkt. 40-1. On September 30, 2022, Mariano's submitted a proposed briefing schedule to the Court, suggesting that the Court postpone briefing on the proposed Motion to Consolidate until after the Court has ruled on Defendant's pending Motion to Dismiss. *See*, Dkt. 42. Thirty-three minutes later, Plaintiff took the opposite position, and filed his Motion to Stay Briefing. *See*, Dkt. 43.

As explained below, this Court has already considered – and rejected – the arguments raised in Plaintiff's proposed motion to consolidate, when it granted Mariano's motion to sever

nearly three months ago. *See*, Dkt. 29. Plaintiff's counsel's obdurate refusal to accept the rulings of this Court (and Judge Bucklo), and his insistence on re-litigating issues that have been decided against him, is not a legitimate basis to stay briefing on Mariano's pending dispositive motion. If anything, it is Plaintiff's proposed motion to consolidate that should be stayed pending the Court's ruling on Mariano's Motion to Dismiss.

## ARGUMENT

Plaintiff provides no legitimate reason to stay briefing on Mariano's pending Motion to Dismiss. However, there are several reasons why the Court should deny Plaintiff's requested stay.

### A. Plaintiff's Claims Have Been Dismissed with Prejudice.

As explained in Mariano's pending Motion to Dismiss, the claims Plaintiff seeks to assert in this action have already been dismissed with prejudice. (*See*, Def.'s Mo. to Dismiss, at pp. 6-9). When Judge Bucklo decertified the collective action in *Haugen*, she dismissed the claims of all decertified plaintiffs (including Plaintiff in this case) "without prejudice," with the directive that they "may re-file their claims dismissed by this court on an individual basis on or before October 4, 2021." *Haugen*, Dkt. 125, and Dkt. 131. But Plaintiff did not re-file by October 4, 2021, as Judge Bucklo had ordered. Instead, Plaintiff waited until ***October 8, 2021,*** to re-file those claims as part of the *Cunningham* case. By that time, Judge Bucklo's "without-prejudice" dismissal of Plaintiff's claims had already ripened into a "with-prejudice" dismissal.[4]

[4] Ordinarily, "when a court dismisses a case without prejudice subject to the condition that a plaintiff must perform a certain action, such as filing an amended complaint, within a specified time, then upon the plaintiff's failure to perform that action the dismissal ripens into a dismissal with prejudice." *Johnson v. Schoen*, 2011 WL 245569, at *1 (S.D. Ill. Jan. 26, 2011). Indeed, as the Seventh Circuit has explained, where a court imposes a condition on a without-prejudice dismissal, "[w]hen the condition is no longer satisfiable, the dismissal becomes one with prejudice…." *Otis v. City of Chicago*, 29 F.3d 1159, 1164 (7th Cir. 1994). *See also*, *McDonald v. Household Int'l, Inc.*, 425 F.3d 424, 427 (7th Cir. 2005). (plaintiff's failure to file amended complaint within time allotted by Court's "without-prejudice" dismissal order, turned the dismissal into "one with prejudice"). It is well-settled that "a suit that has been dismissed with prejudice cannot be refiled; the refiling is blocked by the doctrine of res judicata." *Elmore v. Henderson,*

*– Footnote Cont'd Next Page…*

Because the Plaintiff's claims have already been dismissed with prejudice, Mariano's should not be required to waste any more time or money litigating this matter, should be spared further procedural gamesmanship by Plaintiff's counsel, and should not be forced to suffer any further delay.

### B. Your Honor Has Already Decided That Plaintiff's Claims Should Not Be Litigated Together with the Other PSM Plaintiffs

Plaintiff argues that briefing on Mariano's pending Motion to Dismiss should be stayed for only one reason: the purported "strength of the consolidation motion pending before this Court." (Pl.'s Mo. to Stay, at ¶ 7). Contrary to what Plaintiff would like the Court to believe, the proposed motion to re-consolidate is neither "pending," nor "strong."

As noted above, plaintiff's counsel has not yet filed a motion to re-consolidate the PSM cases into this lawsuit. Rather, plaintiff's counsel has merely sought leave to file an enlarged brief in support of his supposedly forthcoming motion. *See*, Dkt. 40. Thus, Plaintiff's motion to stay is (technically) premised on a proposed motion that has not yet been filed. But setting aside this technical matter, the issues raised in the proposed motion for re-consideration have already been decided – repeatedly – against Plaintiff.

In their briefing on Mariano's motion to sever, the parties addressed the very same issues that will be litigated on a Rule 42 consolidation motion. The threshold requirement for consolidation is whether the actions "involve a common question of law or fact." FED. R. CIV. P. 42(a). That is exactly the same issue that courts analyze in determining whether parties are properly joined together in a single suit. FED. R. CIV. P. 20(a)(1)(B) (providing that the second requirement for proper joinder is "any question of law or fact common to all plaintiffs.").

---

227 F.3d 1009, 1011 (7th Cir. 2000); *see also* *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 506 (2001) (holding that that when a federal court dismisses claims with prejudice, that "bar[s] refiling of the same claim" in federal court).

Accordingly, in their severance briefing, the parties thoroughly addressed whether the plaintiffs' actions present any common issues of law or fact. Mariano's opening brief addressed the issue (Dkt. 12 at 12-13); Plaintiff's response brief addressed the issue (Dkt. 22 at PageID #:89-90); and Mariano's reply brief addressed the issue (Dkt. 26 at PageID #:145-47). Your Honor carefully considered these issues – the same issues Plaintiff seeks to raise again in his proposed motion to re-consolidate – and granted Mariano's motion to sever. *See*, Dkt. 29.

With this procedural history in mind, there seems little sense in staying the briefing of Mariano's Motion to Dismiss on the basis that the Court *might* grant consolidation, when the Court granted ***severance*** less than three months ago.

**C. Consolidation Would Not Support a Stay in Any Event.**

Even if it were certain that the Court would grant consolidation, that would not constitute a valid reason to stay briefing on the pending Motion to Dismiss. "Consolidation under Rule 42(a) does not merge two actions into one case." *DeliverMed Holdings, LLC v. Schaltenbrand*, No. 10-CV-684-JPG-DGW, 2010 WL 8751074, at *4 (S.D. Ill. July 10, 2010). "On the contrary, each consolidated case retains its separate identity." *Id*. Accordingly, no matter whether the cases are re-consolidated back before this Court, Mr. Cunningham – and every other PSM plaintiff – will need to respond to Mariano's Motion to Dismiss. Thus, if the parties to this action simply follow the briefing schedule, then, in the unlikely event the case is consolidated, the Motion to Dismiss will be fully-briefed and ready for decision. Granting a stay of that briefing would cause undue delay, with no discernible benefit.

**D. Judge Coleman has Already Denied a Stay.**

Finally, another judge has already denied a stay with respect to two (2) of the PSM-plaintiffs who will purportedly seek to re-consolidate their cases with *Cunningham*. On September 21, 2022, Mariano's appeared for a telephonic hearing before Judge Coleman to present the

motions to dismiss it had filed in two matters: *Razzak v. Mariano's* (Case No. 22-cv-03990), and *Prgam v. Mariano's* (Case No. 22-cv-04034). Plaintiff's counsel (who represents the plaintiffs in those cases, as well as every other PSM plaintiff in these various cases) appeared as well, and argued during the hearing that Judge Coleman should stay briefing on Mariano's motions to dismiss until after Your Honor rules on the issue of re-consolidation. Judge Coleman considered that argument – *i.e.*, the verbatim argument Plaintiff has asserted in this case – for more than a day, and ultimately rejected it by setting a briefing schedule on the motions to dismiss:

> MINUTE entry before the Honorable Sharon Johnson Coleman: Presentment hearing held on Defendant's Rule 12(b)(6) Motion to Dismiss [12] on 09/21/2022. The parties provided background information regarding the underlying cases from which the instant case arose, *Haugen et al. v. Roundy's Illinois, LLC*, 18-cv-7297 (Bucklo, J.), and *Cunningham et al. v. Roundy's Illinois, LLC*, 21-cv-5368 (Kendall, J.). ***In addition, plaintiff's counsel informed the Court that plaintiff intends to bring a motion for consolidation under FRCP 42(a) before Judge Kendall*** seeking to consolidate multiple individual actions stemming from Judge Kendall's recent severance ruling in the *Cunningham* case. ***Regardless, the Court finds that it is appropriate to enter a briefing schedule on defendant's motion to dismiss at this time.*** Plaintiff's response will be due by 10/20/2022, and defendant's reply will be due by 11/03/2022. Should the outcome of plaintiff's forthcoming consolidation motion before Judge Kendall warrant an adjustment to that schedule or to the Court's consideration of the motion, the Court will make any such determination at a later date. Telephone status hearing set for 10/05/2022 is stricken.

*Razzak*, Dkt. 15 (emphasis added); *Prgam*, Dkt. 15 (emphasis added).

Thus, at least one Judge has already considered these issues in two of the cases the plaintiffs seek to consolidate, and denied plaintiff-counsel's request for a stay. If, as Plaintiff contends, the cases are so similar that they never should have been severed or de-certified, and re-consolidation is warranted, then, by Plaintiff's own logic, it should take little effort to modify the forthcoming response briefs in *Razzak* and *Prgam* to address the arguments raised by Mariano's in its Motion to Dismiss in this case. There is no legitimate reason for further delay.

## CONCLUSION

WHEREFORE, for all of the reasons set forth above, Defendant, Roundy's Illinois, LLC d/b/a Mariano's, respectfully requests that the Court enter an Order denying Plaintiff's Motion to Stay Briefing Schedule.

Dated: October 3, 2022

Respectfully submitted,

**ROUNDY'S ILLINOIS, LLC d/b/a MARIANO'S, Defendant**

By: */s/ Christopher S. Griesmeyer*
One of Its Attorneys

Christopher S. Griesmeyer (# 6269851)
Zachary Mulcrone (# 6300387)
GREIMAN, ROME & GRIESMEYER, LLC
205 West Randolph Street, Suite 2300
Chicago, Illinois 60606
(312) 428-2750
cgriesmeyer@grglegal.com
zmulcrone@grglegal.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court via the CM/ECF System which will send notification of such filing to those registered to receive electronic notices via email transmission at the email addresses provided by them, including counsel of record for Plaintiffs:

John W. Billhorn
Samuel D. Engelson
BILLHORN LAW FIRM
53 W. Jackson Blvd., Suite 401
Chicago, Illinois 60604
jbillhorn@billhornlaw.com
sengelson@billhornlaw.com

*/s/ Christopher S. Griesmeyer*
Christopher S. Griesmeyer (# 6269851)
GREIMAN, ROME & GRIESMEYER, LLC
205 West Randolph Street, Suite 2300
Chicago, Illinois 60602
(312) 428-2750
cgriesmeyer@grglegal.com

*One of the Attorneys for Defendant, Roundy's Illinois, LLC d/b/a Mariano's*