**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KEVIN CUNNINGHAM ) | **№.** 1:21-cv- 5368 |
| ) | |
| Plaintiff, ) | |
| ) | **Hon. Virginia M. Kendall** |
| v. ) | **District Court Judge** |
| ) | |
| ROUNDY'S ILLINOIS, LLC., D/B/A ) | Hon. Sheila M. Finnegan |
| MARIANO'S ) | Magistrate Judge |
| ) | |
| Defendant. ) | *JURY DEMAND* |
| ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO CONSOLIDATE PURSUANT TO FEDERAL RULE OF CIVIL
PROCEDURE 42 AND MOTION TO REASSIGN RELATED
CASES PURSUANT TO LOCAL RULE 40.4**

I.    **INTRODUCTION**

A.  **History of Previous Proceedings**

On July 6, 2022, pursuant to Fed. R. Civ. P. 20, this Court issued a ruling severing 23

Plaintiff claims which had filed together in this single Fair labor Standards Act (FLSA) action.

This Court's opinion reasoned that since the joined claims were previously decertified as a

collective action, that severance of the claims under Rule 20 was warranted. This Court ruled that

since the joinder analysis under Rule 20 was more stringent than the "similarly situated" threshold

pertinent to the evaluation of decertification of a collective action, here the joined plaintiffs here

were necessarily unable to satisfy joinder under Rule 20 and thus, severance of the claims was

required. *Cunningham, et al.*, Dkt. 29.

To date, fourteen (14) of the severed claims have been refiled in this district, shot-gunned

by random assignment across 11 different judges, including one severed claim that was randomly

assigned to this Court (see footnote 3). In the instant Motion, Plaintiff Cunningham moves this Court for consolidation of those other 13 claims here, for the reasons developed *infra*.

As noted in this Court's severance ruling, the filing of the 23 claims in the *Cunningham* case had as their origin an FLSA wage and hour collective action, before the Honorable Elaine E. Bucklo - *Haugen, et al. v. Roundy's Illinois, LLC*, Case No. 18-cv-7297. The claims brought by the two named Plaintiffs in *Haugen* were, for all practical purposes, identical to those alleged here – that Roundy's improperly compensated them (under the title of Personal Service Managers or "PSMs") as exempt/salaried employees and failed to pay overtime for hours worked over 40 in a work week.[1] *Haugen* Dkt. 1, 38. The two named Plaintiffs in *Haugen* moved for stage-one collective action certification. *Haugen* Dkt. 39, 40. After contested briefing, Judge Bucklo conditionally certified a collective action which resulted in the joinder (via returned opt-in consents) of each of the 15 Plaintiffs who have now filed their own, individual actions. See *Haugen* Dkt. 50, 51. After discovery as to a portion of the collective class, Roundy's moved for decertification. *Haugen* Dkt. 109. In ruling on Roundy's decertification motion, Judge Bucklo found that the opt-in class members, under the prescribed legal analysis, were not sufficiently similar to the named Plaintiffs, and decertified the collective. *Haugen* Dkt. 124, 125.

As described below, the forced results of Roundy's insistence that these fifteen (15) PSM claims (the "PSM Cases")[2] be litigated separately in individual cases, has been months and months (indeed years) of motion practice. All of that motion practice has now produced 15 individual cases, filed by 15 different current and former Roundy's PSMs, who each worked the same

---

[1] The original named Plaintiffs in the *Haugen* matter later settled their claims against Defendant following a second settlement conference before Hon. Sheila M. Finnegan. The settlement was approved on the record, as required by 7th Circuit precedent. Dkt. 148, 149. See *Salcedo v. D'Arcy Buick GMC, Inc. 227 F.Supp.3d 960.*

[2] See Exhibit 1, a complete list of each of the cases and their random judicial assignment.

position identified by Roundy's by the exact same title (PSM), at one or more of Roundy's chain grocery stores (some PSMs crossed over and worked at multiple stores), in the same region, sometimes under the same store manager, and under the same corporate structure. See **Exhibit 1**, a summary chart of those cases and judicial assignments.[3]  Roundy's has now filed 15 separate motions to dismiss under Rule 12, based upon the identical assertion that each of the 15 Plaintiffs have failed in their complaints to state a cause of action upon which relief can be granted. Various judges, including this Court, have or will set briefing schedules on each of those 15 motions, bolstering the prospect of inapposite rulings based upon different judicial theories within the same District.  Additionally, absent consolidation and assuming Plaintiffs survival of Roundy's motions to dismiss, ultimately 11 different judges will assess Roundy's corporate structure and job duties (and a myriad of other factual circumstances) in assessing the Company's administrative exemption affirmative defense.  Should these cases not be consolidated, all of these similar factual matters, although subject by the same legal standards, will flow through 11 different judicial lenses.  As argued below, neither the previous decision by Judge Bucklo decertifying the *Haugen* collective or the ruling by this Court severing the group of PSM claims from this case under Rule 20, prohibits this Court from properly granting consolidation under the less stringent standards of Rule 42(a) and L.R. 40.4.

In this Motion, the Plaintiffs in each of those other 13 cases hereby request this Court to exercise its discretion, consolidate the described cases under the provisions of Rule 42(a) and L.R. 40.4, and thereafter manage all cases under one umbrella of judicial authority, at least for discovery and pre-trial matters. To do otherwise will very likely promote a chaotic set of inconsistent rulings from each of the 11 courts relative to Roundy's theory of dismissal and uniform, across the board,

---

[3] This Court, in a random reassignment, was assigned one additional PSM case from the group that was severed: *Furhmann v Roundy's Illinois,* 1:22-cv-04035

administrative exemption affirmative defense. Such erratic and uneven outcomes, within the same District, is exactly what Rule 42 and Local Rule 40.4 are designed to protect against.

Although the merit of Roundy's motion(s) to dismiss is not yet before this Court (other than via the *Furhmann* matter), a modest discussion of that motion is significantly relevant to this Motion for Consolidation. In each of the 15 motions to dismiss, Roundy's makes *identical* statute of limitations arguments regarding the filing dates of the 15 decertified claims. Roundy's argues in each attack that Judge Bucklo's "clarification order" of September 13, 2021 regarding the re-filing date of the decertified claims, operated as a dispositive date relative to the statute of limitations, even though Judge Bucklo's clarification order doesn't say that and Roundy's provides no case authority to support its argument. Roundy's instead argues in the abstract that Judge Bucklo's requirement that "[d]ismissed opt-in plaintiffs *may* refile their collective claims dismissed by this court on an individual basis on or before October 5, 2021" (emphasis added) was a mandatory refiling date, without regard to the long-established concept of "relation back" of claims previously dismissed and then refiled (*Cunningham* was filed with the Court four (4) days later, on October 8).

Such an argument is tenuous at best, and at the appropriate time before *the* appropriate judge, each Plaintiff will argue that 1) Judge Bucklo's clarification order did *not* establish a mandatory refiling date as it relates to the statute of limitations, 2) that all Plaintiffs' "group" refiling in this *Cunningham* case before this Court, related back to their claims against Roundy's in the original *Haugen* FLSA collective action that was before Judge Bucklo, and 3) that Roundy's has not asserted, nor can it establish, any prejudice or disadvantage as a result of the 4 day tardiness it asserts as fatal in the motions to dismiss. All 15 Plaintiffs will ask that Roundy's dismissal

motion be denied. But that request should be decided by one (1) judge, rather than 11 different judges.

In summary, absent consolidation, 11 different judges, in chambers mere hallways and floors from one another, would consider 15 identical dismissal attacks by Roundy's as well as 15 identical defense to those dismissals, and then (assuming survival of the dismissal motions), consider Roundy's affirmative defense to the overtime claims, all under and within each judge's individual discretion. The cases need not proceed in that manner because Rule 42 and L.R. 40.4 were designed to accomplish consistent outcomes of claims that involve *any* common question of law *or* fact (Rule 42), and to homogenize the handling of all such related cases, by the same judge, so as to accomplish consistent rulings and provide the parties and the court with a process that promotes substantial saving of judicial time and effort. (L.R. 40.4).

### B. Summary of All Plaintiffs' Claims vs. the Common (and only) Defendant, Roundy's Illinois, LLC

All 15 Plaintiff litigants referred to herein were employed by Roundy's as People Services Managers (or "PSMs") and are collectively referred to herein as the "PSM Cases". Each PSM case possess not just many common questions of fact as to the other PSM cases, as required under Local Rule 40.4, but *identical* questions of both law and fact with regard to the motions to dismiss and identical questions of law and similar questions of fact regarding the claimed affirmative defense (the administrative exemption). The PSM Cases involve the same Defendant (Roundy's). The PSM Cases involve identical allegations that Defendant violated the FLSA, IMLW and (in a few cases) the CMWO by misclassifying each Plaintiff as a salary-exempt employee.[4] The PSM Cases

---

[4] Not every one of the PSM Cases include allegations under the Chicago Minimum Wage Ordinance, as some of the Mariano's store locations where some PSMs worked were outside of the City of Chicago. However, as referenced herein, that difference only impacts (and even then, only slightly) the damage calculations. The inclusion of the CMWO claims in some of the cases does not impact the salary exemption affirmative defense postured by Defendant in all of the cases.

are represented by the same plaintiff and defense counsel. Lastly, and perhaps more importantly, Defendant filed *identical* motions to dismiss in each of the PSM Cases. These basic facts alone, without further support, provide a sufficient basis for consolidation of all PSM vs. Roundy's cases pursuant to Rule 42 and Local Rule ("L.R.") 40.4.

Through conflation of plainly different legal standards, Roundy's can be expected to argue that because of the ruling related to decertification of the collective action previously conditionally certified under 29 U.S.C. §216(b) (Judge Bucklo's ruling), and then the subsequent severance of those claims under Rule 20 (this Court's ruling), Plaintiff's instant motion requesting consolidation and reassignment should be denied. Roundy's can be expected to further defend these cases with the ongoing strategy of divide, conquer and render pursuit of the claims as expensive and burdensome as possible (even on the judiciary of the Northern District) by further arguing that the existence of certain individualized inquiries should prevent consolidation and reassignment. Such arguments will not carry the day for Roundy's on this Motion, as the relevant consolidations standards under both Rule 42 and L.R. 40.4 are significantly more accommodating than those applicable to decertification of a collective action or severance under Rule 20.

 Further, an assessment of "individualized inquiry" is *not* a factor for consideration under Rule 42 or L.R. 40.4. That is a concept considered under Rule 23 and, to a lesser extent, under §216(b) of the FLSA. The considerations for the Court under Rule 42(a) require only common issues of law **or** fact. The circumstances presented here offer the precise circumstances Rules 42 and 40.4 were designed to address. For this reason, and additional reasons discussed *infra*, this Court should order the consolidation of the PSM cases.

Currently, with respect to discovery and other pre-trial matters, the PSM Cases are ripe for consolidation in order to promote judicial economy for both the individual plaintiffs and

6

Roundy's.[5]  One set of discovery rules and schedules will absorb substantially less resources in discovery where disputes may be occurring over identical discovery issues, especially in light of the fact that several of the PSMs, at times, worked under overlapping store managers at the same store locations.  The judicial economy aspect cannot be denied.

## II.     <u>LEGAL STANDARD</u>

Plaintiff's request for reassignment and consolidation rests upon Federal Rule of Civil Procedure (Rule) 42 and Local Rule 40.4 of the Northern District of Illinois. Rule 42 provides, in pertinent, part:

> **Rule 42. Consolidation; Separate Trials**
>
> (a)  Consolidation. If actions before the court involve a common question of law or fact, the court may:
>
>   (1) join for hearing or trial any or all matters at issue in the actions;
>   (2) consolidate the actions; or
>   (3) issue any other orders to avoid unnecessary cost or delay.

As argued more thoroughly below, this District has not hesitated to consolidate related cases under Rule 42 appropriate where cases "involve common questions of law **or** fact." The issue of consolidation under Rule 42 "is a decision left to discretion of the district court." *Stingley v. Laci Transp., Inc.*, No. 18-CV-06221, 2020 WL 12182491, at *2 (N.D. Ill. Dec. 1, 2020) (internal citations omitted). The purpose of consolidation is to "promote judicial efficiency" unless significant prejudice to any of the parties outweighs the value of increased efficiency. *Id.* Consolidation is also proper and may be ordered by the court "where there is a risk of inconsistent

---

[5] Roundy's success in the decertification and severance efforts could be viewed as hollow, as those sorts of procedural victories often are.  Yes, Roundy's strategies have trimmed off approximately seven (7) (of the most modest) PSM claims and has placed upon Plaintiffs and this Court substantial extra work. Yet, despite the inescapable reality that litigating these claims under a cohesive and efficient management tool, Defendant insists on the more expensive route in hopes that corporate resources will provide a marathon that individual Plaintiffs will not be able to sustain – a strategy that ignores the absorption of significant and valuable judicial resources.

rulings." *Id.* See also *Tipsword v. IFDA Servs., Inc.*, No. 09-cv-390, 2010 WL 1521612, at *1 (S.D. Ill. Apr. 14, 2010) ("Consolidation will help avoid the potential for inconsistent rulings on these important issues").

It is also important to here note the nuance of language utilized in Rule 42(a)(1). The Rules Committee strives to construct precise and meaningful verbiage within the Federal Rules of Civil Procedure, and Rule 42(a) specifically says the court may "join for hearing or trial ***any or all matters*** at issue in the actions (emphasis added). Thus, if this Court deems "any" of the "matters" at issue in the actions as sufficiently related as to support consolidation, but finds others are not, this Court possesses the express discretion to parse out appropriate issues for consolidation from issues it finds inappropriate for consolidation. Plaintiffs' position is that all matters concerning Roundy's motions to dismiss and the issues concerning Roundy's identical affirmative defenses, are appropriate for and far better served by consolidation.

Local Rule 40.4 of the Northern District of Illinois states, in pertinent, part:

**LR 40.4 Related Cases, Reassignment of Cases as Related**

(a) Definitions. Two or more civil cases may be related if one or more of the following conditions are met:

(1) the cases involve the same property;
(2) the cases involve some of the same issues of fact or law;
(3) the cases grow out of the same transaction or occurrence; or
(4) in class action suits, one or more of the classes involved in the cases is or are the same.

(b) Conditions for Reassignment. A case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria is met:

(1) both cases are pending in this Court;
(2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;

(3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

Here, not **all** the conditions of LR 40.4 are satisfied, but not all conditions need to be present. As clearly shown *infra*, the plain language of LR 40.4(a) requires only "one or more" of the four (4) enumerated "conditions" to be in play. Here, 40.4(a)(2) (that "the cases involve <u>some</u> of the same issues of fact or law) is easily satisfied. The issues of law and fact relative to Roundy's 15 motions to dismiss, AND the underlying exemption issue, pivot on not just some of the same issues of law and fact, but identical law and predominately the same facts. Without consolidation, those decisions will be discretionary decisions by 11 different district court judges. It cannot be denied, even by Roundy's, that 1) with regard to the 15 motions to dismiss, the law AND the facts are identical across the 15 cases, 2) with regard to the underlying issue of the propriety of its claimed administrative exemption, more than just "some" of the facts are the same (the only modest factual difference being a handful of differences in some of the PSMs' day-to-day job duties) and, 3) the administrative exemption analysis requires analysis of ***identical questions of law*** across all 15 claims.

## III.   <u>ARGUMENT</u>

### A.   **All PSM Cases at Issue Are Anchored in the Analysis of the Same Competing Principles of Law – Roundy's 15 Identical Motions to Dismiss and Roundy's Classification of all PSMs as Salary Exempt Under the Prevailing Wage and Hour Laws.**

A plethora of reasons are present as to why the facts and law involved in the PSM Cases squarely fit the consolidation considerations of Rule 42. All individual plaintiffs in the PSM cases are represented by John W. Billhorn and Samuel D. Engelson of the Billhorn Law Firm. In all cases, Roundy's is represented by Greiman, Rome & Griesmeyer, LLC. All the individual cases seeking consolidation were just recently filed, and the posture of each case has been identical,

beginning with Roundy's filings of 15 identical motions to dismiss. Each of the individual judges assigned to the 15 PSM Cases has entered (or will enter) a briefing schedule, which Plaintiffs have asked or will ask to be stayed until this Court resolves the issue of consolidation. As such, each of the PSM Cases are at an identical stage in each litigation – no case is beyond the other in any meaningful way.

All PSMs, including Cunningham in this case, allege they have been denied their lawful overtime wages as provided by the FLSA and related state and local laws, by way of Roundy's misclassification of them as salary-exempt employees. The operative complaint in each case alleges violations of the same federal, state, and local laws as described herein. In the previous collective action, Roundy's admitted it does not pay PSMs overtime compensation and asserted the identical affirmative defense (administrative salary exemption), a defense upon which Roundy's bears the burden of proof. See *Haugen* Dkt. 13, 42. To date, there has been no decision at any point in any of the cases as to liability on the merits.[6]

The following facts in all 15 PSM cases are essentially identical. PSMs were hired by Roundy's by way of the PSM Job Description (see **Exhibit 2**) tendered to each Plaintiff during the onboarding/hiring process. Each PSM was paid a salary. Each PSM was required to work more than 40 hours per week (PSM Job Description, **Exhibit 2**). Each PSM alleges in their complaints that they were paid only their static salary compensation for all hours worked in each week. None of the PSMs managed any other employees and did not otherwise have any supervisory responsibilities. (**Exhibit 2**). Each of the PSMs reported to the Store Manager and were evaluated by the same template performance evaluation form. See **Group Exhibit 3**, Performance Evaluations of PSM Plaintiffs. Each PSM alleges that at times, they performed non-exempt,

---

[6] The claims of the original Named Plaintiffs in the *Haugen* matter were resolved following a settlement conference before the Hon. Magistrate Judge Sheila M. Finnegan. See *Haugen* Dkt. 148, 149.

manual labor duties not listed in the PSM Job Description. Each PSM alleges that they did not exercise sufficient independent discretion or judgment so as to satisfy the administrative exemption.

The salary exemptions permissible under the IMWL (and CWMO) follow the same analytical framework as the FLSA, such that a determination of the propriety of the administrative exemption as to the FLSA will also determine Roundy's liability under the IMWL and CMWO. Thus, at all times, the legal analysis for each of the PSM Plaintiffs will be identical, meaning an ***identical question of law*** exists across each of the PSM Cases. See *Zavala-Alvarez v. Darbar Mgmt., Inc.*, No. 19-CV-4041, 2022 WL 2952830, at *6 (N.D. Ill. July 26, 2022) ("The analysis for evaluating claimed overtime exemptions under the FLSA are the same for the IMWL and CMWO . . . The sources of law are different, but the analysis is the same, so the Court will consider the first six claims together.").

### B. Roundy's Identical Motions to Dismiss.

Roundy's indistinguishable approach to in each of its 15 dismissal strategies across all of the PSM Cases further bolsters the propriety of this Motion. Roundy's identical attacks on the limitations issue as it relates to Judge Bucklo's order establishes there exist identical legal issues across all 15 PSM Cases.  Thus, should the PSM Cases be consolidated before this Court, the matters would flow in lockstep with each other, through discovery, without any one case outpacing the other. To the contrary, if the PSM Cases proceeded before 11 different courts in this district, briefing schedules, rulings (potentially disparate, inconsistent rulings on identical legal issues), discovery schedules and other deadlines would scatter these cases on different timelines, absorbing

the valuable time of numerous district judges (and potentially magistrate judges) throughout the Northern District. [7]

The progress of each case is an important consideration in the Court's evaluation of consolidation under Rule 42(a), as cases that are at substantially the same stage as one another present an amenable case management process for the court to which the consolidation is assigned. See again, *Stingley v. Laci Transp., Inc.*, No. 18-CV-06221, 2020 WL 12182491, at *2 (N.D. Ill. Dec. 1, 2020) ("Procedurally, both this case and *Johnson* are neck-and-neck."). The Court must also assess the same requirement under the third prong of L.R. 40.4. Here, all PSM Cases are at an identical stage in litigation, such that it is incontrovertible that the PSM-Plaintiffs satisfy this prong of both Rules. See again, *Stingley v. Laci Transp., Inc.*, No. 18-CV-06221, 2020 WL 12182491, at *3 (N.D. Ill. Dec. 1, 2020) ("As for the third factor under LR 40.4(b), *Stingley* has not progressed to the point where designating *Johnson* as related would delay *Stingley* substantially. In fact, reassigning *Johnson* may not delay *Stingley* at all.").

Furthermore, the fact that Roundy's has made identical legal arguments across each of the pertinent PSM Cases clearly establishes that the cases are ripe for consolidation. Judge Kness, in his ruling granting consolidation in *Stingley v. Laci Transp., Inc.,* found persuasive the fact that Defendants in each case at issue had "filed [near-identical] discovery-related motions". 2020 WL 12182491, at *2. The same scenario exists here, except in an even more amplified and substantial manner, where Roundy's filed 15 identical motions to dismiss under identical legal theories.

### C.    Consolidation Pursuant to Rule 42(a) is Warranted

Central to this Court's decision regarding consolidation is that the analysis under Rule 42(a) is a less stringent, more lenient test than the factors enumerated in Rule 20. That is because

---

[7] At this time, 15 near-identical cases are scheduled to proceed before 11 different judges – representing almost 40% of the Northern District bench.

Rule 20 requires the claims at issue "arise out of the same transaction or occurrence", while Rule 42(a) only requires common questions or law or fact. See *Unified Messaging Sols., LLC v. United Online, Inc.,* No. 13 C 00343, 2013 WL 1874211, at *5 (N.D. Ill. May 3, 2013) ("The test for joinder under Rule 20 is more stringent than that for pretrial consolidation under Rule 42 … Rule 42(a)'s test for consolidation does not contain this prong and only requires that a common question of fact exist."). See also *Lindsey v. Tom*, No. 16-CV-613-JDP, 2016 WL 6952354, at *6 (W.D. Wis. Nov. 28, 2016) ("In cases where joinder would be improper, the court may nonetheless consolidate actions under Rule 42(a). See 7 Federal Practice and Procedure § 1653 (('However, even if the transaction requirement cannot be satisfied, there always is a possibility that separate actions can be instituted and then consolidated for trial under Rule 42(a), if there is a question of law or fact common to all the parties.')").

Consolidation is essential in this instance because without it, 11 different district court judges in all 15 cases are being called upon to rule on identical motions to dismiss pursuant to Rule 12(b)(6). Different rulings in the cases on this point would frustrate the efforts of the Parties and be a waste of judicial resources. And, of course, different outcomes under the presentation of substantially similar facts and identical law on the statutes of limitations argument and, ultimately, the underlying claimed exemption issues, would likely result in different back wage liability for Roundy's as between PSMs who worked/work for the same employer, in the same position, under the same claimed exemption, in the same metropolitan area, with similar managers and work conditions, and would present a tremendous waste of judicial resources.

When considering whether cases should be consolidated pursuant to Rule 42, "there is only one absolute requirement for consolidation: a common issue of law or fact. *Curtis v. Das*, No. 88 C 7249, 1990 WL 44562, at *2 (N.D. Ill. Apr. 5, 1990). To be sure, courts in this District routinely

consolidate cases that are found to involve similar questions of law or fact, either at the request of a party or *sua sponte* – even over objections by the parties. The decision to consolidate similar cases is "within the court's discretionary power to order consolidation, even if all parties object, if a joint trial would avoid unnecessary costs and delay." *Smith v. Ne. Illinois Univ.*, No. 98 C 3555, 2002 WL 377725, at *6 (N.D. Ill. Feb. 28, 2002) (citing *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, Nos. 91 C 6103, 91 C 7362, 1992 WL 159334, at *6 (N.D. Ill. June 30, 1992) (Judge Gottschall ruled *sua sponte* that four (4) separate suits brought by four (4) separate plaintiffs arose out of common questions of law and fact and that a joint trial via consolidation under Rule 42 would avoid unnecessary costs without prejudicing the defendants).

Courts in this District have, pursuant to Rule 42, granted requests by parties to consolidate cases that involve the same legal principles. Following a motion to consolidate pursuant to Rule 42 by petitioner KPASA, LLC, Judge Coar found that "[A]ll three petitions challenge the enforceability of the December 2003 summonses issued by the IRS . . . and do so on precisely the same legal grounds." *KPASA, LLC v. United States*, No. 04 C 109, 2004 WL 1144053, at *2 (N.D. Ill. May 17, 2004). Moreover, Judge Coar ruled that "[c]onsolidating these actions will also serve the interest of judicial economy, in that it will prevent duplication of judicial effort in handling what will likely be the same or similar legal issues." *Id.*[8]

---

[8] Judge Coar also found consolidation and reassignment appropriate under Local Rule 40.4(a) and (b), stating that "Moreover, consolidation and reassignment of the actions is consistent with Local Rule 40.4(a), in that the actions "involve some of the same issues of fact or law … Reassignment is also appropriate under the criteria set forth in L.R. 40.4(b), as all three cases are pending in the United States District Court for the Northern District of Illinois, the handling of these cases by the same judge is likely to result in a substantial saving of judicial time and effort, no delay will result from consolidation and reassignment (as all three cases are at precisely the same stage of litigation), and the cases are susceptible of disposition in a single proceeding." *KPASA, LLC v. United States*, No. 04 C 109, 2004 WL 1144053, at *2 (N.D. Ill. May 17, 2004).

Courts in this District have previously found consolidation pursuant to Rule 42 appropriate in related FLSA collective action cases.[9] In *Brunner v. Jimmy John's, LLC*, Judge Kocoras granted a combined Rule 42(a) and Local Rule 40.4 motion to consolidate and reassign two separate collective action matters involving both corporate and franchise owned Jimmy John's restaurants. Judge Korocas noted that:

> "While there are some differences between *Brunner* and *Watson*, the substantial similarity between the two cases is undeniable, as evidenced by the Ohio district court's transfer of *Watson* to this district due to its overlap with *Brunner*. At minimum, *Brunner* and *Watson* both involve FLSA claims for unpaid overtime based on highly similar allegations asserted on behalf of nationwide FLSA collectives of Jimmy John's assistant store managers. Thus, there can be little debate that the requirements of Fed. R. Civ. P. 42 and L.R. 40.4 are met.

*Brunner v. Jimmy John's, LLC*, No. 14 C 5509, 2016 WL 7232560, at *2 (N.D. Ill. Jan. 14, 2016).

It can be expected Roundy's will argue that because some modest factual differences relative to a few of the PSMs' discrete job duties may exist across otherwise identical PSM Cases, consolidation is inappropriate. However, Judge Kocoras rejected that exact same defense argument in *Brunner* opposing consolidation because the "claims in these separate cases do not neatly overlap and the parties are materially different." *Brunner v. Jimmy John's, LLC*, at *2 (N.D. Ill. Jan. 14, 2016). Judge Kocoras, looking to the plain text of Rule 42(a), stated:

> "[b]ut the claims need not "neatly overlap." Rather, Rule 42 requires only "*a common issue of law or fact*," and Local Rule 40.4 requires only "*some* of the same issues of fact or law" (not *all* the same). Thus, while *Watson* involves certain Ohio claims and classes not in *Brunner*, and *Brunner* involves certain Illinois claims and classes not in *Watson*, the requirements of Rule 42 and L.R. 40.4 are met nonetheless." *Id.* (emphasis original).

---

[9] See also *Kurgan v. Chiro One Wellness Centers LLC*, No. 10-CV-1899, 2015 WL 1850599, at *1 (N.D. Ill. Apr. 21, 2015) (Judge Dow, Jr. granted motion to consolidate and to reassign later-filed case alleging violations of FLSA and IMWL).

In *Brunner*, Judge Kocoras found a level of factual and legal differences that do not exist here, and nevertheless ordered consolidation. Here, the legal and factual elements of each of the 15 dismissal motions are exactly the same. The legal analysis of Roundy's claimed affirmative defense is exactly the same in all cases, and the factual considerations on the 15 identically claimed exemptions are substantially the same. Here, the "overlap" standard Judge Kocoras established is easily satisfied.

Through a review of the clear common issues of fact and law that exist between the PSM Cases as well as the number of other similarities relative to the Parties, the procedural postures, the legal positions and factual similarities, and this District's standard regarding consolidation pursuant to Rule 42(a), it is clear that consolidation of the PSM Cases is appropriate and would "serve the interest of judicial economy. Consolidation will prevent duplication of judicial effort in handling what will likely be the same or similar legal issues". *KPASA, LLC v. United States*, at *2 (N.D. Ill. May 17, 2004).

### D. Consolidation and Reassignment is Also Warranted Pursuant this District's Local Rule 40.4 Test

The Northern District's Local Rule. 40.4 provides that a case may be reassigned to the calendar of the judge presiding over the earlier-numbered case if a movant can show that the cases at issue are sufficiently related under 40.4(a) and meet some of the factors set forth by 40.4(b).

Local Rule 40.4 presents a similar, but repackaged, assessment for reassignment of related cases. Under L.R. 40.4's analysis for reassignment, the Court must conduct a two prong test. First, in order for related cases to be reassigned under L.R. 40.4, civil cases are related if *one* or more of the following conditions are met: (1) the cases involve the same property; (2) the cases involve the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in

class action suits, one or more of the classes involved in the cases is or are the same. *Id*. If one or more of these factors are met, the first prong for reassignment under 40.4 is satisfied.

Under the second prong of the L.R. 40.4 analysis, the Court must determine if each of the following factors are met: (1) all cases are pending in the same court; (2) the handling of all cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later-filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding. *Id*. Based on the analysis of L.R. 40.4 (in conjunction with Rule 42(a)), reassignment of related PSM cases to the calendar of this Court is warranted. *See Stingley v. Laci Transp., Inc.*, No. 18-CV-06221, 2020 WL 12182491, at *3 (N.D. Ill. Dec. 1, 2020) ("Local Rule 40.4(a) 'does not require complete identity of issues in order for cases to be considered related.' *Fairbanks Capital Corp. v. Jenkins*, No. 02-cv-03930, 2002 WL 31655277, at *2 (N.D. Ill. Nov. 25, 2002); *see also Williams*, 2007 WL 178309, at *1 (only one of the conditions under Local Rule 40.4(a) is required to support a finding of relatedness).").

### i. The Matters are Sufficiently Related Under the Criterion Set Forth by L.R. 40.4(a)

Pursuant to this District's L.R. 40.4(a), civil cases may be sufficiently related to warrant reassignment if (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class-action suits, one or more of the classes involved in the cases is or are of the same." LR 40.4. Only one of the above conditions must be met to satisfy LR 40.4(a). *Williams v. Walsh Const.*, No. 05 C 6807, 2007 WL 178309, at *1 (N.D. Ill. Jan. 16, 2007). Additionally, Rule 40.4(a) "does not require complete identity of issues in order for cases to be considered related," *Fairbanks Capital Corp. v. Jenkins,* 02–C–3930, 2002 WL 31655277, at *2 (N.D.Ill. Nov.25, 2002), rather it is

enough that the two cases "involve *some* of the same issues of fact or law." *Lawrence E. Jaffe Pension Plan v. Household Int'l., Inc.,* 02–C–5893, 2003 WL 21011757, at *3 (N.D.Ill. May 5, 2003) (internal citation omitted).

Here, all PSM Cases easily satisfy the first prong of L.R. 40.4(a). As discussed at length *supra*, all the PSM Cases involve identical issues of law and fact relative to Roundy's motions to dismiss, and identical issues of law very nearly identical issues of fact relative to Roundy's affirmative defenses. The PSM Cases all involve the same allegations (non-payment of overtime wages in violation of the FLSA, IMWL and CMWO), affirmative defenses (Defendant's claim that Plaintiffs were exempt from overtime compensation pursuant to the administrative exemption), and the same law firms. Each of the Plaintiffs worked for the identical employer, under the same job title and position and sometimes under the same store manager, in the same region (Chicagoland area), worked the same schedule, and were paid pursuant to the same (allegedly improper) salary compensation plan. To date, the operative complaints filed in each of the 15 PSM Cases are near-identical, evidenced by the Defendant's submission of 15 identical motions to dismiss.

Although Plaintiffs need only satisfy one factor contained in L.R. 40.4(a), each Plaintiff, as shown here, easily meets both factors (2) and (4). And since a movant need only satisfy one prong of L.R. 40.4(a) to satisfy the entire subsection, here the standard for consolidation has been satisfied. See *Williams v. Walsh Const.*, No. 05 C 6807, 2007 WL 178309, at *1 (N.D. Ill. Jan. 16, 2007) ("Only one of the above conditions must be met to satisfy LR 40.4(a).").

### ii.  The PSM Cases Satisfy all Criterion Required for Reassignment and Consolidation Pursuant to L.R. 40.4(b)

Plaintiffs can also satisfy each of the requirements of L.R. 40.4(b). This District's L.R. 40.4(b) states that reassignment is appropriate if two or more civil cases are sufficiently related

under L.R. 40.4(a) and "(1) [the] cases are pending in this Court; (2) the handling of [the] cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case[s] [have] not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding." L.R. 40.4.

As argued above at length, Plaintiffs clearly satisfy the first factor under L.R. 40.4(b) as each PSM Case is currently pending before a district judge in the Northern District of Illinois, Eastern Division (including this Court (2), Judge Johnson Coleman (2), Judge Guzman (2), Judge Feinerman, Judge Ellis, Judge Alonso, Judge Valderrama, Judge Rowland, Judge Kness, Judge Norgle, Judge Gottschall, and Judge Shah – see again, **Exhibit 1**). All the individual PSM Cases severed from *Cunningham* were filed in the Northern District of Illinois within days of each other.

Each Plaintiff can similarly satisfy the second factor. The consolidation and reassignment of the PSM Cases would save significant judicial time and effort if the matters were handled by the same judge under a common discovery plan (worth noting here, that some of the discovery yet to be had, like depositions of certain store managers, will be testimony that will overlap within the group of 15 PSM cases). The Court need look no further than the current status of all cases. Currently, 11 different district judges are being asked by Roundy's to issue different rulings based upon identical legal and factual arguments related to each PSM-Plaintiff's statute of limitations. That limitations defense should not be analyzed by 11 different judges because to do so will likely result in different applications of the same law to the same facts. Certainly, consolidation and reassignment to one district judge (this Court) and the assigned magistrate judge would immediately result in substantial savings of judicial time and resources on the threshold dispute (i.e., the Rule 12 motions) by eliminating competing briefing, hearings and rulings by 11 different

courts. Should this Motion be granted, any remaining pleading issues and the like would be efficiently addressed by a single court with a consistent application of law.

Consolidation and reassignment of these matters would also serve to promote judicial efficiency should any of the parties between the PSM Cases elect to appeal a decision by the District Court to the Court of Appeals for the Seventh Circuit. Provided that these PSM Cases involve identical issues of law and substantially similar factual issues, if the cases remained separate, it is possible, and perhaps even probable, that the Seventh Circuit would consider identical issues of law on multiple separate dockets at the same time. Certainly, this would be an incredible waste of judicial resources not only at the district court level, but at the appellate level as well. The consolidation and reassignment of these matters would promote substantial savings of judicial time under all scenarios going forward.

Each of the Plaintiffs also satisfy the third prong of L.R. 40.4(b). As also stated immediately above, the PSM Cases are currently at the exact same stage of litigation, such that the reassignment and consolidation of the later-numbered matters with the earlier-numbered *Cunningham* matter would not delay the proceeding of any PSM Case. Following consolidation and reassignment, all cases can be assigned one briefing schedule on Roundy's dismissal motion and remain in the same procedural position as now. Once the cases are consolidated and reassigned, the PSM Cases will be able to continue in lockstep through discovery toward what Plaintiffs expect will be cross-motions for summary judgment on identical legal issues concerning the application of the identical administrative exemption Roundy's claims as to all PSMs.

Lastly, Plaintiffs can satisfy the fourth factor of L.R. 40.4(b), as all PSM Cases are susceptible of disposition in a single proceeding. There is no question that Roundy's 15 motions to dismiss pivot on identical questions of law and fact. With respect to the underlying affirmative

defenses in each PSM Case, as discussed in great detail above all 15 cases involve identical issues of law and near identical issues of fact, as all matters involve identical overtime claims by each of the Plaintiffs and an identical affirmative defense by Roundy's. There can be little doubt that one proceeding (although perhaps separate trials) could adjudicate all issues as to all cases.

**IV.**    **Conclusion**

As shown above, the PSM Cases are prime candidates for consolidation pursuant to Rule 42 and reassignment under L.R. 40.4. These cases present identical issues of law and near-identical issues of fact and present the precise procedural tool contemplated by both Rule 42 and L.R. 40.4. The reassignment of the PSM Cases to the calendar of this Court, to be decided alongside *Cunningham* and *Furhmann,* would eliminate the potential for divergent rulings by 11 different District Judges on identical legal issues and near-identical factual issues, and consolidation would eliminate the vast inefficiencies for the Northern District of Illinois and, potentially, the Seventh Circuit

Plaintiffs have shown they meet the criterion for consolidation under Rule 42(a) *and* the more stringent test under L.R. 40.4.  Thus, Plaintiff respectfully requests this Court to exercise its discretion and consolidate all referenced PSM Cases and reassign those 13 cases to the calendar of this Court.

Respectfully submitted,

***Electronically Filed 10/03/2022***

*/s/John W. Billhorn*
John W. Billhorn
Samuel D. Engelson

Attorneys for Plaintiff
Billhorn Law Firm
53 W. Jackson Blvd., Suite 1137
Chicago, Illinois 60604