**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KEVIN CUNNINGHAM,              ) | |
|                      ) | |
|          Plaintiff,      ) | |
|                      ) | Case No. 21-cv-05368 |
|      v.              ) | |
|                      ) | Hon. Virginia M. Kendall |
| ROUNDY'S ILLINOIS, LLC,    ) | |
| d/b/a MARIANO'S,         ) | |
|                      ) | |
|          Defendant.    ) | |

**REPLY BRIEF IN SUPPORT OF
DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS**

The Defendant, Roundy's Illinois LLC d/b/a Mariano's ("Mariano's"), by and through its

undersigned counsel, respectfully submits this Reply Brief in support of its Motion to Dismiss

(Dkt. 38).

GREIMAN, ROME & GRIESMEYER, LLC
205 West Randolph Street, Suite 2300
Chicago, Illinois 60606
(312) 428-2750
Christopher S. Griesmeyer
cgriesmeyer@grglegal.com
Zachary Mulcrone
zmulcrone@grglegal.com

## I. PRELIMINARY STATEMENT

Because Plaintiff missed the deadline to refile his action after being dismissed from *Haugen*, the without-prejudice dismissal automatically ripened into a dismissal with prejudice. Thus, Mariano's has moved, under Rule 12(b)(6), to dismiss this case.

In his response brief (Dkt. 59, the "Response"), Plaintiff argues that Judge Bucklo's dismissal Order related only to tolling. But Plaintiff ignores the portion of Judge Bucklo's Order requiring refiling by October 4, 2021—a condition Plaintiff did not satisfy. Plaintiff also suggests that, in order for the without-prejudice dismissal to convert into a with-prejudice dismissal, Judge Bucklo needed to include language expressly stating that that would happen. Not so. *Otis*, an *en banc* decision of the Seventh Circuit, overturned an earlier line of cases requiring the inclusion of such "ripening" language. Plaintiff also ignores that Judge Bucklo used the same language as another case, *McDonald*, where the Seventh Circuit found that a without-prejudice dismissal ripened into a dismissal with prejudice. In addition, Plaintiff argues that because *Otis* concerned appealability rather than claim preclusion, it is irrelevant here. But that is a distinction without a difference—*Otis* concerned the ripening of a without-prejudice dismissal into a dismissal with prejudice, and it is black letter law that a dismissal with prejudice bars refiling.

Mariano's also argues, in the alternative, that if the without-prejudice dismissal did not ripen into a dismissal with prejudice, then a portion of Plaintiff's claims are barred by the statute of limitations because the dismissal of a suit wipes away all accrued tolling.

Plaintiff contends that because Judge Bucklo ordered tolling in *Haugen*, that tolling does not get wiped away. But, even under Plaintiff's own theory, Judge Bucklo's tolling Order did not extend past October 4, 2021, so all tolling still would have been extinguished before this case was filed. Plaintiff also argues that the relation-back doctrine should extend the tolling start date all

1

the way back to the filing of Plaintiff's opt-in consent in *Haugen* (a separate lawsuit that was dismissed). But it is well-settled that the relation-back doctrine applies only to amendments of existing complaints, not the relation back of a new action to a dismissed lawsuit. The relation-back cases Plaintiff cites are inapposite because the plaintiffs in those cases **were _not_ dismissed** from the decertified action—unlike Plaintiff here, **who _was_ dismissed** from *Haugen*.

Plaintiff also argues that Mariano's waived its res judicata and statute of limitations defenses by not raising them *before* it moved to sever the numerous plaintiffs who had improperly filed this suit jointly after their dismissals from *Haugen*. This argument is frivolous. A motion to sever is not a pleading, and the deadline for Mariano's to answer or otherwise plead has not yet passed. Mariano's was not required to assert, and could not have waived, any defenses.

Finally, Plaintiff asks the Court to excuse his late filing (more than a year after missing the deadline). But Rule 6(b) requires Plaintiff to establish good cause and excusable neglect. Plaintiff has established neither, and has offered no explanation for the late filing.

## II. ARGUMENT

### A. PLAINTIFF'S CLAIMS ARE BARRED BY RES JUDICATA.

The without-prejudice dismissal of Plaintiff from *Haugen* ripened into a dismissal with prejudice when Plaintiff failed to refile his action by Judge Bucklo's October 4, 2021 deadline. Accordingly, res judicata now bars this suit. Plaintiff's response arguments are unavailing.

#### 1. The with-prejudice dismissal did not materialize from "nowhere."

Plaintiff argues, "No plain reading of any order or any entry by Judge Bucklo indicates Plaintiff's claims were *ever* dismissed with prejudice, and such a result cannot just materialize from nowhere." (Resp. at 10). This result did not materialize from "nowhere"—it occurred by operation of law under binding Seventh Circuit precedent. If a court imposes a condition on a without-prejudice dismissal, "[w]hen the condition is no longer satisfiable, the dismissal becomes

one with prejudice…." *Otis v. City of Chicago*, 29 F.3d 1159, 1164 (7th Cir. 1994) (en banc).

Judge Bucklo imposed a condition on the without-prejudice dismissal of Plaintiff from *Haugen*:

that Plaintiff refile his action by October 4, 2021. *Haugen*, Dkt. 131. Because Plaintiff failed to

refile by October 4, 2021, his dismissal ripened into a dismissal with prejudice.

## 2. The dismissal Order was not limited to tolling issues.

Plaintiff suggests that Judge Bucklo's Order merely "establish[ed] the date upon which her

tolling of the limitations period would expire." (Resp. at 10). But Judge Bucklo's Order went

further than Plaintiff lets on. Had Judge Bucklo wanted *only* to toll the statute of limitations for

60 days, she would have used language specifying that tolling was to occur for a specific time

period. *See, e.g., Scott v. Chipotle Mexican Grill, Inc.*, 2017 WL 1434498, at *1 (S.D.N.Y. Apr.

19, 2017) (ordering that "the statute of limitations should be tolled for a period of 90 days….").

Instead, Judge Bucklo granted the tolling motion ***and*** established a date certain by which Plaintiff

was required to refile his action:

> The motion for clarification [Dkt.] 128 is granted to make clear that the
> August 5, 2021 order dismissed the opt-in plaintiffs without prejudice. The
> motion to toll the statute of limitations for dismissed opt-in plaintiffs is
> granted. **Dismissed opt-in plaintiffs may re-file their claims dismissed
> by this court on an individual basis on or before October 4, 2021** (60
> days following the court's August 5, 2021 order).

*Haugen*, Dkt. 131 (emphasis added). Plaintiff ignores this important language and provides no

support for his naked assertion that the Order did not require refiling by October 4, 2021.

## 3. The October 4, 2021 deadline was mandatory.

Citing the "may re-file" language of Judge Bucklo's Order, Plaintiff argues that the

October 4, 2021, deadline was not mandatory. (Resp. at 1). Not so. By stating that Plaintiff "may

re-file" by October 4th, Judge Bucklo necessarily prohibited Plaintiff from refiling after October

4th. In fact, the language Judge Bucklo used is almost ***identical*** to the dismissal condition at issue

in *McDonald*. There, the district court dismissed a complaint with the condition that the plaintiffs "may refile their Complaint requesting appropriate relief … within 30 days of the date of this Entry." *McDonald v. Household Int'l, Inc.*, 2004 WL 2363797, at *6 (S.D. Ind. Aug. 3, 2004).[1] Below is a comparison of the two orders:

| *Haugen* | *McDonald* |
|---|---|
| "Dismissed opt-in plaintiffs **may re-file** their claims dismissed by this court on an individual basis on or before October 4, 2021 (60 days following the court's August 5, 2021 order)." | "The McDonalds **may refile** their Complaint requesting appropriate relief pursuant to ERISA within 30 days of the date of this Entry. As such, Defendants' Motion to Dismiss shall be granted." |

On appeal, the Seventh Circuit held that the district court's dismissal order in *McDonald*— just like Judge Bucklo's dismissal order in *Haugen*—automatically converted to "one with prejudice" when the plaintiffs failed to refile within the time allotted. *McDonald v. Household Int'l, Inc.*, 425 F.3d 424, 427 (7th Cir. 2005). The same ripening occurred here.

### 4. Express "ripening" language is unnecessary.

Plaintiff also argues that "the language Judge Bucklo used in decertifying the original collective action did not amount to anything even resembling a definitive 'file or else' or 'dismissed with prejudice' mandate…." (Resp. at 2). But Plaintiff's argument is precisely what the Seventh Circuit rejected (*en banc*) in *Otis*, when it expressly overturned an earlier line of cases that required such ripening language.

Until *Otis*, one line of Seventh Circuit cases held that if a district court's dismissal order did not notify the parties that the case would end automatically once the conditional period expired, then it would not ripen into a dismissal with prejudice. *See Otis*, 29 F.3d at 1171 (explaining the

---

[1] Although Mariano's discusses *McDonald* in its Motion (Dkt. 38 at 8-9), Plaintiff fails to address that binding precedent in his Response. Instead, Plaintiff falsely proclaims that *Otis* is Mariano's "only precedential support" for its Motion. (Resp. at 13).

*Hatch* line of cases); *Hatch v. Lane*, 854 F.2d 981 (7th Cir. 1988) (appealability requires the dismissal order to specify a dismissal with prejudice) (overturned by *Otis*). In overturning the *Hatch* line of cases, the Seventh Circuit explained, "Language saying that a dismissal will become final does not add anything to the combination of dismissal and a time certain for fulfilling a condition, and a magic-words approach" sets traps for the unwary. *Otis*, 29 F.3d at 1166 ("the use of explicit 'ripening' language is not essential….").[2]

In her *Otis* concurrence, Judge Rovner explained further:

> The district court effectively dismissed Otis' case without prejudice, and its order did not state that the conditional dismissal would be converted into a dismissal with prejudice at the end of the reinstatement period. The court's decision to accept jurisdiction over this appeal therefore represents a clean break from our existing precedents [*i.e.*, *Hatch*], although it is a break with which I agree. Judge Easterbrook's [majority] opinion quite rightly explains that our jurisdiction should not depend on whether the district court invoked the "magic words" of finality in its conditional order… *Id.*

Accordingly, there was no need for Judge Bucklo to include express language making clear that the without-prejudice dismissal would ripen into a dismissal with prejudice. The "combination of dismissal and a time certain for fulfilling a condition" had the same effect. Thus, when Plaintiff failed to refile by October 4, 2021, Judge Bucklo's dismissal order in *Haugen* automatically ripened into a dismissal "with prejudice."

### 5. The *Otis* opinion necessarily addressed "res judicata."

Plaintiff argues that *Otis* addresses only the appealability of a dismissal order, not whether that appealability results in claim preclusion. (Resp. at 12). However, the ultimate question of

---

[2] Plaintiff highlights (Resp. at 13) that *Otis* overruled the *Hatch* line of cases "to the extent they forbid an appeal from a conditional order of dismissal after the time to satisfy the condition has expired." *Otis*, 29 F.3d at 1168. In other words, Plaintiff concedes that *Hatch* was overruled, and that when a condition of dismissal has expired, the conditional order of dismissal is appealable. That is entirely consistent with Mariano's position, and fatal to Plaintiff's argument that *Otis* does not apply here.

appealability in *Otis* turned on the automatic ripening of an order into a dismissal with prejudice, thus implicating res judicata. In its opinion, the Seventh Circuit posed the question: "Does either side need to obtain an additional order from the district judge, or *does the dismissal convert to one 'with prejudice' once the time to fulfil the condition has expired*?" 29 F.3d at 1163 (emphasis added). The first portion of that question represented the *Hatch* line of cases, in which appealability required an order with express language specifying that the dismissal would be with prejudice. The latter portion of the question represented another line of cases standing for the proposition that "[w]hen the condition [of dismissal] is no longer satisfiable, the dismissal *becomes one with prejudice*, hence final, and thus appealable." *Id.* at 1164 (emphasis added). As explained above, the Seventh Circuit adopted that latter line of cases.

Thus, although ultimate question in *Otis* concerned appealability, the necessary intermediate step was deciding that an unsatisfied conditional dismissal automatically converts into a dismissal with prejudice. Of course, "a suit that has been dismissed with prejudice cannot be refiled; the refiling is blocked by the doctrine of res judicata." *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000). And so, because dismissals with prejudice result in claim preclusion, the *Otis* opinion necessarily implicates res judicata.[3]

### 6.  The relation-back doctrine has nothing to do with res judicata.

Plaintiff argues that his action was not dismissed with prejudice because "FLSA claims, which were initially asserted as part of a later-decertified collective action, relate back to the date of filing of that plaintiff's consent form pursuant to Rule 15...." (Resp. at 5). The relation-back

---

[3] As described above, *Otis* speaks to claim preclusion in cases where dismissal orders impose conditions that go unfulfilled. But even outside that narrow set of circumstances, Plaintiff is wrong that appealability does not speak to claim preclusion. Appealability for purposes of Section 1291 "is normally enough to assure finality for preclusion purposes also." *Ross ex rel. Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 284 (7th Cir. 2007).

doctrine speaks, however, to the initial tolling date for statute of limitations purposes—it has absolutely no bearing on res judicata defenses. In any event, the relation-back doctrine does not even apply in this case, as Mariano's explains in "Section B" of this reply, immediately below.

**B. HAD PLAINTIFF'S ACTION NOT BEEN DISMISSED WITH PREJUDICE, TOLLING WOULD HAVE BEEN WIPED AWAY, AND A PORTION OF PLAINTIFF'S CLAIMS WOULD BE TIME-BARRED.**

Mariano's argues, in the alternative, that when a suit is dismissed without prejudice, "'the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing.'" *Lee v. Cook Cnty., Ill.*, 635 F.3d 969, 971-72 (7th Cir. 2011) (quoting *Elmore*). Thus, when Judge Bucklo dismissed Plaintiff from *Haugen* before he filed this case, all tolling was wiped away for good. Without the tolling that had accrued in *Haugen*, a portion of Plaintiff's claims—those corresponding to pay periods before October 8, 2018—are now time-barred. (Dkt. 38 at 11).

### 1. It is irrelevant that Judge Bucklo tolled the limitations period.

Plaintiff argues that *Lee* and *Elmore* are inapposite because, in those cases, the Court did not toll the statute of limitations like Judge Bucklo did in *Haugen*. (Resp. at 8-9.) But whether Judge Bucklo affirmatively tolled the statute of limitations is irrelevant to whether that tolling was wiped away. *Lee* provides that "*even if the time was deemed tolled* while the original suit was on file, the new suits are barred by the statute of limitations." 635 F.3d at 971 (emphasis added). This is because "'a suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed.'" *Id.* (quoting *Elmore*, 227 F.3d at 1011). So, whether Judge Bucklo tolled the statute of limitations for 60 days or 60 years, that tolling is now wiped away.

### 2. Even under Plaintiff's own theory, tolling would be wiped away.

Plaintiff's theory is that Judge Bucklo "tolled [the] statutes of limitations for the entire interim period between decertification and dismissal without prejudice, *up to the date she*

*established as the end of the tolling period.*" (Resp. at 9) (emphasis added). According to Plaintiff, the date Judge Bucklo established as the end of the tolling period was October 4, 2021.[4] (Resp. at 2). If, as Plaintiff argues, Judge Bucklo's Order had stopped the wiping away of tolling during the period ending October 4, 2021, then, by October 5th, there was nothing to prevent the automatic wiping away of tolling under *Lee* and *Elmore*. Thus, by October 8, 2021, when Plaintiff filed this case, all tolling had been wiped away, even under Plaintiff's theory.

### 3.  The date Plaintiff filed his opt-in consent in *Haugen* is irrelevant.

Plaintiff also asserts that the statute of limitations is tolled for FLSA claims as of the date a plaintiff files the consent form to join a collective action. (Resp. at 5). Plaintiff cites 29 U.S.C. § 216, which requires an opt-in plaintiff to file a consent form when opting into a *collective* FLSA action.[5] That statute does not apply here (a) because it does not speak to tolling, and (b) because this is an *individual* action, not a collective action. Individual actions are "considered to be commenced on the date when the complaint is filed." 29 U.S.C. § 256.

### 4.  The relation-back doctrine applies only to amendments.

Plaintiff argues that his claims relate back to *Haugen*, under Rule 15. Not so. The relation-back doctrine applies when a party amends an already-existing pleading to add a related claim.

---

[4] Plaintiff seems to be arguing that Judge Bucklo essentially stayed the application of the without-prejudice dismissal until October 4, 2021.

[5] Plaintiff also cites two decisions for the proposition that a *collective* FLSA action is tolled when the plaintiff files an opt in consent form: *Harkins v. Riverboat Services, Inc.*, 2002 WL 32406581, at *2 (N.D. Ill. May 17, 2002), aff'd on other grounds, 385 F.3d 1099 (7th Cir. 2004), and *Watt v. Fox Rest. Venture, LLC*, 2019 WL 698058, at *7 (C.D. Ill. Feb. 20, 2019). Those cases were collective actions that, unlike here, were not decertified. While a *collective action* may be tolled when a plaintiff opts in, this lawsuit is not a collective action. *Haugen* was the collective action, and any tolling in that case was wiped away *ab initio* on October 5, 2021. (*See* Section (B)(1), *supra*). Mariano's also notes that *Harkins* favors the strict application of rules in FLSA actions. In that case, 18 of 21 plaintiffs did not properly file their opt-in consent forms and were dismissed before trial on statute of limitations grounds—a decision that the Seventh Circuit upheld.

*See* FED. R. CIV. P. 15(c) (limiting the relation-back doctrine to "[a]n amendment to a pleading");
*Bailey v. N. Ind. Pub. Serv. Co.*, 910 F.2d 406, 413 (7th Cir. 1990) ("Rule 15(c), by its terms, only
applies to amended pleadings in the same action as the original, timely pleading.").

Judge Bucklo did not merely dismiss Plaintiff's complaint with leave to amend in *Haugen*,
she dismissed him out of *Haugen*. "When there are several plaintiffs in a single suit and one is
dismissed out," as Judge Bucklo did with Plaintiff's claim, "it is as if he had brought a separate
suit that was dismissed." *Elmore*, 227 F.3d at 1011-12. Accordingly, this is a whole new suit.
Indeed, this action has a different civil cover sheet, a different caption, different case number, a
different judge, a different summons, a different opt-in notice, and an initial pleading not
designated as "amended." The relation-back doctrine simply does not apply.

Further, even if the Complaint were considered an "amended" pleading, the relation-back
doctrine does not apply to dismissed actions. *Newell v. Hanks*, 283 F.3d 827, 834 (7th Cir. 2002)
(if the plaintiff's "original petition was dismissed," then "the 'relation back' doctrine simply does
not apply."). There is good reason for this: "a suit dismissed without prejudice is treated for statute
of limitations purposes as if it had never been filed." *Elmore*, 227 F.3d at 1011. A pleading self-
evidently cannot relate back to complaint that, as a matter of law, never existed in the first place.

### 5. The *Illinois Bell* cases are irrelevant.

Plaintiff contends that three decisions (the "*Illinois Bell* cases"), which each arose out of a
decertified collective FLSA action against Illinois Bell, represent "the established roadmap this
District has developed in identical litigation scenarios." (Resp. at 6-8) (citing *Ballard v. Illinois
Bell*, 2015 WL 6407574 (N.D. Ill. Oct. 21, 2015); *Miller v. Illinois Bell*, 157 F. Supp. 3d 749 (N.D.
Ill. 2016); *Hodges v. Illinois Bell*, 2015 WL 6407757 (N.D. Ill. Oct. 21, 2015)). Of course, the
Northern District has no such "roadmap." Plaintiff ignores that other cases also arose out of the

same decertified Illinois Bell collective action, and the relation-back decisions were far from uniform. *See, e.g., Scott v. Illinois Bell*, 169 F. Supp. 3d 845, 850 (N.D. Ill. 2016) (disagreeing with *Miller*, *Hodges*, and *Ballard*, and finding no relation back to the decertified collective action).

Nonetheless, Plaintiff argues that because the individual FLSA actions in *Miller, Hodges* and *Ballard* were found to relate back to a decertified collective action, Plaintiff's claims in this case should also relate back to the decertified *Haugen* action. Plaintiff, however, ignores a critical distinction: the *Illinois Bell* plaintiffs were **not** dismissed from the decertified collective action, whereas Plaintiff **was** dismissed from the decertified *Haugen* action.

The plaintiffs in the *Illinois Bell* cases were, at first, part of a putative FLSA collective action filed in 2011: *Blakes v. Illinois Bell*, No. 11-cv-00336. On December 17, 2013, the *Blakes* court decertified the collective action. *Blakes*, Dkt. 233. Unlike Judge Bucklo's decertification in *Haugen*, the *Blakes* court **did *not* dismiss** the opt-in plaintiffs at that time; instead, the court stayed its decertification order until February 28, 2014. *Blake*s, Dkt. 239. On February 28, 2014, Messrs. Miller, Hodges, Ballard, and number of other opt-in plaintiffs filed a joint FLSA action: *Adkins v. Illinois Bell*, No. 14-cv-01456. Even after filing *Adkins*, however, those plaintiffs still remained parties in *Blakes*, as they had not been dismissed from that case.

Later in *Adkins*, Illinois Bell moved, under Rule 21, to sever the plaintiffs into separate lawsuits. *Adkins*, Dkt. 115. On March 24, 2015, the court severed Mr. Miller, Mr. Hodges, Mr. Ballard, and other former opt-in plaintiffs from *Adkins* into individual lawsuits. *Adkins*, Dkt. 147. By that time, the plaintiffs **still** had not been dismissed from *Blakes*, the original case that had been decertified more than a year prior. In fact, they remained plaintiffs in *Blakes* until they were dismissed on June 6, 2015. *Blakes*, Dkt. 391, Dkt. 392

This case is similar to *Adkins*, solely in the sense that it was improperly filed as a joint action following a decertification ruling. But the procedural histories of these cases are not identical. Unlike the plaintiffs in *Adkins*, Plaintiff here was **dismissed** from *Haugen* before he filed this new lawsuit. This dismissal prevents application of the relation-back doctrine. *Newell*, 283 F.3d at 834. Thus, the *Illinois Bell* cases do not speak to whether this case relates back to *Haugen*.

### 6. <u>Plaintiff's argument about "severance" is irrelevant.</u>

Plaintiff also attempts to improperly rely on decisions that concern what happens after a case is severed. For instance, Plaintiff states, "following severance of claims pursuant to Rule 21, the statute of limitations is tolled to allow the severed plaintiff to refile an individual claim." (Resp. at 6). Plaintiff also cites a decision stating that courts are "duty bound" to prevent *misjoinder* from causing statute of limitations consequences, and notes that severed claims are not separate lawsuits, but rather stem from the same initial lawsuit. (*Id.* at 6-7). This is all irrelevant.

Severance case law is not relevant to the question of whether Plaintiff's claims relate back to *Haugen*, as Plaintiff was **dismissed**—not severed—from *Haugen*. Dismissed claimed are treated differently than severed claims. Indeed, in *Lee*, the Seventh Circuit explained that the dismissal of an action wipes away any accrued tolling, but when an action is severed, tolling is not wiped away; instead, "the clerk of court creates multiple docket numbers for the action already on file, and the severed claims proceed as if suits had been filed separately." *Lee*, 635 F.3d at 971. Thus, by the time Plaintiff filed this case, any tolling from *Haugen* had been wiped away as if that case had never been filed.

### C. MARIANO'S HAS NOT WAIVED ANY ARGUMENTS.

Plaintiff also argues that Mariano's somehow "waived" its dismissal arguments by moving to sever the other plaintiffs from this case before filing a Rule 12(b)(6) motion here. (Resp. at 11).

Plaintiff does not—and cannot—cite any authority for the proposition that a Rule 21 motion to sever would somehow waive a party's defenses. Instead, Plaintiff's entire waiver argument is based on the false premise that a ***motion*** constitutes a ***pleading***: "Here, Defendant's responsive pleading (the severance motion) as to the *Cunningham, et al.* complaint has come and gone…." (Resp. at 11). Of course, a severance motion is manifestly not a "pleading." *See* FED. R. CIV. P. 7(a) (distinguishing pleadings from motions, and identifying the seven categories of pleadings). Accordingly, Mariano's did not waive any defenses by moving to sever.[6]

### D. PLAINTIFF HAS NOT SATISFIED, AND COULD NOT POSSIBLY SATISFY, RULE 6.

Plaintiff argues that, as a matter of equity, cases should be decided on their merits, but cites several cases where the court had an ability to exercise discretion—*e.g.*, curing defects in venue under 28 U.S.C. § 1406 (*Wynant*); granting default judgment under Rule 55(b) (*Rural Trade*); granting dismissal for want of prosecution under Rule 41(b) (*Adams*). (Resp. at 14). Unlike those scenarios, however, fatal defects raised by a Rule 12(b)(6) motion are non-discretionary.

Plaintiff also argues that the Court, under Rule 6(b), can use its discretion to excuse a late filing. (Resp. at 14-15). Plaintiff, however, does not cite any authority suggesting that the Court can use Rule 6 to revert a ripened "with-prejudice" dismissal into a "without prejudice" dismissal. Nor has Plaintiff cited any authority holding that Rule 6 could somehow stop tolling from being wiped away here. In any event, Plaintiff has not satisfied, and could not possibly satisfy, Rule 6.

Under Rule 6(b), if the party seeking an extension of time satisfies three conditions, then the Court can—but is not required to—use its discretion to retroactively extend a deadline. Rule

---

[6] A party *cannot* waive an affirmative defense by failing to raise it in *any* pre-answer motion, even a motion to dismiss. Under Rule 12(h)(2)(C), Mariano's can present its res judicata and statute of limitations defenses as late as trial, because they are not matters that must be raised earlier under Rule 12(h)(1). Plaintiff should know this, as one of the plaintiffs in *Lee*—a case Plaintiff cites— made almost the same argument, and the Seventh Circuit rejected it outright. 635 F.3d at 973.

6(b)(1)(B) provides, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: … on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). Plaintiff's reliance on Rule 6 is misplaced because it was Plaintiff's burden to: (1) file a motion; (2) establish "good cause;" and (3) establish "excusable neglect"—none of which occurred. *Id.*; *McCann v. Cullinan*, 2015 WL 4254226, at *7 (N.D. Ill. July 14, 2015).

### 1.  Plaintiff needed to file a motion *before* filing this action.

If Plaintiff believes he can use Rule 6 to be excused from Judge Bucklo's October 4, 2021 deadline, Plaintiff should have moved in *Haugen* to obtain leave before ever filing this action. October 4th was Judge Bucklo's deadline, after all, and she was the one with knowledge of the history of the proceedings (which would factor into the discretionary aspect of Rule 6). Plaintiff, however, never moved for an extension of time before Judge Bucklo and, by now, it is far too late to do so—*Haugen* is terminated, and the time to appeal long expired.

### 2.  Plaintiff has not established "good cause."

Good cause simply means a justifiable reason for the delay. *Coleman v. Milwaukee Bd. of Sch. Directors*, 290 F.3d 932, 934 (7th Cir. 2002). Plaintiff has failed to establish "good cause," as he has never offered *any* explanation for missing the October 4th deadline.

### 3.  Plaintiff has not established "excusable neglect."

"The excusable-neglect standard is a strict one; few circumstances will ordinarily qualify." *Satkar Hosp., Inc. v. Fox Television Holdings*, 767 F.3d 701, 706 (7th Cir. 2014) (*e.g.*, lost mail or misrepresentations by judicial officers would qualify) (quotations omitted). Courts analyze the following factors when evaluating a claim for excusable neglect: the reason for delay; the danger

13

of prejudice to the non-movant; the length of the delay; and whether the movant acted in good faith. *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395 (1993).

These "factors are not weighted equally: the reason for the delay is the most important factor." *McCann*, 2015 WL 4254226, at *7. Plaintiff has never provided ***any*** explanation for the delay. A party's "failure to explain [the] oversight is fatal, for plain neglect is not 'excusable neglect' as Rule 6(b)(1)(B) requires." *Bowman v. Korte*, 962 F.3d 995, 998 (7th Cir. 2020) (trial court abused discretion by allowing late filing when the party offered no excuse).[7]

As to the "danger of prejudice" and length of delay factors, Plaintiff suggests that only a four-day delay is at issue, and nakedly asserts "no prejudice to a party is indicated." (Resp. at 14).[8] But it is not just a four-day delay—Plaintiff waited ***more than a year*** to ask the Court to excuse his late filing. That passage of time is, in itself, prejudicial.[9] But even if Mariano's would not suffer any harm from the delay, that would not mean Plaintiff has shown excusable neglect. "The word 'excusable' would be read out of the rule if inexcusable neglect were transmuted into excusable neglect by a mere absence of harm." *Satkar*, 767 F.3d at 707 (cleaned up).

---

[7] Plaintiff's failure to provide any explanation for the delay also prevents a court from determining whether Plaintiff acted in good faith.

[8] It is not Mariano's burden to "indicate" any prejudice—it is Plaintiff's burden to establish a *lack* of prejudice. Plaintiff has provided no support for his bare assertion Mariano's would not be prejudiced.

[9] During that time period, Mariano's settled with two plaintiffs in *Haugen*—a fact that this Plaintiff now cites to imply that *his* lawsuit has merit. (Resp. at 3). The knowledge that the decertified plaintiffs had missed their refiling deadlines provided Mariano's with some assurance those plaintiffs could not cite to the *Haugen* settlement as grounds for believing that their claims had any merit. Further, if there was any indication that the decertified plaintiffs' refiling deadlines could be retroactively excused, Mariano's might have exercised its appellate rights with respect to the "tolling" aspect of Judge Bucklo's order. By now, the time to appeal has long since passed.

### 4. **The Court should deny Plaintiff's retroactive extension request.**

The Court can use its discretion to excuse a late filing only if a party satisfies all three elements above. Because Plaintiff has not satisfied *any* of the three requirements of Rule 6(b)—much less all of them—the Court must reject Plaintiff's request to excuse his late filing.

Even if Plaintiff had satisfied all three criteria, the Court would be justified in exercising its discretion to *deny* Plaintiff's retroactive extension request. The Seventh Circuit has "emphasized … the social importance of limitations periods for suing." *Elmore*, 227 F.3d at 1013. "Such deadlines minimize legal uncertainty both about the outcome of eventual litigation and about the existence and scope of the potential defendant's liability." *Id.* Enforcing deadlines also strengthens the "district court's ability to mitigate the scourge of litigation delays…." *Raymond v. Ameritech Corp.*, 442 F.3d 600, 606–07 (7th Cir. 2006). It would not, as Plaintiff contends, be "inequitable" to hold Plaintiff to Judge Bucklo's deadline—the remedy for a missed deadline "is not continued litigation against defendants, who are entitled to stand on their right to dismissal when the plaintiff does not file a timely suit…." *Lee*, 635 F.3d at 973.

### III. CONCLUSION

For all of the reasons set forth above and in its Motion to Dismiss, Mariano's respectfully requests that the Court dismiss Plaintiff's action, with prejudice, under Rule 12(b)(6).

Dated:   November 3, 2022                    Respectfully submitted,

                                            **ROUNDY'S ILLINOIS, LLC d/b/a**
                                            **MARIANO'S, Defendant**

                                            By:  */s/* Christopher S. Griesmeyer
                                                      One of Its Attorneys

Christopher S. Griesmeyer (# 6269851)
Zachary Mulcrone (# 6300387)
GREIMAN, ROME & GRIESMEYER, LLC
205 West Randolph Street, Suite 2300
Chicago, Illinois 60606
(312) 428-2750
cgriesmeyer@grglegal.com
zmulcrone@grglegal.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on November 3, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court via the CM/ECF System which will send notification of such filing to those registered to receive electronic notices via email transmission at the email addresses provided by them, including counsel of record for plaintiffs:

John W. Billhorn
Samuel D. Engelson
BILLHORN LAW FIRM
53 W. Jackson Blvd., Suite 401
Chicago, Illinois  60604
jbillhorn@billhornlaw.com
sengelson@billhornlaw.com

_/s Christopher S. Griesmeyer_
Christopher S. Griesmeyer (# 6269851)
GREIMAN, ROME & GRIESMEYER, LLC
205 West Randolph Street, Suite 2300
Chicago, Illinois  60602
(312) 428-2750
cgriesmeyer@grglegal.com

*One of the Attorneys for Defendant,*
*Roundy's Illinois, LLC d/b/a Mariano's*